IFP

1  **LATIFA FOSTER**

**FILED**

2  **PO BOX 7326**

3  **SANTA CRUZ, CA 95060**

AUG 20 2021

4  **415-465-8483**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5  Zorrolawsuit@gmail.com

6  **Attorney for Pro Se Plaintiff**

**UNITED STATES DISTRICT COURT FOR THE**

7  **NORTHERN DISTRICT OF CALIFORNIA**

8  **SAN FRANCISCO DIVISION**

9  LATIFA FOSTER

**C 21-06504**

JCS

10  *Plaintiff*

**Case No.: C-**

11  vs.

**COMPLAINT FOR:  INJUNCTIVE RELIEF**

12  LUIS BALAGUER-*An Individual;* SOFIA

**(1) CONSPIRACY TO COMMIT COPYRIGHT**

13  VERGARA-*An Individual;* LATIN WORLD

**INFRINGEMENT (CIVIL)**(18 U.S. Code §371)

**(2) COPYRIGHT INFRINGEMENT**(17 U.S. Code § 501)

14  ENTERTAINMENT-*A Company;* BEN

**(3) WILLFULL INFRINGEMENT**(17 U.S. Code § 506)

15  SILVERMAN-*An Individual,* HOWARD

**(4) BREACH OF CONTRACT**

**(5) BREACH OF CONFIDENCE**

16  OWENS-*An Individual;* PROPAGATE

**(6) FRAUD** (18 U.S. Code § 1341)

CONTENT- *A Company;* ALFREDO BARRIOS

**(7) THEFT BY DECEPTION**

17  Jr- *An Individual;* TELEMUNDO LLC-*A*

**(8) THEFT BY CONVERSION**

**(9) RACKETEERING(CIVIL)**(18 U.S. Code §1961)

18  *Company;* COMCAST Inc.-*A Company;*

**(10) DECEPTIVE BUSINESS TACTICS**

19  NBCUNIVERSAL MEDIA LLC- *A Company;*

**(11) UNFAIR COMPETITION** (15 U.S. Code § 45)

**(12) LOSS OF OPPORTUNITY**

20  VIACOMCBS Inc.-*A Company* NATIONAL

AMUSEMENTS INC.- *A Company;* ANA

**PUNITIVE DAMAGES AND SANCTIONS**

21  SALAS SIEGEL-*An Individual;* KIMBERELY

22  HARRIS (2852184)-*An Individual;* TANIA

**JURY TRIAL DEMANDED**

23  HOFF (227281)-*An Individual;* CHRISTA

**DAMAGES:**

D'ALIMONTE (2597995)-*An Individual;*

**$350,000,000.00**

24  LAURA FRANCO-(2210698)-*An Individual;*

25  MICHAEL VARGAS (319476)-*An Individual;*

26  and DOES 1-25

*Defendants*

27

28

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFULL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

# TABLE OF CONTENTS

I.  PARTIES ....................................................................................................;.3

     a.   Plaintiff.................................................................................3

     b.   Defendant(s) ..........................................................................4

     c.   DOES ...................................................................................6

II.   INTRODUCTION ...................................................................................8

III.  JURISDICTION AND VENUE..............................................................21

IV.  INTRADISTRICT ASSIGNMENT........................................................21

V.  STATEMENT OF FACT/BACKGROUND...........................................25

     a.   HISTORY OF ZORRO (Circa 1919) .........................25

     b.   HISTORY OF ZORRO/VIXEN (Circa 2018) .................26

VI.  CASE BACKGROUND.........................................................................27

VII. FACTUAL ALLEGATIONS..................................................................33

VIII. CLAIM I- CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT............................58

IX.  CLAIM II-COPYRIGHT INFRINGRMENT ........................................68

X.   CLAIM III-WILLFUL INFRINGEMENT.............................................72

XI.  CLAIM IV- BREACH OF CONTRACT.................................................77

XII.  CLAIM V- BREACH OF CONFIDENCE..............................................85

XIII. CLAIM VI-FRAUD ..............................................................................89

XIV. CLAIM VII-THEFT BY DECEPTION...................................................97

XV.  CLAIM VIII-THEFT BY CONVERSION ..................………........100

XVI. CLAIM IX- RACKETEERING..............................................................105

XVII. CLAIM X- DECEPTIVE BUSINESS PRACTICES...............................112

XVIII. CLAIM XI-UNFAIR COMPETITION....................................................122

XIX. CLAIM XII-LOSS OF OPPORTUNITY.................................................127

XX. CASE SUMMARY.................................................................................131

XXI. PRAYER FOR RELIEF.........................................................................133

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

XXII.  EXHIBITS...................................................\.......................................................136

XXIII. TERMINOLOGY...............................................................................................139

XXIV. REFERENCES:................................................................... ....................141

# I

## PARTIES:

**A.    PLAINTIFF: LATIFA FOSTER**

| | |
|---|---|
| Job or Title | SCREENWRITER/CEO CP Inc. |
| Street address | PO BOX 7236 |
| City and County | Santa Cruz, Santa Cruz |
| State and Zip Code | CA, 95060 |
| Telephone Number | 415-492-7100 |

1.    The Plaintiff Latifa Foster is a Music and Film Industry Professional (**Exhibit #17**), who over the last 20 years in the Entertainment Industry has the Created 40 Original Series, Feature Films, Documentaries and Animated Series in addition to the "Zorro/Vixen" Stories and Original series. In addition, the Plaintiff is the holder of multiple Certificates from the U.S. Copyright Office (**Exhibit #20**) that have been registered with the Library of Congress and the Writers Guild of America, including the Copyright for Zorro/Vixen-The Original Series (**Exhibit #1**)

**B.    DEFENDANT(S)**

**DEFENDANT No. 1:   LUIS BALAGUER/LATIN WORLD ENTERTAINMENT**

| | |
|---|---|
| Job or Title | Individual/Co-Owner/Media Corporation |
| | C/o Lavely and Singer and Martin Singer (Attorney of Record) |
| Street address | 2049 Century Park East, Suite 24004 |
| City and County | Beverly Hills, Los Angeles |
| State and Zip Code | California, 90067 |
| Telephone Number | 310-556-3501 |

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

**DEFENDNANT No.2**    **SOFIA VERGARA /LATIN WORLD ENTERTAINMENT**

| | |
|---|---|
| Job or Title | Co-Owner/TV Host-Fremantle Media (Employer/Agent of Service) |
| Street address | 2900 W Alameda Ave Ste 800 |
| U.S. City and County | Burbank, LOS ANGELES |
| State and Zip Code | California, 91505 |
| Telephone Number | (818) 748-1100 |

**DEFENDANT No. 3:**    **PROPAGATE Content, BEN SILVERMAN, HOWARD OWENS**

| | |
|---|---|
| Job or Title | PRODUCTION COMPANY C/O VIACOMCBS Legal Affairs |
| Street Address | 4024 Radford Ave. |
| City and County | Studio City, LOS ANGELES |
| State and Zip Code | California, 91602 |
| Telephone Number | 818-655-5000 |

**DEFENDANT No. 4:**    **TELEMUNDO, NBCUNIVERSAL LLP, COMCAST CORP**

| | |
|---|---|
| Job or Title | MEDIA CORPORATION |
| Street Address | 100 Universal Plaza |
| City and County | Universal City, LOS ANGELES |
| State and Zip Code | California, 91602 |
| Telephone Number | 818-777-1000 |

**DEFENDANT No. 5:**    **VIACOMCBS**

| | |
|---|---|
| Job or Title | MEDIA CORPORATION |
| Street Address | 4024 Radford Ave |
| City and County | Studio City, LOS ANGELES |
| State and Zip Code | California, 91604 |
| Telephone Number | 818-655-1631 |

**DEFENDANT No. 5:**    **NATIONAL AMUSEMENTS, SHARI REDSTONE**

| | |
|---|---|
| Job or Title | MEDIA CORPORATION |
| Street Address | 57A Robinwood Avenue |
| City and County | Jamaica Plain, SUFFOLK County |
| State and Zip Code | MA, 01232 |
| Telephone Number | 617-522-6888 |

**DEFENDANT No. 6:**    ANA SALAS SIEGEL

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

| | | |
|---|---|---|
| 1 | Job or Title | General Counsel |
| 2 | Street Address | 2350 NW 117th Pl |
| 3 | City and County | Miami, MIAMI DADE |
| 4 | State and Zip Code | FL 33182-1518 |
| 5 | Telephone Number | 786-585-7117 |
| | **DEFENDANT No. 7:** | **KIMBERLEY HARRIS** |
| 6 | Job or Title | General Counsel |
| 7 | Street Address | 30 Rockefeller Plaza |
| 8 | City and County | NY, NEW YORK |
| 9 | State and Zip Code | NY 10019 |
| 10 | Telephone Number | 212-644-4444 |
| 11 | **DEFENDANT No. 8:** | **TANIA HOFF** |
| 12 | Job or Title | SVP Film and TV Litigation/NBCUniversal |
| 13 | Street Address | 100 Universal Plaza |
| 14 | City and County | Universal City, LOS ANGELES |
| 15 | State and Zip Code | California, 91602 |
| 16 | Telephone Number | 818-777-2691 |
| | **DEFENDANT No. 9:** | **CHRISTA D'ALIMONTE** |
| 17 | Job or Title | General Counsel/VIACOMCBS |
| 18 | Street Address | 51 West 52nd Street |
| 19 | City and County | New York, NEW YORK |
| 20 | State and Zip Code | New York, 10019 |
| 21 | Telephone Number: | (212) 846-5933 |
| 22 | **DEFENDANT No. 10:** | **LAURA FRANCO** |
| 23 | Job or Title | General Counsel/BUMBLE INC |
| 24 | Street Address | 1105 W 41st St, |
| 25 | City and County | Austin, TRAVIS County |
| 26 | State and Zip Code | TX 78756 |
| 27 | Telephone Number | (512) 696-1409 |
| | **DEFENDANT No. 11:** | **MICHAEL VARGAS** |
| 28 | Job or Title | Assistant General Counsel/VIACOMCBS |

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

| | |
|---|---|
| Street Address | 4024 Radford Ave. |
| City and County | Studio City, LOS ANGELES |
| State and Zip Code | CA, 91602 |
| Telephone Number | 818-655-5000 |

**DEFENDANT No. 12:** ALFREDO BARRIOS JR.

| | |
|---|---|
| Job or Title | WRITER |
| Street Address | 3815 Hughes Ave |
| City and County | Culver City, LOS ANGELES |
| State and Zip Code | CA, 90232 |
| Telephone Number | (310) 841 4344 |

**DEFENDANT No. 13:  DOES 1-25**

2.      On information and belief, the Plaintiff alleges that at all times relevant to this matter, each of the Defendant(s) listed above, is and was a co-conspirator, accomplice, agent, contributor, employee, and representative of every other defendant and; acted within the course and scope of their service, employment, relationship and representation and; that each of Defendant(s) conduct does connect each of the Defendants to each other *"jointly"* and; does make them *severally* responsible and liable to the Plaintiff for the damages alleged hereunder.

3.      Defendant(s) Luis Balaguer, Sofia Vergara (known herein as "LWE") and Ben Silverman and Howard Owens (known herein as "PROPAGATE") and; their Accomplices and Co-Conspirators NBCUNI Et al., TELEMUNDO Et al., and VIACOMCBS Et al., constructed, initiated, coordinated, contributed to and implemented all of the actions listed herein.

a.      All of the Defendant(s) listed herein this complaint, are Legal and Entertainment Industry professionals (1) who are in the top tier of their peers and profession; (2) who command Salaries in excess of hundreds of thousands of dollars annually and; (3) who have at all times relevant to this matter, fully cognizant that their actions would cause *injury*, *irreparable harm* and *damage* to the Plaintiff and her properties and; willfully chose to disregard the Rights of the Plaintiff and; the Laws of the United States of America.

b.      Defendant(s) NBCUNI Et al., LWE Et al., PROPAGATE Et al., and VIACOMCBS Et al., acts can be corroborated by statements, which had been (1) provided to;

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

(2) recorded by and; (3) published in the U.S. and International Media by the Defendant(s) themselves in November 2019.

4.      Defendant(s) Latin World Entertainment Et al., Propagate Content Et al., and NBCUNI Et al., and VIACOMCBS who as Contributory Infringers wholeheartedly exercised a willingness to participate as "equal partners" in the **Theft and Infringement** of the Plaintiff's properties and; in the **manufacturing** of a "Competitor product" which was wholly derived from the Plaintiff's Properties and created to (1) "Unfairly Compete" with the Plaintiff and; (2) provide the Defendant(s) a "Commercial Advantage and Private Financial Gain" with no consideration whatsoever and; with a complete disregard for the rights of the Plaintiff.

a.      Defendant(s) NBCUNI Et al., LWE Et al., and PROPAGATE Et al., did with specific intent **conspired,** calculated, and strategized exactly how, when and where to "Rob" the Plaintiff of her "Properties" by orchestrating their acts of Larceny with co-conspirators and contributory Infringers VIACOMCBS and; then devised their plans on how to **divvy up** and **distribute** amongst themselves and each other their "ill-gotten gains" that the Defendants received and; expected to receive from the Willful **Infringement, Willful Misappropriation and Financial Exploitation** of the Plaintiff's Copyright materials.

b.      Defendant(s) VIACOMCBS who as Contributory Infringers willfully and willingly continued the infringement of the Plaintiff's Properties by Aiding, Abetting, financially supporting and Legally shielding their co-conspirators Defendant(s) LWE, PROPAGATE and NBCUNI Et al., from the Plaintiff and the Public. As such, the Defendant(s) conduct does establish that the Defendant(s) are essentially agents and co-conspirators to each other and one another.

c.      Defendant(s) NBCUNI Et al., LWE Et al., PROPAGATE Et al., and VIACOMCBS Et al., who through complicit osmosis *(collectively)* functioned as unit of larcenous "Gang Members" conducting themselves in such a fashion that any **singularity** or individuality between any of the Defendant(s) Et al., is no longer discernable, *ceased* to exist, was summarily sacrificed and executed at the "precise" moment that each of the Defendant(s) named herein consented with themselves and each other to participate in their conspiracy to Willfully **Infringe on** and **Defraud** the Plaintiff of her Original (Novel) "Zorro/Vixen" properties.

5.      Defendant(s) COMCAST and NBCUNI's decision to place themselves "on

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

record" as the Principal **Financiers** and **Distributor** of the "Zorro" TV Projects, did so knowing that, in this position NBCUNI would be allowed to *exercise* and *maintain* its **"dominion"** over the "Zorro" Properties and; co-conspirators LWE, PROPAGATE and VIACOMCBS.

      a.    As the Chief Financiers, Defendant(s) NBCUNI, TELEMUNDO and VIACOMCBS who as *Contributory Infringers* "Parented" the actual and ideal environment necessary for its "Children" LWE and PROPAGATE to continue the "infringement" of the Plaintiff's properties. TELEMUNDO "took possession" and *harbored* the Plaintiff's properties and NBCUNI provided LWE and PROPAGATE with *"unauthorized access"* to the Plaintiff's **finished** Zorro Properties to "aid' their conspirators in assimilating the Plaintiff "Zorro" Script Content and materials for LWE/PROPAGATE use in the infringement and manufacturing of a "Bootleg" version of the Plaintiff's Copyright Zorro/Vixen" properties.

      b.    All of the Claims for relief listed herein were (1) orchestrated, (2) implemented and; (3) committed by Defendant(s) LWE Et al., and PROPAGATE Et al., and; (1) committed by; (2)financially supported; (3) condoned; (4) aided by the General Counsels, Executives, Officers and Directors of Defendant(s) NBCUNI Et al., and VIACOMCBS Et al., who operated as Contributory Infringers functioning in their Official Capacities, during the scope of their employment and; all of the Defendant(s) acts were (1) made on behalf of; (2) authorized by; (3) ratified; (4) approved; (5)invoked; (6) engaged in and; (7) coordinated solely for the benefit of all of the Defendant(s) named herein.

## II
## INTRODUCTION

      6.    This Civil action for **Conspiracy to Commit Copyright Infringement, Copyright Infringement, Willful Infringement, Breach of Contract, Breach of Confidence, Fraud, Theft by Deception, Theft by Conversion, Unfair Competition, Racketeering, Deceptive Business Practices, Loss of Opportunity, Punitive Damages and Sanctions** arises out of Actions committed by Defendant(s): SOFIA VERGARA, LUIS BALAGUER, **LATIN WORLD ENTERTAINMENT**(hereafter referred to as **LWE** Et al.), BEN SILVERMAN, HOWARD OWENS, **PROPAGATE CONTENT** (hereafter referred to as **PROPAGATE** Et

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

al.), **NBCUNIVERSAL LLC**, TELEMUNDO, COMCAST CORPORATION, ANA SALAS SIEGEL, KIMBERELEY HARRIS, TANIA HOFF (hereafter referred to as **NBCUNI** Et al.) VIACOMCBS, NATIONAL AMUSEMENTS, CHRISTA D'ALIMONTE, LAURA FRANCO MICHEAL VARGAS, hereafter referred to as **VIACOMCBS** Et al., ALFREDO BARRIOS Jr. and DOES 1-25(collectively)

**7.**     Beginning in November 2019 and; continuing on until the Date of this complaint each of the Defendant(s) named herein and; their Attorneys of Record and Representation **have been** provided *ample* opportunities over the last 21 Months (November 2019-August 2021) to communicate directly with the Plaintiff in order to avoid litigation **(Exhibit #3-3b, A5).**

a.     Beginning in November 2019 and; continuing on until the Date of this complaint, each of the Defendant(s) named herein and; their Attorneys of Record and; Representation have summarily rejected all of the opportunities the Plaintiff had provided to reconcile this matter and; have refused to acknowledge or respond to the Plaintiff's Notice(s) of Intent, Cease and Desist documents, Emails, and Phone calls.

b.     Furthermore, all of the Defendant(s) named herein have continued to work "in concert" to deceive and deflect the Plaintiff, interfered with the **Service of Process**, the identification and notification of all parties named herein this complaint and; the Plaintiff's ability to file her complaint within the Statutes of Limitations and; as a result, the Plaintiff brings now this Action against all of the Defendants named herein for the Claims of Relief as stated above.

c.     All the Defendant(s) listed herein this complaint are Legal and Entertainment Industry Professionals, in the top tier of their peers and industries, who command Salaries in excess of Hundreds of thousands of dollars annually and; are individuals who are deceitful, calculating and cunning and; who would now attempt to convince this Court that they were somehow unaware that their "joint" acts would cause injury *and* irreparable damage to the Plaintiff and her "Zorro/Vixen" Properties. Properties that all the Defendant(s) listed herein had at all times relevant to this matter, been completely aware, had prior knowledge and were cognizant were solely "Created by" and "Owned" by the Plaintiff and; that as *"Creator"* of the "Zorro/Vixen" Original Stories and Properties, the Plaintiff had "exclusive rights"; as granted upon creation and quantified by a *valid* U.S. Copyright Office registration number issued by the United States Copyright office **(Exhibit #1).**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8.      The **(2)** properties in Controversy are "Television Series" known herein as "ZORRO/VIXEN"(Nouveau)-The Original Series'(Circa/Copyright 2018) are (1) completely Novel, Unique, Original Proprietary products which are wholly comprised of and; drafted solely from original thoughts, stemming from the Mind of the Plaintiff: **LATIFA FOSTER** and; (2) are legally Copyright Adaptations of the "Zorro" Legend (Circa 1919) which for the first time, features both a Male and **Female** Protagonist(s) who are in fact Blood Relative-Cousins **(Exhibit # 1 & 21).**

a.      The Plaintiff's *Novel* modernization (alternative timeline) Nouveau (Novel) Characters, Scripts, Concepts, Premises, and gender swap (Feminine) of the "Zorro" Character created the **First ever** "Male and Female" Latino Superhero's and; **the First Ever Bilingual (English and Spanish) Television Series in the History of Television.**

b.      The "Zorro/Vixen" properties are in fact **Part** and **Parcel** to each other and; essentially (2) Sides of the Same Coin; with the *differential* being Gender.

9.      On information and belief, the Plaintiff alleges that beginning in August 2018, at all times relevant to this matter and; continuing on until the date of this Complaint. Defendant(s) LWE Et al., NBCUNI Et al., and PROPAGATE Et al., conspired and constructed a "Clandestine" agreement between themselves, each other, and their counterparts at VIACOM to **Deceive, Infringe, Pilfer, Purloin** and **Defraud** the Plaintiff of her "Zorro/Vixen" Properties for *"commercial advantage and private financial gain".*

a.      Defendants NBCUNI, TELEMUNDO, LWE, PROPAGATE and VIACOMCBS' Illicit "Deal" (agreement) and conspiracy between each other, themselves and; all of the defendants named herein was that NBCUNI, would provide VIACOMCBS, PROPAGATE and; subsequently LWE Millions of Dollars (USD) to manufacture their "Competitor" product which is and was wholly derived from the Plaintiff's Infringed properties and;

b.      PROPAGATE(and LWE) would surrender ownership of the "Zorro Project(s) to NBCUNI and VIACOMCBS and; NBCUNI and VIACOMCBS would provide PROPAGATE and LWE Millions of Dollars and Legally Shield PROPAGATE and LWE from the Plaintiff.

c.      NBCUNI was confident that the Plaintiff would sue for **Conspiracy to Commit Copyright Infringement** Et al. NBCUNI and VIACOMCBS were confident that by

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the time the case would get court, NBCUNI and COMCAST would have been able to employ their **vast** financial resources to manufacture and broadcast the Defendant(s) "bootleg" "Zorro" product. Allowing NBCUNI and VIACOMCBS who as Contributory Infringers to benefit financially from generating and reaping in millions of Dollars in Advertising Revenue from Distribution and Aftermarket (International and Syndication) sales of the Plaintiff's infringed properties prior to the Lawsuit and; prior to the Plaintiff finishing any Production on her Series (JRE v LWE and UNIVISION 2016).

     10.    First contact between the Plaintiff and Defendant(s) LWE did occur in August of 2018, shortly thereafter, the Plaintiff executed a **Non-Disclosure, Non-Competition Agreement and Letter of Intent** with **LWE** granting Defendant(s) **"LWE"** Et al., access to the Plaintiff's proprietary "Zorro/Vixen" Content to assist with casting LWE's Et al., own Client: **Cristian De la Fuentes** (known herein as CDF) in the Lead role of "Alejandro De la Vega" in the Plaintiff's "Zorro" Original Series.

     11.    Beginning in August 2018, and; for more than (1) year Prior to the NBCUNI, PROPAGATE and VIACOMCBS Press Release Statement regarding the "Z" Female Zorro Series (November 2019) and; continuing on until the date of this complaint. Defendant(s) **LWE** have been in **"Possession"** of and; have had **"unfettered"** access to the Plaintiff's copyright and proprietary items in Controversy: (1) The "Zorro/Vixen" Treatment **(Exhibit #2).**

     12.    Defendant(s) Vergara and Balaguer, used their positions as the Business Representatives for CDF to **deceive** the Plaintiff into granting LWE exclusive access to the Plaintiff "Zorro/Vixen" Properties by deceiving the Plaintiff into believing that Defendant(s) Vergara, Balaguer and the Plaintiff were engaged a "legitimate business arrangement" to cast **Cristian De la Fuentes** as "Zorro" (the Lead) in the Plaintiff's "Zorro"-The Original Series Television Show. A deceptive act **solely and** deliberately **intended** for Defendants LWE Et al., to **"gain access"** to the Plaintiff "Zorro/Vixen" properties.

     13.    Beginning in August 2018 and; at all times relevant to this matter Defendant(s) Luis Balaguer and Sofia Vergara had knowledge; had been completely cognizant and; were aware that the Plaintiff's "Zorro/Vixen" Project had been in production stages for approximately 18 Months prior to the LWE Submission date and; the Plaintiff was actively seeking Network distribution of the "Zorro" Television Series' Properties(Project) with the Latin Language Networks: Telemundo/NBCUniversal and UNIVISION and; that that with CDF

attached as the Lead in the Plaintiff's "Zorro/Vixen" Project. The Project would now be fully

Cast and prepared to go into *Principal Photography* within 8-10 Weeks from Greenlight

(Funded) and;

      a.    Had 100% of the Talent Attached

      b.    Entire Season One completely scripted (12 Episodes)

      c.    Production Team and Crew Attached

      d.    Post and Editing attached

      e.    Product Integration and product placement in play

    14.    The Plaintiff, her Production Partners, Talent, and Crew had worked diligently

for a period of almost (5) years to ensure that the "Zorro/Vixen" project Storyline, Timeline,

sequence, and proprietary materials of were **kept** *secret!*

      a.    The Plaintiff was able to accomplish this feat, by **requiring** *any* and *all*

parties, *including* Defendant(s) LATIN WORLD ENTERTAINMENT Et al., to sign and adhere

to the terms of the Non-Disclosure/Non-Competition and Letter of Intent Agreement. In which

the Plaintiff's required any and all parties seeking **"access"** to the "Zorro" Scripts be either a (1)

Cast member; (2) Executive Producer; (3) Financier; (4) Crewmember and/or work with the

Plaintiff(Production) in some capacity directly relating to the actual production of the Plaintiff's

"Zorro" Project (i.e. Business Manager, Agent or Personal Representative,) and; that any party

would have to sign the document in order to be *"granted"* or to *"gain access"* to the Plaintiff's

properties and content.

      b.    *ALL* PRESS and MEDIA announcements of the Production aspects and

story elements of both the "Zorro" and "Vixen" Projects had been purposely and strategically

withheld as part of the Plaintiff's strategic marketing and promotional campaigns and to **ensure**

that "ZORRO" and the *"Zorro-spin-off series"* "VIXEN"-The Original Series' properties would

maintain their *Mystique* and; to ensure **no infringement, no plagiarism,** and **no Problems.**

As part of Defendant(s) LWE "Contract" with the Plaintiff (**Exhibits #2-2a**). LWE had

**required** the Plaintiff to divulge *pertinent and protected details* of the connected projects to

LWE as part of "Viability Qualifications" for casting "CDF" in the Plaintiff's Television

Production of "Zorro-The Original series".

      c.    The Plaintiff did in fact grant LWE Et al., access to the *pertinent*

*proprietary details* regarding the "Zorro/Vixen "Properties and; the Plaintiff's *Financing and*

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

*Network Acquisition and Distribution strategies* in "Good Faith", through the proper procedure and; under the *bilateral expectation* that the Defendant(s) LWE Et al., would use the Plaintiff's proprietary materials and pertinent information *Strictly* and *Solely* to fulfill the terms of LWE's "Contract" with the Plaintiff **to cast** CDF and; under the *bilateral expectation* that LWE would hold the Plaintiff's proprietary content, details and information *" In the Strictest of confidences"*.

15.    In September 2018, shortly after the Plaintiff and Defendants LWE began negotiations for CDF, Defendants LWE did receive "access" to the Plaintiff's proprietary materials. Defendant(s) LWE then enlisted and inserted Tina Contogenis of ERIS Agency into the *scheme* as the "New" West Coast Representative for CDF and; the individual who would finalize "the deal" after the Plaintiff confronted LWE about the delay in processing and finishing Mr. De la Fuentes' Contract.

a.    Beginning August of 2018 and; continuing on until October 2018 ERIS' involvement was a "smoke screen" for LWE and PROPAGATE. Both LWE and PROPAGATE working "in concert" with ERIS to deliberately sabotage the casting of Mr. De la Fuentes in the Plaintiff's "Zorro/Vixen" The Original Series. Acts which were orchestrated as (1) a part of LWE's stratagem of infringement and; (2) were implemented to prevent the Plaintiff from going into production on the "Zorro" series in 2018 and; (3) designed to provide Defendant(s) LWE and PROPAGATE the time required to enlist Accomplices and co-conspirators NBCUNI, VIACOMCBS and Alfredo Barrios Jr.

16.    The Plaintiff alleges that beginning in August of 2018, Defendant(s) **LWE** Et al., (Sofia Vergara and Luis Balaguer) provided their co-conspirators Defendant(s) Ben Silverman and Howard Owens (PROPAGATE) "unauthorized *access"* to the Plaintiff's proprietary "Zorro/Vixen" content and;

a.    Defendant(s) Ben Silverman and Howard Owens (PROPAGATE) continued the Infringement and blurred the trail of infringement by "falsely designating the origin" of the Plaintiff's "Zorro/Vixen" Properties to PROPAGATE. LWE would then disseminate the "False narrative" that the Female Zorro Content was created by Defendant Vergara.

b.    PROPAGATE continues the Infringement by "Trafficking" the Plaintiff's

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"Stolen" properties to NBCUNI for Millions of Dollars, under the mendacious pretenses that the "Zorro" properties were an LWE and PROPAGATE Product(s).

17. Beginning In November 2019 and; continuing on until December 2020, Defendant(s) Sofia Vergara (LWE) and Ben Silverman (PROPAGATE) have repetitively and continuously disseminated their "false narrative" on the "Origins" of the "Zorro" project by making statements to the U.S. and International Media that LWE and PROPAGATE are in "Possession of" and; are the "Creators of" the "Zorro/Vixen Original Series (**Exhibit #5a**).

18. Defendant(s) Vergara and Silverman already familiar with NBCUNI submission process were more than confident they would be able to utilize and capitalize on their positions and relationships within NBCUNI and; enlisted NBCUNI and subsequently TELEMUNDO as accomplices to "aid and abet" LWE and PROPAGATE's agenda by monitoring NBCUNI/ TELEMUNDO Networks Submissions. TELEMUNDO would then continue the Infringement by Conspiring with NBCUNI Et al., to "Steal" the Plaintiff's "Properties" and provide LWE and PROPAGATE "unauthorized access" to the Plaintiff's *finished* "Zorro/Vixen" properties to "aid" LWE and PROPAGATE fast-track their Scripts once the Plaintiff's Show Bible (Scripts, Character Breakdown, Budgets) came down the pipeline.

19. At all times relevant, all of the Defendants named herein had knowledge that at the same time that the Plaintiff had submitted her "Zorro/Vixen" properties to LWE Et al., in 2018 and; at the same time that the Plaintiff had submitted her "Zorro/Vixen" properties to TELEMUNDO/NBCUNI/COMCAST in 2019. The Plaintiff's "Zorro/Vixen" properties were currently "In Consideration" with other Film Studios and; "Competitor" Networks for Acquisitions and Distribution on the Collective Series'.

20. First contact between the Plaintiff and Defendants: TELEMUNDO Networks occurred in May 2019 and; was properly vetted through the office of Ana Salas Siegal (General Counsel-Telemundo Networks).

21. For more than One (1) Year and (8) Months as of the date of this complaint and; at all times relevant to this matter Defendant(s) Telemundo, NBCUNI Networks and DOES 1-25 have been in **"Possession"** of and; have had **"unfettered"** access to: The Plaintiff's Copyright Proprietary Content **(1)** The "ZORRO"-The Original Series Storybook and; **(2)** VIXEN"- The Original Series Storybook, Show Bible and Pertinent Materials which had been submitted; through the proper procedure in "Good Faith" to Defendant(s) via the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

TELEMUNDO Networks Legal Affairs and Submissions Departments in Late August/Early September 2019 (**Exhibit #6 and #7**).

      a.    The Plaintiff alleges that beginning in September 2019; culminating in May 2019; during all times relevant to this matter and; continuing on until the date of this Complaint. **TELEMUNDO Networks** Modus Operandi and **"true"** intent in relation to the Plaintiff and Her "Zorro/Vixen" *Properties* had been **Conspiracy to Commit Copyright Infringement** of the Plaintiff's "Zorro/Vixen" Properties through a calculated acts of **"Theft by Deception** and **"Theft by Conversion"**

      b.    TELEMUNDO willfully and willingly "aided and abetted" their co-conspirators NBCUNI Networks, LWE and PROPAGATE *larceny* and *malfeasance* by "employing" the Telemundo Networks submission Process and documents intentionally to: (1) obtain and **deliver** the Plaintiff's **Finished** "Zorro/Vixen" properties to co-conspirators NBCUNI, PROPAGATE and LWE and; (2) to "Cover up" for NBCUNI, LWE and PROPAGATE's act of **Conspiracy to Commit Copyright Infringement Et al**.

    22.    Defendants TELEMUNDO and NBCUNI intended on accomplishing their goal to "Rob" the Plaintiff by *"Feigning interest"* in establishing a legitimate "Distribution Deal" with the Plaintiff solely to "aid" and "abet" NBCUNI, LWE and PROPAGATE's stratagem for obtaining *"unadulterated access"* to the Plaintiff's *finished* "Zorro" Properties and; Pertinent storyline Elements (Scripts, Characters, Show bible). Elements which were integral to Defendants LWE, PROPAGATE and Alfredo Barrios Jr.'s development and fabrication of Defendant's bootleg "Zorro" scripts.

      a.    In October 2019, Defendants TELEMUNDO and NBCUNI became aware; were informed and; had knowledge that the Plaintiff had cast Rafael Amaya as the Lead in the Plaintiff's "Zorro"-The Original Series.

    23.    Telemundo and NBCUNI had knowledge with the attachment of the Final Element: Rafael Amaya and; based on Rafael Amaya's contract terms, Telemundo would not be able to prevent Rafael Amaya from starring in the Plaintiff's Series with a Competitor Network and;

      a.    That based on the Level of Production that the Plaintiff was at in October 2018 and 2019 the Plaintiff would now be able to (1) Finalize Financing;(2) Secure a Distributor Network and; (3) Enter into Production on the "Zorro Series" virtually immediately

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

with **or without** TELEMUNDO Networks involvement.

24.     This was the precise moment that the Plaintiff became a Viable Threat and an Enemy to NBCUNI, LWE and PROPAGATE, who now completely aware of the Plaintiff's progress were moved to act quickly on their conspiracy and agenda to Neutralize the Plaintiff and **Defraud** her of her "Zorro/Vixen" Series Properties and Production.

a.     NBCUNI, LWE and PROPAGATE planned on "Profiteering" *collectively* from their "joint" acts of Copyright Infringement Et al., with VIACOMCBS operating as Contributory Infringers by "aiding and abetting" co-conspirators NBCUNI, LWE and PROPAGATE acts of "Infringement" and Misappropriation of the Plaintiff properties.

b.     PROPAGATE and LWE would relinquish control of the Plaintiff's infringed **Properties to** NBCUNI for Millions of Dollars and a "Legal Shield" from the Plaintiff, with VIACOMCBS covering up for NBCUNI, LWE and PROPAGATE and; NBCUNI would **own** the collective "Zorro" Properties.

c.     NBCUNI knew that the Network would have complete control over the Properties by placing themselves on Record as the Financiers and "Producers" of the "Female Zorro" Project. NBCUNI and VIACOMCBS fully intended to deceive and deflect the Plaintiff, the Entertainment Industry and the Media by disseminating the Defendant(s) Et al., "Lie" about the Origins and Ownership of the "Zorro" Stories, Content and Properties.

25.     On or About November 5, 2019, NBCUNI et al., PROPAGATE Et al., and VIACOMCBS Et al., *willfully* and *maliciously* published their "Official joint" press release in which NBCUNI Et al., propagated and disseminated their "false narrative" regarding the Origins, Ownership and; production aspects of the "Zorro" Project by bragging about their acts of Defrauding the Plaintiff of her "Zorro/Vixen" properties to the U.S. and International Media. NBCUNI stating for the record that NBCUNI and VIACOMCBS *together* as "Partners" were *financing* the manufacturing of VIACOMCBS, PROPAGATE and LWE's "Competitor" "Female Zorro" TV Product.

a.     A Product which was and; is "Tantamount to" and a virtual "carbon copy" of the Plaintiff's "Stolen" Vixen property and; **were attempting to "pass it off"** **(Tort/U.S. 15 U.S. Code § 1125)** as their own Female Zorro Series Television Product by renaming and repackaging the Plaintiffs Female Zorro Property as "Z-The Series".

26.     The Plaintiff contacted Defendant(s) Kimberley Harris (General Counsel

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

NBCUNI) and Tania Hoff (SVP Litigation Film and TV-NBCUNI) via email and telephone in late 2019, immediately following NBCUNI Et al., "Joint" Press Release statement declaring NBCUNI's intent to Infringe, Misappropriate and Manufacture the "Competitor" Zorro Series.

a.     The Plaintiff then informed Defendant(s) NBCUNI and TELEMUNDO of the existence of a Recording of a Telephone conversation between the Plaintiff and Telemundo Networks Legal Affairs that occurred in October 2019 and; included evidence that would impeach and obliterate NBCUNI's, PROPAGATE and VIACOMCBS' Et Al., "false narrative" regarding the "Origins" and "Ownership" of the "Zorro/Vixen" Original Series Project(s). **(Exhibit #A1)**.

b.     The Plaintiff informed defendants NBCUNI Et al., that the Recording could establish for the court that TELEMUNDO Networks had contacted the Plaintiff (via telephone) in October 2019, approximately (4) Weeks **prior** to Defendant(s) NBCUNI, VIACOMCBS Et al., PROPAGATE Et al., publishing their "joint" Press Release statement (November 2019) and; informed the Plaintiff that, TELEMUNDO Development Departments had found "Both" of the Plaintiff's "Zorro" Properties intriguing and; that at this Point in the Acquisition process, TELEMUNDO Development Departments *intended* on granting NBCUNI *access* to the Plaintiff's "Zorro/Vixen"-The Original Series properties. The goal and purpose being for NBCUNI to review the Plaintiff's properties and; to "Partner" with TELEMUNDO in the Acquisition, Production and Distribution of the *English* Version of the Collective "Zorro and Vixen"-Television Series' on NBC and NBC Affiliated Networks.

27.     The immediately *apparent and discernible "Value"* of the Plaintiff's original and Proprietary content is; the Plaintiff's (novel) evolution (Post-1848 A.D.) of the "Zorro" legacy is a foray from the traditionally (antiquated) and consistently adapted "Zorro" materials and storyline. The Novel and Unique modernization makes the Plaintiff's properties and products exceptionally valuable, coveted and sought-after **(Exhibit # 5)**.

a.     The Plaintiff's Imagination, skill and the ability to have **invented** and established a *wholly alternative* **Bloodline** and **Timeline** created a totally independent "Zorro" (linage) Story, Property and Product, effectively eliminating any future claims against the Plaintiff's "Zorro/Vixen" Stories, properties and Filmed entertainment product(s).

28.     Defendants NBCUNI and TELEMUNDO Et al., fully intended on **"trapping"** the Plaintiff in a loop of "Pending approval" stages by purposely creating and serving the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Plaintiff a "Ruse" intended to **deceive** the Plaintiff into believing that Telemundo Networks' purpose for providing their sibling NBCUNI *"access"* to the Plaintiff's "Zorro" properties, was part of the "Acquisition Process".

        a.      NBCUNI and TELEMUNDO stratagem was constructed and wholly intended to (1) prevent the Plaintiff from "Selling" her "Zorro" properties to any NBCUNI Competitor Network(s) and; (2) to prevent the Plaintiff from beginning Production on her "Zorro" Television Series during the same period of time that NBCUNI was allegedly "In Consideration" for the Acquisition of the Plaintiff's properties.

     29.    Defendant(s) NBCUNI, VIACOMCBS, PROPAGATE and LWE's "End goal" plan in essence was to **extricate** 50% of the value of the Plaintiff's product(s) by sundering the Two (2) Properties. Essentially *Crippling* the Plaintiff's Male "Zorro" Television Property and; *Pilfering* the Plaintiff's Female "Zorro" (Vixen)Television Property.

     29.    NBCUNI Et al., was confident that NBCUNI and VIACOMCBS "joining" forces would lend a "False Validity" to NBCUNI' "False Narrative" about the "Zorro" Project and; that the Defendant's "Story' would spread like **wildfire,** saturating and influencing the Entertainment Industry and; the Public with the Defendants NBCUNI Et al., "Lie" on the "Origins and Ownership" of the Female Zorro properties.

     31.    NBCUNI Plans was simple; (1) **Neutralize the Plaintiff** as NBCUNI Et al., **sole** competitor for the control and ownership over the "Zorro" projects(Properties) by "knocking the Plaintiff out of the Box" by propagating the "Lie" that NBCUNI, VIACOM and PROPAGATE was already producing the "Zorro" project and; (2) **Obliterate** the Plaintiff's opportunities to secure Financing Sales, or Distribution for her "Properties" with any Competitor Network or Film Studio once the NBCUNI "false Narrative" had been disseminated.[William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526 (1924)]

     32.    Defendant(s) NBCUNI, TELEMUNDO and VIACOMCBS purposely omitted the presence, identity, and involvement of Co-conspirators **LWE** Et al., out of the Defendant's November 2019 "Joint" Press Release Statement as part of the Defendant's stratagem to (1) keep the LWE, PROPAGATE, NBCUNI and VIACOMCBS' relationship and; (2) LWE's True involvement with the misappropriation of the "Zorro" project **clandestine.**

        a.      Defendant(s) COMCAST, NBCUNI, TELEMUNDO and VIACOMCBS had knowledge and were at all times relevant to this matter fully cognizant that the Plaintiff

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION THAT AND LOSS OF OPPORTUNITY

would immediately connect **LWE**, PROPAGATE and; now subsequently TELEMUNDO, NBCUNI and VIACOMCBS to the **Theft** and **Willful infringement** of her "Zorro" properties

      **b.**    This **specific** act is **evident** of **NBCUNI/TELEMUNDO, PROPAGATE and LWE's** culpability and; was deliberately intended on shielding Defendant(s) **LWE** from the Plaintiff.

    **33.**    Defendants NBCUNI Et al., acts also establishes that NBCUNI, TELEMUNDO and VIACOMCBS had at all times relevant to this matter been completely cognizant that their co-conspirators LWE and PROPAGATE had violated the NDA/NCA agreement with the Plaintiff and; were "Trafficking" the Plaintiff's Infringed" Zorro" Properties. Establishing that NBCUNI at all times relevant to this matter, had been willingly and willfully "financially" supporting LWE and PROPAGATE acts of **Copyright Infringement** Et al.

    **34.**    Defendant(s) NBCUNI and VIACOMCBS were cognizant that any revelations that PROPAGATE, NBCUNI and VIACOMCBS had **conspired** to Infringe on the Plaintiff's "Zorro" Properties and; had "falsely designated the origins" of the Plaintiffs Properties to themselves and; were now disseminating to the Public, that the Plaintiff's Project was the Defendants "Z" Project, would immediately derail Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE plans for *"commercial advantage and private financial gain"* from the exploitation of the Plaintiff's "Zorro" Properties.

    **35.**    NBCUNI and VIACOMCBS acts of **"Racketeering"** involved conspiring with each other's corporate counterparts (Executives, Officers and General Counsels) to "Join forces" to "financially support", "aid" and "cover up" LWE and PROPAGATE acts of Copyright Infringement for *"commercial advantage and private financial gain"*

    **36.**    NBCUNI and VIACOMCBS with a War Chest worth Billions of dollars "Set up board" to ensure that VIACOM and NBCUNI would be able to best the Plaintiff in any Legal Battle.

    **37.**    In November 2016, Defendants **LWE** Et al., had been named as co-defendants in Civil Litigation along with **UNIVSION** Networks (TELEMUNDO Networks #1 Competitor) for *Breach of Contract* and *Unfair Competition* by Plaintiff "Jenni Rivera Enterprises LLC".

      **a.**    JRE brought the action against LWE for "Enticing" and "inducing" Jenni Rivera's former Business manager (Peter Salgado) to "Breach the Contract" by violating the NDA with JRE and; providing LWE with pertinent and protected details to LWE for the sole

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

purpose of *manufacturing* a "Competitor" Television product about Latin Musician Jenni Rivera's Life for Distribution on UNIVISION Networks.

        b.    JRE alleges that Defendants LWE and Salgado intended to "Knock" Rivera Enterprises, Jenni Rivera's family and TELEMUNDO/NBCUNI's production of "The Jenni Rivera Story" out of the box by manufacturing a "Competitor" TV product which was designed to allow LWE and Salgado to capitalize on and; simultaneously diminish Jenni Rivera Enterprises LLC and **Telemundo Networks** own "Jenni Rivera" Television Series products value. (The Case is currently pending in Los Angeles Superior Court [JRE v. LWE Et al-Case No. BC633764])Exhibit # 21)

        c.    Information that Defendant(s) LWE Et al., did not disclose to the Plaintiff in August 2018.

    **38.**    Defendants TELEMUNDO and NBCUNI Et al., had at all times relevant to this matter, been fully cognizant that their co-conspirators LWE had been named as Defendants in a Lawsuit for **"Breach of Contract"** and **"Unfair Competition"** with Jenni Rivera Enterprises primarily because, the ([JRE v. LWE Et al-Case No. BC633764 and; BC649519 02/27/2017]) Lawsuit directly involves NBCUNI sibling TELEMUNDO Networks and; the Millions of dollars that TELEMUNDO had spent on Production financing and marketing expenses on the Telemundo Networks version of the "Jenni Rivera Project". The same Television Series that LWE had intentionally manufactured a "Competitor" Jenni Rivera Series purposely to compete with JRE.**(Exhibit #18)**

    **39.**    Defendant(s) LWE, PROPAGATE, NBCUNI, VIACOMCBS purposely *created* this "Lawsuit" which by design was intended to Derail the Plaintiff's own production of "Zorro and Vixen"-The Original Series' by forcing the Plaintiff into a legal battle that the Defendant(s) Et al., could foresee and had knowledge would ultimately take years to litigate.

        a.    NBCUNI and VIACOMCBS intentionally manufactured a "Legal issue" that would clear the path for all of the Defendant(s) named herein to "benefit financially" from the Infringement and; from the Distribution and Advertising revenue derived from the continued infringement and exploitation of the Plaintiff's "Zorro" properties.

        b.    Defendants NBCUNI and VIACOM were confident that even if the Plaintiff was successful in suing for the **Claims of Relief** listed herein. Defendants NBCUNI Et al., would simply *perjure themselves* by "falsifying their narrative" on how NBCUNI obtained

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the "Zorro" properties in an attempt to mitigate NBCUNI's direct involvement in the conspiracy to Infringe and Defraud the Plaintiff of her Properties.

   c. Defendants NBCUNI Et al., would attempt to "deceive" the Court into granting NBCUNI/Telemundo Networks the "rights" to Broadcast of their "competitor" bootleg version of the Plaintiff's "Zorro" properties, just as the Court had granted UNIVISION the "rights" to Broadcast their "Competitor" Jenni Rivera Product in 2017.

   d. NBCUNI would simply borrow UNIVISION's argument ([JRE v. LWE Et al-Case No. BC6337641]) presenting themselves (NBCUNI) to the Court simply as "unwilling participants" in the **Copyright Infringement** of the Plaintiff's Property and; therefore, NBCUNI should be considered sovereign and immune from the Plaintiff's pursuit of establishing NBCUNI's Civil Liability.

  40. The Defendant(s) Et al., fully, purposely and wholly intended on doing as much damage to the Plaintiff and her properties as humanly possible and; as a Direct and Proximate result of the Defendants LWE Et al., PROPAGATE Et al., NBCUNI and VIACOMCBS acts of Infringement and misappropriation. The Plaintiff has and continues to suffer incumbrances and damages which include but are not limited to the Delay of the Plaintiff's "Zorro" production for more than (2) Years and (8) Months as of the date of this complaint and; the burden of having to initiate "Legal Action" against the Defendants for the Claims of Relief listed herein this complaint and; potential lost opportunities and lost profits.

  41. The Plaintiff is taking a Great risk in her pursuit for Justice and Relief in relation to the Infringement of the Plaintiff's "Zorro" Properties (Projects). In exposing the Malefactors and Tortfeasors with this Civil Action, the **Negative press** and publicity alone associated with Legal Action in this matter and; could have an extreme and ultimately detrimental effect on the Plaintiff's Properties (projects) and; the Plaintiff's ability to be credited and compensated for her works, resulting in (5) years of the Plaintiff's life and hard work essentially going down the drain. (**Exhibit #10**)

  42. The Plaintiff's Demand for $350,000,000.00(USD) in Damages is approximately HALF of the Projected and Expected Advertising revenue that Defendant(s) NBCUNI, VIACOMCBS Et al., expected to generate off of **Both** of the Plaintiff's Properties for Season One (Domestic Distribution) prior to Syndication and International sales revenue.

   a. The Plaintiff's demand for $350,000,000.00(USD) Damages represents

1   (1) less than 3.5% of COMCAST Net Income for 2019 of 11.9 Billion USD, not including

2   COMCAST Et al., Insurance coverage and; (2) less than 6% of VIACOMCBS Net income

3   for 2019 and does not include VIACOMCBS Insurance coverage.

4        43.    VIACOMCBS was guaranteed to receive 50% (approximately $350,000,000.00)

5   of the Advertising revenue derived from the "Zorro" Project series for their Co-conspirator roles

6   and; for "Legally Shielding" Defendant(s) NBCUNI, LWE and PROPAGATE by "covering up"

7   NBCUNI's and LWE's direct involvement in the Infringement of the Plaintiff's Properties and

    the Willful manufacturing of a "Competitor" Zorro Property.

8        44.    The Plaintiff now moves this court with this above-entitled Action to mandate

9   that the Defendant(s) Et al., are held accountable for their acts of Copyright Infringement Et al.,

10  and; to remedy the damages and injuries sustained by the Plaintiff that are a proximate and

11  direct result of the Defendant(s) Et al., actions and; the Defendants continual acts to violate the

12  Rights of the Plaintiff's that *were, are* and; have been ***willfully*** infringed upon by the

13  Defendant(s) Et al., as alleged hereunder.

14       45.    Based on the Defendant(s) Et Al., Actions and; intricately constructed and

15  collective plans for ***"commercial advantage and private financial gain"*** by profiteering

16  from their acts of infringement. The Defendants' Actions constitutes and qualifies for the

    "17 U.S.C. § 506" statutes, for all of the Defendant(s) named herein.

17       46.    The damage to the Plaintiff's Proprietary and protected content and the total

18  ramifications of the Defendants' **acts of Infringement** have yet to be fully understood,

19  determined and calibrated. Based on the level of involvement, intricacies and efforts of all of

20  the Conspirators and the Defendants named herein. It is inherent and *apparently clear*, that none

21  of the Defendant(s) actions would have been possible without (1) the direct knowledge; (2)

22  active participation; (3) financial support and; (4) coordination of the Legal representatives,

23  Executives and Officers of the Defendant(s) NBCUNI Et al., VIACOMCBS Et al., LWE Et al.,

24  and PROPAGATE Et al., working "in concert" and; therefore all Defendant(s) named herein

25  should be considered liable and culpable in this Action and; should be held accountable in this

    Court of Law.

26  ### ***III***

27  ### <u>JURISDICTION AND VENUE</u>

28

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

47.     Venue is proper in the Northern District of California under 28 U.S.C. § 1391 and; **1391(b)** and or **28 U.S.C.§1400(a)** and 1400(b).

48.     This Court has jurisdiction under 17 U.S.C. §101 et seq.; 28 U.S.C. §1331 (Federal question); and 28 U.S.C. §1338(a) (copyright).

49.     On information and belief, personal jurisdiction in this District is proper because each of the Defendant(s) within this District, unlawfully reproduced, distributed, and offered to distribute among the other Defendant(s) utilizing the Internet amongst other avenues of distribution, the Plaintiff's copyright "Zorro/Vixen" Original Series properties without the consent or permission of the Plaintiff who is the *Exclusive rights owner* as deemed by 17 U.S.C. §501-508.

50.     The Corporate and Subsidiary locations of the Defendant(s) Corporation(s) are based in California and; the Defendant(s) Et al., committed the Claims for Action and Copyright infringement in this District. The locations of the Defendant(s) are based in California and; the Defendant(s) reside in or committed copyright infringement in this District.

51.     Although the true identity of each Defendant is unknown to the Plaintiff at this time, on information and belief, the Defendant(s) reside in this District, may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

     A.     This Court has personal jurisdiction over *LATIN WORLD ENTERTAINMENT,* which is an Incorporation and; is incorporated in the State of California and; this Court has personal jurisdiction over *LUIS BALAGUER (LATIN WORLD ENT. Exec.) SOFIA VERGARA (LATIN WORLD ENT. Exec.)* who, are Co-Owners of *LATIN WORLD ENTERTAINMENT., both of which,* conduct business within the State of California and; within this judicial district.

     B.     This Court has personal jurisdiction over *PROPAGATE CONTENT,* which is an Incorporation and; is incorporated in the State(s) of Delaware and California and; this Court has personal jurisdiction over *BEN SILVERMAN (Propagate Executive) and HOWARD OWENS (Propagate Executive)* who are Co-Owners of *PROPAGATE CONTENT*, *both of which,* conduct business within the State of California and; within this judicial district.

     C.     This Court has personal jurisdiction over *COMCAST, NBCUniversal and TELEMUNDO.* As, *COMCAST, NBCUNIVERSAL and TELEMUNDO* has conducted

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and does conduct business within the State of California and; *COMCAST, NBCUNIVERSAL and TELEMUNDO* Executives, Officers and Legal Representatives(Employees) conduct business and; have conducted business within this judicial district and; directly or through intermediaries, makes, distributes, offers for sale or license, sells, or licenses, and advertises its products and services in the United States, the State of California, and the Northern District of California

      **D.**    This Court has personal jurisdiction over *VIACOMCBS Et al., and NATIONAL AMUSEMENTS.* As *VIACOMCBS and NATIONAL AMUSEMENTS* has conducted and does conduct business within the State of California and; *VIACOMCBS and NATIONAL AMUSEMENTS* Executives, Officers and Legal Representatives(Employees) conduct business and; have conducted business within this judicial district and; directly or through intermediaries, makes, distributes, offers for sale or license, sells, or licenses, and advertises its products and services in the United States, the State of California, and the Northern District of California

      **E.**    This Court has personal jurisdiction over **ANA SALAS SIEGEL,** Ms. Siegel is an Employee and General Counsel of *TELEMUNDO* and; has conducted and does conduct business within the State of California and within this judicial district.

      **F.**    This Court has personal jurisdiction over **KIMBERLEY HARRIS,** Ms. Harris is an Employee and General Counsel for *NBCUNIVERSAL* and; has conducted and does conduct business within the State of California and; within this judicial district.

      **G.**    This Court has personal jurisdiction over **TANIA HOFF**, Ms. Hoff is an Employee and Senior Vice President of Litigation for *NBCUNIVERSAL* and; has conducted and does conduct business within the State of California and; within this judicial district.

      **H.**    This Court has personal jurisdiction over **LAURA FRANCO,** Ms. Franco was at all times relevant to this matter, in the Employ of VIACOMCBS and; was the General Counsel of **CBS Inc.** and; has conducted business within the State of California and; within this judicial district.

      **I.**    This Court has personal jurisdiction over **CHRISTA D'ALIMONTE,** as, Ms. D'Alimonte is employed as the General Counsel of *VIACOMCBS* and; has conducted and does conduct business within the State of California and; within this judicial district.

      **J.**    This Court has personal jurisdiction over **MICHAEL VARGAS,** Mr.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Vargas is an Employee of *VIACOMCBS* and; has conducted and does conduct business within the State of California and; within this judicial district.

      **K.**    This Court has personal jurisdiction over *ALFREDO BARRIOS Jr.,* Mr. Barrios Jr. is an Employee of *CBS/VIACOM* and; has conducted and does conduct business within the State of California and; within this judicial district.

      **L.**    This Court has personal jurisdiction over *DOES 1-25* and; although the DOES true Identities are currently unknown to the Plaintiff. The Plaintiff asserts that DOES 1-25 have conducted and; does conduct business within the State of California and; within this judicial district.

## IV

## INTRADISTRICT ASSIGNMENT

    **52.**    Because this action arises from the Plaintiff's assertion of her intellectual property rights, Northern District of California Local Rule 3.2(c) excludes this action from the division specific venue rule and subjects this action to assignment on a district-wide basis.

## V

## STATEMENT OF FACT

## BACKGROUND:

## THE HISTORY OF

## ZORRO:

### *Circa 1919*

    **53.**    The first recorded published "Zorro" (Don Diego De la Vega) character was in 1919 and was first serialized in the story *The Curse of Capistrano* in the pulp magazine *All-Story Weekly*.

    **54.**    Johnston McCulley's would originally write three novellas *The Further Adventures of Zorro* (1922), *Zorro Rides Again* (1931), and *The Sign of Zorro* (1941)

    **55.**    Many U.S. and International Film Studios and Production Companies have Reproduced and adapted the original (*Antiquated 1769-1848 A.D.*) story of Zorro over the last 80 years. The Plaintiff's Adaptation, (Circa/Copyright 2018) Content, Concepts, Premise,

**FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,**
**CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT**
**(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),**
**FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,**
**RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY**

Character Development and Character Breakdown, Materials, Ideas, Storyline and Property Brochure, represents (1) the **first time in History and; the History of Filmed Entertainment** that there has **ever** been a successful **Modernization** of the **ZORRO Legacy.**

## **THE HISTORY OF:**
## **ZORRO/VIXEN**

### **"The Original Series"**
### *Circa 2018*

56.     The Plaintiff's "ZORRO/VIXEN" (Circa 2018) Stories and Television Series' are **legally** Copyright Adaptions and; versions of the "Zorro" Story featuring both a Male (Alejandro De la Vega and Female (Esperanza/Esmerelda De la Vega) Protagonist(s)[Blood Relatives-Cousins]. *In Spanish Zorro is Male Fox – In Spanish Vixen is Female Fox.*

57.     The Plaintiff's Creation of the **"Vixen"** Character and **"Vixen"** Script and materials are completely "Novel" and represents (2)**The First time there has ever been a Female "Zorro" Character, Television Series and Story** .

a.     The Plaintiff's *Novel* modernization (alternative timeline) Nouveau (Novel) Characters, Scripts, Concepts, Premises, and gender swap (Feminine) of the "Zorro" Character created the **First ever** "Male and Female" Latino Superhero's and; **the First Ever Bilingual (English and Spanish) Television Series in the History of Television.**

b.     The Plaintiff's "Zorro/Vixen" alternative storylines and bloodlines occur and; transpire more than 200 years in the future (2025 A.D.) from the original Johnson McCulley timeline of 1769-1821. Both the Plaintiff's "Zorro" and "Vixen" Original Series stories are *Novel* and; the nouveau Storyline, Concepts, Premise, Character Development, Materials, Ideas, and Property Brochure, represent a wholly *alternative* **Zorro** Universe, which consists of and; constitutes a multitude of intricate layers of original ideas that when combined make up the "Proof" of "what was **required** to **create**" the Plaintiff's "Zorro/Vixen" properties.

c.     Plaintiff's exact purpose in creating the "Vixen" Character *was* (1) to "create" the first-ever Female Latina Superhero; (2) to create Multiple Spin-Off Series' and Multiple Filmed Entertainment properties that would be wholly derived from the Plaintiff's original "Zorro/Vixen" (2018) properties.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

58.     The Plaintiff had been in development on both of the Zorro and Vixen properties Storylines, Content, Concepts, Premise, Character Development, Series breakdown, Materials, Ideas, and Property (Props) Development and; had spent approximately (5) years researching the History and specific Legalities of the Zorro legacy prior to the Plaintiff submissions to Defendant(s) LWE Et al., and TELEMUNDO Et al.

59.     Defendant(s) LWE and PROPAGATE, NBCUNI Et al., and VIACOMCBS Et al., have at all times relevant to this matter, been fully cognizant regarding Properties and materials named herein, had been "Created by" and; "Legally owned" solely by the Plaintiff and; have at all times relevant to this matter, been fully cognizant regarding the "Ultimate Commercial Value" of the Plaintiff's "Zorro" properties.

# VI
## CASE BACKGROUND

### AUGUST 2018
### FIRST CONTACT
### LATIN WORLD ENTERTAINMENT/CHRISTIAN DE LA FUENTES

**60.**     First contact between the Plaintiff and the Defendant: LATIN WORLD ENTERTAINMENT Et al., occurred in *August 2018.* The Plaintiff can produce email communiques and phone records which will establish that beginning in August of 2018, the "Plaintiff" and the Defendant(s) Latin World Entertainment ("LWE"), executed a *Non-Disclosure, Non-Competition Agreement and Letter of Intent* as part of the contract between the "Plaintiff" and "Defendant(s)" LWE to cast of CDF in the Lead Role in the Plaintiff's "Zorro-The Original Series" Television Production.

61.     Under the Terms of the Plaintiff's contract with Defendant(s). LWE Et al., were granted "exclusive" access to the Plaintiff's "Zorro/Vixen" Stories; proprietary details and most importantly the Plaintiff's Plan for the Network distribution strategy for the connected "Zorro/Vixen" Properties. *Information which had been provided directly to LWE agents by the Plaintiff in August 2018 as part of the "Viability Qualifications" required by LWE for casting Cristian de la Fuentes in the Plaintiff's "Zorro" The Original Series Television Series.*

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1

     a.     Beginning in August 2018, Defendant(s) Luis Balaguer and Sofia

2

Vergara have at all times relevant to this matter been *cognizant and informed* that the Plaintiff

3

and her Partners were actively seeking Acquisition and Distribution options with Telemundo/

4

NBCUniversal and UNIVISION for the "Zorro"-The Original Series Properties/Project.

5

     b.     Under the Terms of the Plaintiff's contract with LWE Et al., the Plaintiff

6

had the bilateral expectation that the proprietary information and; pertinent details would be

held "in confidence" and; used solely to assist Defendant(s) LWE with the casting CDF, who

7

was at all times relevant to this matter represented by LWE Et al.

8

     62.     Defendants LWE and PROPAGATE' conspirator acts included "Trafficking" the

9

Plaintiff's infringed "Zorro" Properties to Defendant(s) NBCUNI for Millions of Dollars (USD)

10

under the prevarication that the "Zorro/Vixen" Properties were LWE and PROPAGATE

11

properties.

12

     a.     During Aug 2018-October 2018, the Plaintiff put in an extreme effort to

13

cast CDF and; would go through such lengths as to communicate with Angelica Castro (Cristian

14

De la Fuentes' wife) and; *all other representatives of record.* At every turn, the Plaintiff was

15

consistently re-directed to communicate solely through Latin World Entertainment and their co-

conspirator ERIS Agency.

16

     63.     Through the Production of Emails and Phone records, the Plaintiff will establish

17

for the Court, that beginning September 2018 and continuing until October 2018. Defendant(s)

18

LWE enlisted Tina Randolph Contogenis of ERIS Agency as a "party" to LWE Et al., and

19

PROPAGATE's conspiracy to prevent the Plaintiff's "Zorro/Vixen" Series from finalizing the

20

Contract with CDF and from securing Distribution and entering into Production in 2018.

21

     a.     Defendant(s) LWE and co-conspirator Tina Randolph's collusionary

22

acts of Industrial sabotage (18 USCA §§ 1831–1839) (1) seriously Impaired; (2) negatively

23

impacted and;(3) ultimately derailed the Plaintiff's production for more than (1) year until

24

September 2019, at which time the Plaintiff would cast Rafael Amaya as the lead in "Zorro"-

25

The Original Series. The Attachment of Rafael Amaya would allow the "Zorro/Vixen"

26

Properties and Project to move forward, re-entering Preproduction and; subsequently being

27

submitted to Defendant(s) TELEMUNDO Networks and UNIVISION Networks in August and

September 2019.

28

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

## **MAY 2019**
## **FIRST CONTACT**
## **TELEMUNDO NETWORKS**

64.     The First contact between the Plaintiff and the Defendants: TELEMUNDO
Networks occurred in *May 2019,* was properly vetted by way of the Defendant(s)' Telemundo
Networks Legal Affairs Department. At all times relevant to this matter the Plaintiff had
communicated directly with Lourdes Ramos (Executive Assistant to Ana Salas Siegel-
Telemundo General Counsel). During this initial phase of communications, the Plaintiff had
informed Telemundo Legal Affairs that (1) The Plaintiff's "Zorro/Vixen" "Production/Project"
was now actively seeking a Broadcast Distribution Partner and; (2) The Plaintiff's "Zorro/
Vixen" was in the final Pre-Production Stages and; (3) the Plaintiff was in the process of casting
the Final Cast member: Zorro.

## **AUGUST/SEPTEMBER 2019**
## **ZORRO/VIXEN SUBMISSIONS**

65.     In late August/Early September 2019, after a series of communications and
negotiations between the Plaintiff and the Legal Affairs and Development Departments of
TELEMUNDO Networks. The Plaintiff's Copyright properties, the "Zorro/Vixen" Show Bible
Storybook, Budget, Season One Concepts, Premise, Character Breakdown and Property
Brochure, were submitted *via the internet* directly to the Employees of the TELEMUNDO
Networks Legal Affairs and Submissions Department in "Good Faith" and; under the bilateral
expectation and the mutually understood condition that Defendant(s) TELEMUNDO **were not**
to **disclose, use** and or **exploit** the Plaintiff's properties without the Plaintiff's permission and
without Compensating the Plaintiff in the form of Payment (United States Legal Tender), Credit
and; any and all other considerations to be provided and; or distributed to the Plaintiff as the
Creator and Legal owner of the "Zorro/Vixen" Properties(Project) (**Exhibit #6**)

66.     At all times relevant, prior to and; at the time that the Plaintiff had submitted
the "ZORRO/VIXEN"-The Original Series Properties (Project) to TELEMUNDO Network
for Acquisition and Distribution. Defendants TELEMUNDO Networks had been properly

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

informed, were cognizant and aware that, the Plaintiff's Zorro/Vixen Properties (Project) had been in Production for approximately 18 Months prior to the TELEMUNDO submission's date and; that the Plaintiff's "Zorro/Vixen" Project was fully Cast and; in preparation to go into production within 8-10 Weeks from Greenlight (Funding/Acquisitions) and had;

a. 100% of the Talent Attached

b. Entire Season One completely scripted (12 Episodes)

c. Production Team and Crew Attached

d. Post and Editing attached

e. Product Integration and product placement in play

## SEPTEMBER 2019
## RAFAEL AMAYA

67.    In September 2019, after an exhaustive search to replace CDF, the Plaintiff executed a Letter of Intent, Non-Disclosure and Non-Competition and Letter of Intent preliminary Production agreement with Actor Rafael Amaya and his Agent(s) to be the Lead on the Plaintiff's Production of "Zorro-The Original Series". Upon execution of the agreement, the "parties" were free to discuss terms and confidential information. It was at this moment that Mr. Amaya's Manager and Attorney first revealed to the Plaintiff, the details of Rafael Amaya's Relationship with TELEMUNDO Networks and; that although Mr. Amaya was on the Tail-end of an outstanding contract with Telemundo but, was free to Work outside of his Contract and; was free to take the Plaintiff's offer to star in the "Zorro" Project.

68.    Rafael Amaya was previously known to the Defendant(s) TELEMUNDO, as the Lead Actor on TELEMUNDO Networks broadcast production of "El Senor de los Cielos"-The Television Series. Mr. Amaya is a Highly respected actor in the Latin and American Markets and; the "El Senor de los Cielos" was a Number One TV series for the Telemundo Networks. The Television Series also advocated Drug Dealers, Drug use and extreme violence and; as a result, and; according to the information provided by Mr. Amaya's Manager and Legal representative. Mr. Amaya had grown *displeased* with his portrayal of a Violent Criminal on TELEMUNDO's "El Senor de los Cielos" Series and exercised a clause within his contract ending the Series with production wrapping in late 2019.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

a.      Mr. Amaya's interest in the Plaintiff's "Zorro" project, was that the Plaintiff's "Zorro" Project provided Mr. Amaya a lucrative Pay Package and Executive Producer Credit and; frankly more money than he currently received on Telemundo's Series; in addition to the opportunity to star in a Positive Image product with longevity, star power and the ability to finally cement himself as a "Cross-over" Actor.

69.      The Terms of the Plaintiff's Agreement with Rafael Amaya was predicated on the basis that he was *non-exclusive* with any other Production companies and or Studios.

a.      Mr. Amaya's attorney assured the Plaintiff that, Mr. Amaya was free to accept any offer, as Mr. Amaya's contract had become somewhat *invalidated* as a direct result that TELEMUNDO Networks *did not have* a Project for Mr. Amaya to "Star in".

70.      With Rafael Amaya attached the Plaintiff to be able to enter into Production on the "Series" virtually immediately with **or without** TELEMUNDO Networks involvement and; Telemundo would not be able to prevent Rafael from starring in the Plaintiff's Series with a Competitor Network.

71.      During the Plaintiff's Last phone call with Mr. Amaya's Attorney in Early October 2019 Mr. Amaya's Attorney confirmed that he had contacted TELEMUNDO Legal Affairs and qualified the Terms of Rafael Amaya contract.

a.      Immediately following the conversation with Mr. Amaya's attorney. The Plaintiff contacted TELEMUNDO Legal Affairs Department and informed TELEMUNDO that the "Parties" had executed a **Letter of Intent** to cast Rafael Amaya as the Lead Actor on "Zorro" and**; that the Plaintiff's Production was moving forward.**

## OCTOBER 2019
### TELEMUNDO AND NBCUNIVERSAL

72.      In October 2019 the Plaintiff was contacted via Telephone by an employee of Telemundo Legal Affairs. The Plaintiff was then informed that TELEMUNDO Development Departments had found "Both" of the Plaintiff's "Zorro" Properties intriguing and; that TELEMUNDO intended on granting NBCUNI "access" to the Plaintiff's "Zorro/Vixen"-The Original Series properties as part of the Network(s) Acquisition process and; for the purpose for presenting NBCUNI the opportunity to "Partner" with Telemundo Acquiring, Producing

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and Distributing of the English Version of the Collective "Zorro and Vixen"-Television Series on NBC and NBC Affiliated Networks.

      a.    The Telemundo Agent also informed the Plaintiff that the Network(s) TELEMUNDO/NBCUNI would contact the Plaintiff shortly thereafter with a determination on Acquisitions from either or Both Networks.

      73.    As of the date of this Complaint TELEMUNDO or NBCUniversal have not provided the Plaintiff with any such determination and; the Plaintiff has not received any communication from the Defendant(s) regarding the Plaintiff's "Zorro/Vixen" submissions.

## NOVEMBER 2019
## TELEMUNDO, NBCUNIVERSAL, VIACOMCBS and PROPAGATE

      74.    On or about November 5, 2019, Defendant(s) NBCUNI et al., PROPAGATE Et al., and VIACOMCBS Et al., intentionally and maliciously published their "joint" press release statement in the U.S. and International Media. The purpose of which was to neutralize the Plaintiff as their sole competitor by saturating the Entertainment Industry and the Public, with Defendants NBCUNI Et al., "False Narrative" on the "Origins and Ownership" of the Female Zorro properties. Defendant(s) NBCUNI Et al., indicated that "jointly" as Partners, NBCUNI PROPAGATE and VIACOMCBS had *willfully* infringed on the Plaintiff's Female Zorro property "Vixen-The Original Series" and were attempting to "pass it off" as their own *by manufacturing* a "Competitor" Female Zorro Series and renaming it "Z-The Series." (Tort U.S) [William R. Warner & Co. v. Eli Lilly & Co., 265 U.S. 526 (1924)]

      a.    The Defendant's statement was published approximately (10) Weeks after Telemundo Networks had confirmed that TELEMUNDO was "In receipt of" and "In possession" of the Plaintiff's "Zorro/Vixen" properties and; (4) Weeks after Defendant(s) TELEMUNDO had informed the Plaintiff that TELEMUNDO intended on providing NBCUNI *access* to the Plaintiff's "Zorro/Vixen" properties.

      75.    The Plaintiff immediately contacted TELEMUNDO Legal Affairs directly via Telephone and Email to confirm the Press release.

      a.    As of the date of this complaint, Defendant TELEMUNDO have not responded to the Plaintiff multiple requests for information and; have not communicated with the Plaintiff

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION WITH AND LOSS OF OPPORTUNITY

1 in any way in regard to this Matter.

2

**VII**

3

**FACTUAL ALLEGATIONS**

4     76.    On information and belief, the Plaintiff alleges that beginning in August 2018;

5 at all times relevant to this matter and; continuing on until the date of this Complaint, it has

6 been the **"True Intent"** of Defendant(s) LWE Et al., **PROPAGATE, TELEMUNDO** and

7 **NBCUNI** (*collectively)* to Deceive, **Infringe**, Pilfer, Purloin and; **Defraud** the Plaintiff of her

8 "Zorro/Vixen" Properties for the sole purpose of *"commercial advantage and private financial gain"* from their continual acts of infringement

9     77.    Defendant(s) Vergara and Balaguer's **Deceptive Business Tactics** included

10 *"feigning assisting"* the Plaintiff and her company with casting LWE's Client: Actor Cristian

11 de la Fuentes in the Lead Role in the Plaintiff's Zorro Project as a means to an end (1) *to gain*

12 *access;* (2) to *pilfer* and; (3) to *arrogate* the Plaintiff's proprietary "Zorro" content and; (4) then

13 to orchestrate the "Unlawful Disposition" of the Plaintiff's Properties to themselves, LWE Et

14 al., PROPAGATE and NBCUNI Et al.

15     78.    The Plaintiff alleges that beginning August of 2018, Defendant(s) Sofia Vergara

16 and Luis Balaguer (**LWE** Et al.,) continued the Infringement by providing co-conspirators

17 Defendant(s) Ben Silverman and Howard Owens (PROPAGATE) "unauthorized *access"* to

18 the Plaintiff's "Zorro/Vixen" content for the purpose of *blurring* the trail of infringement with

19 Defendant(s) Silverman and Owens **"falsely designating the origin"** of the Plaintiff's "Zorro/

20 Vixen" Properties to themselves (PROPAGATE) and then "Trafficking" the Properties to

NBCUNI for Millions of Dollars (USD).

21     a.    Properties that Defendant(s) LWE Et al., and PROPAGATE Et al., had

22 knowledge and were cognizant had been **"Created by"** and **"Owned"** solely by the Plaintiff:

23 **LATIFA Y. FOSTER.**

24     79.    The Plaintiff alleges that between 8/2018-10/2018, Defendant(s) LWE and

PROPAGATE enlisted Tina Ontogenies'' of ERIS Agency and inserted her into the stratagem

25 as the "New" West Coast Representative for Cristian de la Fuentes (known herein as CDF)

26 who would **finalize** "CDF" Contract and deal" after the Plaintiff confronted LWE about the

27 delay in finalizing Mr. De la Fuentes' Contract.

28     a.    ERIS' **True** Involvement and purpose was to "aid" the LWE and

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

PROPAGATE conspiracy to (1) impede and; (2) derail and; (3) prevent the Plaintiff from beginning Production on "Zorro"-The Original Series in November 2018 by purposely sabotaging CDF's involvement in "Zorro" Original Series and; preventing the Plaintiff from submitting her "Zorro" properties to NBCUNI in September 2018. Therefore, ensuring that the Plaintiff would not interfere with Defendant(s) LWE and PROPAGATE's plans to *"Traffic"* the Plaintiff's "Zorro" Properties to NBCUNI for Millions of Dollars.

80.     Defendant Vergara has continually disseminated the "Lie" that she is "Creator" of the Female Zorro Properties, and has made public statements to the U.S. and International Media in 2019 and 2020  that (1) she is the individual who did in fact provide Defendant Silverman with the "Female Zorro" *idea*; (2) that the relationship between Defendant(s) Vergara and Silverman has existed for many years and; (3) that PROPAGATE and LWE have submitted NBCUNI many Projects over the years, none of which had been optioned until LWE and PROPAGATE submitted the Plaintiff's Properties to NBCUNI/COMCAST.

81.     On information and Belief, the Plaintiff Alleges that Defendants LWE Et al., and PROPAGATE Et al., utilized their positions within the COMCAST and NBCUNI construct by enlisting NBCUNI and; subsequently TELEMUNDO as "accomplices" to aid LWE and PROPAGATE goal of obtaining access to the Plaintiff's **finished** properties by monitoring the incoming TELEMUNDO and NBCUNI Networks Submissions. TELEMUNDO and NBCUNI ultimately providing co-conspirators Defendants LWE and PROPAGATE "unauthorized access" to the Plaintiff's *finished* "Zorro/Vixen" properties once they came down the pipeline.

a.     Defendant(s) LWE Et al., and PROPGATE Et al., already familiar with NBCUNI submission process planned and expected NBCUNI Legal and Submissions Department(s) would automatically Flag Two (2) "Like" Projects.

82.     The Plaintiff alleges that Defendant(s) TELEMUNDO Legal and Submissions department(s) ***True Intent*** and ***Modus Operandi*** in opening Negotiations for the Plaintiff's "Zorro/Vixen" Properties was a strategic implement in the Defendants Et al., **"Conspiracy to Commit Copyright Infringement"**.

83.     The Plaintiff alleges that in **August 2019** TELEMUNDO Legal Affairs was already aware that NBCUNI was seeking access to the Plaintiff's **finished** "Zorro/Vixen" Properties (Scripts and Show Bible). NBCUNI now aware that TELEMUNDO was in Position and willfully preparing to take possession of the Plaintiff's "Zorro" Submissions, encouraged

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

TELEMUNDO's acts of deception in order to get their hands on the Plaintiff's Properties.

84.    The Plaintiff alleges that in August 2019, once Defendant(s) NBCUNI and TELEMUNDO became aware that TELEMUNDO was now in possession of the exact same properties that LWE and PROPAGATE had submitted to NBCUNI as their own (**Exhibit #6**).

a.    NBCUNI then conducted a "Risk Assessment scenario" on the situation to **gauge** the ***potential liabilities*** associated with the outright "**Theft** and **Willful Copyright infringement Et al.,** of the Plaintiff's "Zorro/Vixen" Properties, ***versus*** the potential *Revenue and Financial gains* the defendant's expected to derive from being "in possession of" and; in position to "Financially exploit" the Plaintiff's *Novel* and *Original* "Zorro" properties and products for their own Personal Financial Gain.

b.    Projected Domestic and International Revenue for Season One estimated at over $350 Million (USD). Defendants NBCUNI and TELEMUNDI made their decision to become "**true**" **Infringers, Ringleaders** and **Accomplices** to LWE and PROPAGATE acts of Infringement and Misappropriation.

85.    The Defendants stratagem would become defined at the moment when NBCUNI (now the True "Ringleaders" of the Conspiracy) would take "possession" and; the "reins" of the Plaintiff's "Zorro/Vixen" Television properties from TELEMUNDO, LWE and PROPAGATE and; position themselves as the "**Owners** and Financiers of the "Zorro" project.

a    Defendant(s) NBCUNI Et al., although completely cognizant that NBCUNI's gamble and decision to (1) Violate the Laws of the United States of America by; (2) Violating the Rights of the Plaintiff and; (3) continuing the Infringement of the Plaintiff's properties by; (4) "financially supporting" their Co-Conspirators acts of infringement and; the willful misappropriation of the Plaintiff's "Zorro" properties; (5) solely for" Commercial advantage over the Plaintiff and;(6) Personal Financial Gains would lead to Civil Action against NBCUNI Et al. for the Claims of relief listed herein this complaint.

b.    In their quest to Control and Financially Exploit Plaintiff's Properties, NBCUNI and TELEMUNDO would willfully and willingly continue their acts of Infringement of the Plaintiff's Properties by among other acts; (1) conspiring with each other's Executives, Officers, and General Counsels to manufacture the stratagem for "Infringing" on the Plaintiff's Properties and; (2) then "Covering Up" their Conspirator acts.

86.    Defendant(s) TELEMUNDO and NBCUNI **Deceptive Business Tactics**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

included "tricking" the Plaintiff into believing that her "Zorro" Project submissions were

currently *"In Consideration"* for Acquisitions with both TELEMUNDO and NBCUNI.

a.      TELEMUNDO/NBCUNI stratagem explicitly designed with the

Defendants underlying goal of **(1)** gaining "unadulterated access" to the Plaintiff's finished

"Zorro/Vixen" Properties and; **(2)** providing co-conspirators LWE and PROPAGATE

*"unauthorized access"* to the Plaintiff's **finished** "Zorro" properties to aid LWE and

PROPAGATE fast track their Script Development.

87.      Defendant(s) TELEMUNDO's "Job" was delaying the Plaintiff and preventing

the Plaintiff from selling her "Zorro" properties to a Competitor Network by willfully *"feigning*

*interest"* in acquiring and establishing a *legitimate* "Distribution Deal" with the Plaintiff and

her company.

a.      A "ruse" orchestrated by the Defendant(s) meant to **deceive** the Plaintiff

into believing that Telemundo Networks' purpose for providing their sibling NBCUNI *"access"*

to the Plaintiff's "Zorro" properties was (1) as part of TELEMUNDO/NBCUNI "Joint"

Acquisition process and;(2) to lock the Plaintiff in a Loop of *"Pending approval"* stages and;

(3) to prevent the Plaintiff from "Selling" her properties to a Competitor Network long enough

for Defendant(s) TELEMUNDO and NBCUNI, LWE and PROPAGATE to manufacture and

Broadcast their competitor "Zorro" Series.

88.      Once TELEMUNDO and NBCUNI were "in receipt" of and; had possession of

the Plaintiff's "Zorro" Properties (Project). NBCUNI would continue the **Infringement** and

**Breaches** by providing VIACOMCBS "unauthorized access" to the Plaintiff's **finished "**Zorro/

Vixen**"** properties.

89.      The Plaintiff alleges that the Executives, Officers, employees and; agents of

NBCUNI and TELEMUNDO Legal, Development and Submissions departments conspired

with their counterparts at **VIACOMCBS "**to employ" VIACOMCBS Studios essentially as

(1) Decoys; (2) Accomplices and; (3) *"accessories-after-the -fact"* who willingly *"aided"* and

*"abetted"* Defendant(s) NBCUNI Et al., LWE Et al., and PROPAGATE in the infringement

and misappropriation of the Plaintiff's Properties.

a.      VIACOMCBS' **"Job"** as Decoy's was to deflect the Plaintiff from the

"True" perpetrators **NBCUNI, LWE and PROPAGATE** blurring the NBCUNI Money trail

and; the trail of Infringement. As "Owners" and "Partners" NBCUNI would provide the Decoy

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

VIACOMCBS with Millions of Dollars in "Production Financing and Support". VIACOMCBS would then funnel that money to PROPAGATE who would funnel that money to LWE.

90.     NBCUNI/COMCAST's "gameplan" was simple: VIACOMCBS would position themselves to shield co-conspirators NBCUNI, PROPAGATE and LWE from exposure and the Plaintiff by providing the "Public" Face and façade of the figurehead "Studio"

91.     **The Defendant(s) VIACOMCBS Et al., actions beget the Question?**

"**Why would VIACOMCBS Network finance and produce an Original TV product for its *Competitor* NBCUNI?**

a.      *Especially a Television Product that could ultimately make NBCUNI more successful and more valuable than VIACOMCBS.*

b.      The Answer: For Money

c.      VIACOMCBS stood to receive Millions of Dollars in initial funding and; would also receive at least 50% of the Advertising and Distribution revenue derived from the "Zorro" Series' (An estimated $350 Million USD [Season One]) from its Master NBCUNI, for (1) servitude;(2) complicit obedience;(3) "aiding and abetting" the **Theft** and **Willful Infringement** of the Plaintiff's "Zorro/Vixen" Properties and; (4) for concealing the truth and the trail of infringement by deflecting the Plaintiff away from the true Perpetrator(s): NBCUNI and TELEMUNDO, LWE and PROPAGATE.

d.      NBCUNI Et al., and VIACOMCBS would "reap-in" millions of dollars in *Advertising and Syndication (Distribution)Revenue* generated from the Distribution of both of the Plaintiff's "Zorro/ Vixen" properties on TELEMUNDO, NBCUNI, SYFY, NBCUNI affiliated networks and;

e.      Additionally, VIACOMCBS would receive First Rights to the Coveted Latino Filmed Entertainment Product: The "Zorro" properties. The "Zorro" Rights' (worth Millions of Dollars) Licensing would be Fee Free for VIACOMCBS' and; would be distributed on VIACOMCBS and NATIONAL AMUSEMENTS new Streaming Service PARAMOUNT+. Generating Millions in Streaming Revenue for VIACOMCBS and its principal Shareholder NATIONAL AMUSEMENTS.

f.      NBCUNI and VIACOMCBS Officers and Executives who facilitated the actual "Zorro" deal would also have received financial accoutrements and perks such as: (1) Stock Options;(2) Bonuses and; (3) Raises; as rewards for orchestrating the Infringement

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND THE LOSS OF OPPORTUNITY

and spearheading the subsequent "cover up" of the infringement.

92.     Defendant's NBCUNI and VIACOMCBS **clandestine** arrangement would provide a perfect hiding place for **LWE:** behind their co-conspirators NBCUNI, PROPAGATE, and VIACOMCBS. In the Dominant Position NBCUNI/COMCAST would maintain Complete control, financial reins, and Ownership of the Plaintiff's Zorro Properties and Product(s).

a.     Defendant(s) and co-conspirators VIACOMCBS, involvement was integral and instrumental in Defendants NBCUNI and TELEMUNDO's ability to orchestrate the "misinformation stratagem". With VIACOMCBS disseminating the *"false narrative"* to the Entertainment Industry and; the Media that CBS (respectively)was simply *"just"* the "Production studio" Independently producing the actual "Zorro" Television product for NBCUNI, thus shielding their NBCUNI, LWE and PROPAGATE from exposure and the Plaintiff.

93.     Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE strategically and purposely **withheld** co-conspirators LWE's identity and involvement with the "Zorro" project out of their "joint" November 2019 Press release statement is "telling". Acts which were intended to deflect the Plaintiff away from the true perpetrators: LWE Et al. and NBCUNI.

a.     Defendants NBCUNI, VIACOMCBS and PROPAGATE were cognizant that the Plaintiff would immediately connect LWE to the **Theft** and **Infringement** of her properties.

b.     A **Truth** that would automatically and immediately derail NBCUNI, VIACOMCBS and PROPAGATE's plans to *"commercially and financially benefit"* from their acts of infringement, misappropriation and; the willful exploitation of the Plaintiff's "Zorro" Properties and;

c.     The truth of the conspiracy would also simultaneously establish that NBCUNI and TELEMUNDO had at all times relevant to this matter been completely cognizant of the fact that co-conspirators LWE had willfully violated the NDA/NCA with the Plaintiff and; that LWE and PROPAGATE were *"trafficking"* the Plaintiff's Infringed Properties and Materials to NBCUNI; establishing that NBCUNI and TELEMUNDO had at all times relevant been **True, willful,** and **complicit** participants in the **Conspiracy to Commit Copyright Infringement** Et al., of the Plaintiff's "Zorro" properties

94.     Defendant's NBCUNI, VIACOMCBS and PROPAGATE "joint" announcement

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

that NBCUNI Et al., was simultaneously manufacturing a "Zorro" TV Project (Property), that Sibling TELEMUNDO Networks (NBCUNI) also had *"in their possession"* prior to **and;** also, coincidentally at *precisely the exact same time* that Sibling NBCUNI, VIACOMCBS and PROPAGATE (and LWE) published their "joint" Press Release statement but;

      a.    That somehow the two (2) Properties [project(s)] are somehow not connected, related to, or derived from the Plaintiff's "Zorro/Vixen" Properties is wholly spectacular and: totally unbelievable.

95.    The Plaintiff Alleges that the NBCUNI and TELEMUNDO Stratagem was *designed* to obliterate the Plaintiff's opportunity to produce and distribute her "Zorro/Vixen" production (Project). As a means to an end to providing Defendant(s) NBCUNI et al., LWE and PROPAGATE the time required to manufacture and distribute their "half-baked boot-legged" version of the Plaintiff's infringed "Zorro" Properties (Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc. [2016])

      a.    Defendant(s) Et al., and their legal representatives (1) *knew and hoped that their Collective* Actions would to force the Plaintiff into initiating a "Lawsuit" and; seeking Legal Remedy in Federal Court as a "Means to an End" wholly intended on employing the legal circumstance to (1) ultimately lock the Plaintiff into a legal battle which would take years to litigate; (2) intentionally subjecting the Plaintiff to a **"Loss of Opportunity"** and; an undue burden by forcing the Plaintiff to pursue of Civil Action against more than one Media Conglomerate; (3) purposely enacted as an implement to prevent the Plaintiff from selling her Properties to a Competitor Network and; (4) implemented to provide the Defendant(s) the opportunity to "Commercially and financially" benefit from their acts of infringement.

96.    The Plaintiff Alleges that all of the Financing, Agreements, Deal memos and; any of the necessary and required Preproduction Activities for the actual "Production" of the Defendant's Filmed Entertainment Product( known herein as "Z" the "Series") and; any of the necessary conditions, codicils and recitals between the Defendant(s) NBCUNI Et al., and VIACOMCBS Et al., and; Co-conspirators LWE and PROPAGATE **would not** have been possible or *accomplished* without, the Direct Financial support, assistance and; direct involvement of the Executives, Officers and Employees of the Legal, Submission and Development Departments of Defendant(s) **TELEMUNDO, NBCUNI** and **VIACOMCBS Et al.,** *(collectively)* working "In concert" *to "aid" and "abet"* each other and; Defendant(s)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND; LOSS OF OPPORTUNITY

LWE and PROPAGATE with their larcenous acts of Copyright Infringement Et al., and; as alleged hereunder, the plaintiff's claims shall be proven at trial with corroborating evidence and exhibits for the benefit of the Court.

97.     The Plaintiff alleges that all of the actions listed herein were would have had to have been (a) *approved* (b) *acknowledged* and; (c) *ratified* by the General Counsels and Legal Affairs departments of Defendant(s) NBCUNI Et al., TELEMUNDO Et al. and VIACOMCBS Et al., prior to *any* acquisition funds and/or production funds being *(1) authorized; (2) approved; (3 )released;(4) dispersed and; (5) distributed* to Defendant(s) LWE, PROPAGATE and VIACOMCBS.

98.     The Plaintiff alleges that the Telemundo Networks **October 2019** communiques with the Plaintiff informing her of Defendant(s) TELEMUNDO's plan to **provide** NBCUNI **access** to the Plaintiff's "Zorro/Vixen" Properties, was done simply as (1) an effort to control the "collateral damage" and; (2) to attempt to cover themselves from civil liability for the Willful Infringement of the Plaintiff's "Zorro" properties because, the Plaintiff would be able establish for the Court that TELEMUNDO could be corroborated as a **Direct point** of *access* for NBCUNI's acts of Infringement Et al., of the Plaintiff's properties.

a.     Defendant Siegel decided to "stage the scene" so that it would appear that TELEMUNDO Legal Affairs Executives were simply *"accidental participants'* in the infringement and the "Theft by Deception" and "Theft by Conversion" of the Plaintiff's properties. When the *Truth* is that TELEMUNDO Legal Affairs were and are at all times relevant to this matter *True* **Co-conspirators** and **Accomplices** in the infringement of the Plaintiff's properties.

b.     Defendant Ana Salas Siegel's (TELEMUNDO) knowledge of NBCUNI's plan and acts and; TELEMUNDO's acts of "aiding" NBCUNI in the Conspiracy by "covering up" her and her staff's involvement and acts, is also evidence of TELEMUNDO's involvement in the Conspiracy and; is *in and of itself* **evidence** of Intent and; hence evidence of the Conspiracy.

c.     TELEMUNDO General Counsel Ana Salas Siegel was aware that once it was revealed that LWE and PROPAGATE had "trafficked" the Plaintiff's properties to NBCUNI and; NBCUNI was already in possession of the Plaintiff's infringed "Zorro/Vixen" properties and; that through the Defendant's Deceptive Business tactics TELEMUNDO had

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"Set the Plaintiff up" to be "Robbed" by NBCUNI and TELEMUNDO (collectively).

    d.    Telemundo Legal Affairs would be caught in the Crosshairs once the Plaintiff initiated Civil Action against **all** of the Parties involved.

    e.    As Officers of the court, any revelations that the Attorneys of Telemundo Legal Affairs had (1) orchestrated (2) willingly participated in and;(3) "aided and abetted" Defendants NBCUNI, PROPAGATE and LWE Et al., acts of (**Conspiracy to Commit Copyright Infringement** (a Federal Offence [U.S.C. 17]) and the misappropriation of the Plaintiff's Properties would result in each one being disbarred.

99.    Defendant(s) COMCAST/NBCUNI and TELEMUNDO *fervent belief* that the Plaintiff's "Zorro/Vixen" properties would ultimately become Multi-Million Dollar Properties for the COMCAST family of Television Networks (primarily TELEMUNDO and NBCUNI Networks) and; subsequently VIACOMCBS.  Would lead NBCUNI to willingly invest Millions of dollars in their philosophy by orchestrating, financing, facilitating and; covering up for co-conspirators LWE and PROPAGATE's **Theft** of the Plaintiff's properties.

    a.    In positioning themselves as the **unrightful** "Owners" of the "Zorro" Properties(projects) NBCUNI and VIACOMCBS could now assert dominion over their cohorts Defendant(s) LWE and PROPAGATE and solidify their "complicit and illicit partnership" by providing the "Financing" and the "Legal shield" necessary for LWE and PROPAGATE to continue committing their acts of Willful Copyright Infringement Et al.

100.    The Plaintiff alleges that although Defendant(s) NBCUNI Networks Et al., and VIACOMCBS Networks Et al., are allegedly Two (2) completely Separate publicly traded corporate entities and "Competitor" Networks, who's ultimate Financial value and Share value are predicated on each Networks "Independent" performance in the Ratings and establishing establishing themselves as the Number (1) Television Network in America and;

    a.    Although Defendant(s) NBCUNI Et al., and VIACOMCBS Et al., are Two (**2**) completely *Separate Corporate entities and Competitor Networks;* Defendants NBCUNI and VIACOMCBS have at all times relevant to this matter operated as "Siamese Twins" who are culpable and; who have worked "*in concert*" as co-conspirators in a **Complicit and Collusionary** "partnership" with LWE and PROPAGATE Content.

    b.    Defendant(s) NBCUNI and VIACOMCBS perpetrated their deception by creating the "Perception" to Shareholders, the General Public and; the Media that the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1    Defendants(s) are competitors, jockeying for the Top position.

2              c.    Yet, based on Defendant(s) NBCUNI and VIACOMCBS conduct and

3    actions in this matter, it is apparent that Defendant(s) NBCUNI and VIACOMCBS Et al., are

4    actually Co-conspirators, operating as (2) Heads on a Hydra whose intent, purpose and; actions

5    are evident that NBCUNI and VIACOMCBS Et al., willfully assumed their co-conspirators

6    roles in their "Complicit and Illicit Partnership" with LWE and PROPAGATE.

7          101.    The Plaintiff alleged that during the Plaintiff's preliminary communication with

     VIACOMCBS in November 2019(**Exhibit# A2**). Defendant Vargas has already had his

8    "Script" formulated to deflect the Plaintiff.

9              a.    Defendant Michael Vargas (Assistant General Counsel) VIACOMCBS

10   verbally confirmed the following facts to the Plaintiff: (**1**) VIACOMCBS is the Production

11   Partner and 50% Financiers for the "ZORRO" Project; (**2**) NBCUNIVERSAL contracted

12   CBS through an ongoing production partnership to Co-produce the ZORRO Project; (**3**) the

13   VIACOMCBS' and NBCUNIVERSAL relationship has existed and spanned over multiple

14   projects and multiple years; (**4**) CBS is Financially involved with NBCUNI, PROPAGATE

     Et al., and Alfredo Barrios Jr.; (**5**) "Defendant Michael Vargas" is the Person within the CBS

15   Organization that handled the "ZORRO" Project negotiations with PROPAGATE and

16   NBCUNI and; (**6**) VIACOMCBS Inc. had implemented a Lucrative *"First Look Deal"* with the

17   Defendants PROPAGATE Content, Howard Owens and Ben Silverman based on

18   PROPAGATE being *"in possession"* of the "Zorro Project"; (**7**) Defendant Howard Owens is a

19   business associate and former employee of CBS Inc. and; VIACOMCBS Inc., does conduct

20   business with and provide Financing to Defendant(s) Howard Owens, Ben Silverman and

21   PROPAGATE Content; and; (8) Defendant Alfredo Barrios Jr. is an employee of CBS Inc.

22         102.    The Plaintiff alleges that Defendant(s) COMCAST, NBCUNI and

23   TELEMUNDO again, as Financiers, perpetrators, instigators, principal benefactors and primary

     beneficiaries willfully aided each other and their counterparts at VIACOMCBS by creating the
24
     stratagem of (1) how to Defraud the Plaintiff of her Properties and product(s) and; (2) how to
25
     Derail the Plaintiff's "Zorro" Production indefinitely and; (3) who would profit the most from
26
     the infringement and; (4) to aid themselves and each other, in their goal of "burying" the trail of
27
     the Infringement and the Plaintiff.

28         103.    The Plaintiff alleges that NBCUNI Et al., purposely contrived its convoluted

**FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION ITS LOSS OF OPPORTUNITY**

relationship with VIACOMCBS as a "Stratagem" specifically designed to create a "Legal quagmire" that would engulf the Plaintiff destroying her opportunity to Produce and distribute her Series' and to be Credited and Compensated for her Literary Works.

104.    The Plaintiff alleges that Defendants NBCUNI Et al., could foresee that a "Legal Circumstance" such as "A Lawsuit" would (1) take years to litigate and; (2) would most definitely cause an unmitigated delay for the Plaintiff's "Zorro/Vixen" Series production.

a.    The delay of the Plaintiff's production would provide Defendant(s) NBCUNI, LWE, PROPAGATE and VIACOMCBS the time the Defendants required to manufacture and broadcast their "Bootlegged" "Competitor" version of the Plaintiff's "Zorro" Properties.

b.    Defendants NBCUNI could foresee that their willful acts to impede and delay the Plaintiff's Zorro Production would give NBCUNI an "unfair advantage" over the Plaintiff and; allow Defendant(s) NBCUNI to "Commercially and financially gain" from their acts of sabotaging the Plaintiff "Zorro/Vixen" Productions.

105.    Defendants NBCUNI, LWE and PROPAGATE could foresee all of these events transpiring because; the Defendants Modus operandi in this matter "mirrors" the Defendants Modus Operandi in the ([JRE v. LWE Et al-Case No. BC633764])

a.    As is the case with Foster v. LWE et al.; in the JRE v. LWE case, Plaintiff JRE LLC alleges that LWE willfully "Unfairly Competed" with JRE by inducing Peter Salgado to violate the NDA that Salgado had signed with JRE and; provided pertinent details to LWE, to aid LWE in obtaining Millions of Dollars from UNIVISION to manufacture a "Carbon Copy" of Jenni Rivera's Life Story and; "Unfairly Competing" with TELEMUNDO Networks and JRE LLC's "Jenni Rivera" Television Project. That case is currently pending (([JRE v. LWE Et al-Case No. BC633764])

b.    Based on the Defendant's "joint" Press Release Statement (November 2019) the explicit truth is Defendant(s) PROPAGATE(and LWE), NBCUNI and VIACOMCBS (1) Conspired to Infringe; (2) Willfully Breached the Contract and the Confidence with the Plaintiff and; (3) deliberately "manufactured" a "Competitor **Female Zorro** product" which is the **approximate** and **exact** duplicate of the Plaintiff's infringed "Vixen" property and; (4) is wholly derived from the Plaintiff's "Vixen" (Female Zorro) Television Property; (5) for the purpose of obtaining Millions of dollars from NBCUNI and VIACOMCBS and;(6) honestly to

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION and;(LOSS OF OPPORTUNITY

Create a Lawsuit.

106.    The Defendant(s) actions were deliberate, pointed and; intended to create a multi-purposed *"Legal circumstance"* whose mechanism was (1) to defraud the Plaintiff of her properties and; (2) to prevent the Plaintiff from being able to Sell her "Zorro/Vixen" properties to any COMCAST/VIACOM "Competitor Networks" and; (3) to paving the way for NBCUNI Et al, to manufacture and distribute a "Competitor Product" and "commercially and financially gain" from their acts of Infringement

107.    The Defendant(s) propagated and disseminated their false narrative on the "Origins" of the "Zorro/Vixen "Original Series to the Domestic and International Media as part of their plan way to manipulate, the Public and; the Entertainment Industry into believing the NBCUNI "Lie" about the Origins and Ownership of the Female Zorro Project.

a.    As Media Conglomerates NBCUNI and VIACOMCBS were confident that, they would be totally successful and effective in manipulating the Entertainment industry into believing their "False Narrative" through utilizing a media gateway that at all times relevant to this matter was and; is totally influenced and completely controlled by Defendant NBCUNI and; their co-conspirators VIACOMCBS.
[Beware: The Most Powerful Man in America Not Who You Think (citywatchla.com)]

108.    The Defendant(s) Et al., acts of promoting their "False Narrative" regarding the Creation, Ownership and Origins of the Plaintiff's Zorro Properties to the U.S. and International Entertainment publications was and; is a *Direct* and **Intentional Tort** purposely created to subject the Plaintiff to (1) ) a **Loss of Opportunity and; (2) to violate the Plaintiff's Rights of Publicity** (17 U.S.C. §101 et seq./ U.S. Code: 15 U.S.C. § 45)

109.    Defendant(s) TELEMUNDO and NBCUNI purposely created and levied this Legal Circumstance directly onto the Plaintiff. Egregiously and intentionally *to compound* the Plaintiff's damages levied against the Plaintiff by LWE and PROPAGATE and coordinated their acts by initiating, instigating, and coordinating a legal battle which the Plaintiff intends on finishing before this Court.

## DEFENDANT(S):
### LATIN WORLD ENTERTAINMENT
### LUIS BALAGUER, SOFIA VERGARA

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

110.   **LATIN WORLD ENTERTAINMENT** is Owned and Operated by Luis Balaguer, Sofia Vergara and Does 1-10

    a.   In 2016, LATIN WORLD ENTERTAINMENT and UNIVISION were named as Defendants by Plaintiff Jenni Rivera Enterprises LLC for inducing a "Breach of Contract" and "Unfair Competition" for manufacturing and selling a "Competitor" Jenni Rivera Autobiographical Television Series to UNIVISON Networks (NBC/Telemundo Competitor network) which was intended to "Knock" Jenni Rivera Enterprises LLC's and TELEMUNDO's own production of "The Jenni Rivera Story" out of the box. LWE solicited protected information Jenni Rivera's former Business manager Peter Salgado in opposition to the Terms of the NDA between JRE and Peter Salgado.

    b.   Information which Defendants LWE did not disclose to the Plaintiff during any of the "parties" Communications in August 2018.

111.   In August of 2018, the Defendant(s) Latin World Entertainment (LWE) Et al., signed and executed a Non-Disclosure and Non-Competition and Letter of Intent agreement with the Plaintiff for access to the Plaintiff's "Zorro/Vixen" Properties and proprietary content. The defendants were granted "access" for the **Sole and singular** purpose of casting CDF in the Lead role of Zorro.

    a.   Beginning in Late 2019, Defendant Vergara (LWE) and Defendant Ben Silverman (PROPAGATE) have made public Statements propagating their "false narrative" to the U.S. and International Media that (1) Defendant Vergara is the Creator of the Female Zorro Project.  Defendant Vergara has indicated that (1) she is the individual who provided the "Zorro" idea to her Accomplice and co-defendant CEO Ben Silverman and;(2) that Defendant Vergara and Ben Silverman are the Producers of the Female Zorro Project, with direct Financing from NBC and Secondary financing from CBS for Exclusive Broadcast Distribution on NBCUNI.

    b.   As of the date of this complaint, Defendant(s) **LWE** have not produced or provided the Plaintiff with any materials such as: Copyrights Documents that would have provided a contrary to the Plaintiff's Claims of Copyright Infringement.

## **DEFENDANT(S):**

### **PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

112. **PROPAGATE Content** is Owned and Operated by Ben Silverman and Howard Owens. Defendant Ben Silverman and Howard Owens are individuals who were provided "unauthorized access" to the Plaintiff's Proprietary content by LWE and NBCUNI. Defendant(s) Silverman and Owens have previously held positions as Executives with NBCUNI and VIACOMCBS:

        a.     Ben Silverman once held an Executive Position at NBCUniversal LLC.

        b.     Howard Owens once held an Executive Position at VIACOMCBS Inc.

        c.     PROPAGATE is the Company, that have made public statements that PROPAGATE is the Production Company behind the "Female Zorro Project" with their Partners LWE with direct and Principal Financing from NBCUNI and; Secondary financing from VIACOMCBS for exclusive Broadcast Distribution on NBCUniversal and NBCUNI affiliates.

        d.     Defendant(s) PROPAGATE Content have acquired a Lucrative "First Look Production Deal with VIACOMCBS based solely on PROPAGATE being "*in possession*" of the "Female Zorro" Project. **(Exhibit #5).**

        e.     As of the date of this complaint, The Defendant(s) PROPAGATE, Howard Owens and Ben Silverman have not produced or provided the Plaintiff with any materials such as: Copyrights Documents that would have provided a contrary to the Plaintiff's Claim of Copyright Infringement.

        f.     Defendant(s) Ben Silverman and Howard Owens have refused to provide the Plaintiff **True** and correct information identifying their Legal Representative(s) and; have instead identified Defendant "Michael Vargas" and VIACOMCBS as their Legal representative in regard to this Matter.

## DEFENDANTS:
## TELEMUNDO, NBCUNIVERSAL, COMCAST

113. TELEMUNDO is wholly owned by COMCAST Corporation and is the Sister Network to NBCUNIVERSAL which is also Wholly owned by the COMCAST Corporation

        a.     COMCAST, NBCUNI, TELEMUNDO have placed themselves on record as being the Financiers of the "Zorro Project" which is being manufactured by VIACOMCBS

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and NBCUNI with PROPAGATE Content for exclusive Distribution on NBC and NBC Affiliate Networks.

b.      Defendant(s) NBCUNI have at all times relevant to this matter, been completely cognizant that LWE and PROPAGATE were "trafficking" the Plaintiff's Infringed Properties. Defendants' NBCUNI willfully chose to aid Defendant(s) LWE and PROPAGATE illicit activities by providing LWE and PROPAGATE Financial support and a Legal Shield

c.      Defendant(s)TELEMUNDO and NBCUNI conspired to "set the Plaintiff up" and did "in essence" commit pre-meditated "Larceny" (10 U.S. Code § 921) of the Plaintiff's properties by "feigning interest" in legally acquiring the Plaintiff's properties through the establishment of a "Distribution deal" with the Plaintiff's production company.

d.      Defendant's NBCUNI and TELEMUNDO's actions were strictly and purposely organized to "grant *themselves* unadulterated access" to the Plaintiff's proprietary "Zorro/Vixen" Content and Properties and then "take Possession" and "Sell" the Plaintiff's properties to countless individuals through "Theft by Deception and Theft by Conversion" and; to "aid" NBCUNI, LWE and PROPAGATE with their actions of Infringing on and Misappropriating the Plaintiff's Zorro Properties.

e.      *As of the Date of this complaint, TELEMUNDO has refused to communicate with the Plaintiff regarding the Plaintiff's "Zorro/Vixen" Properties Submissions which were properly submitted in "Good faith" and received by TELEMUNDO /NBCUNI in August and September 2019.*

f.      As of the date of this complaint, the Defendant(s) *COMCAST*, NBCUNI, TELEMUNDO have refused to communicate with the Plaintiff and; have refused to respond to the Plaintiff's *service* of the Cease and Desist and Notice(s) of Intent documents

g.      As of the date of this complaint Defendant(s)NBCUNI and Telemundo have not produced or provided the Plaintiff with any materials such as: Copyrights Documents that would have provided a contrary to the Plaintiff's Claims of Copyright Infringement.

## DEFENDANTS:
## VIACOMCBS, NATIONAL AMUSEMENTS, SHARI REDSTONE

https://www.dfeh.ca.gov/wp-content/uploads/sites/32/2020/05/DFEH-Disney-PR.pdf)

114.    In 2019, CBS and VIACOM re-merged from two separate entities in to one

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Corporation: VIACOMCBS

a.      NATIONAL AMUSMENTS is the parent company of VIACOMCBS Inc. National Amusements, which directly and through subsidiaries, holds approximately 79.4% of the *Class A* (voting) common stock of VIACOMCBS, constituting approximately 10.2% of the overall equity of the Company and is Owned by Sheri Redstone, with Thaddeus Jankowski as General Counsel.

b.      In November 2019 Defendant Michael Vargas (Asst General Counsel West Coast VIACOMCBS) informed the Plaintiff of the following facts: (1) VIACOMCBS is the Production Partner and 50% Financier for the "ZORRO" Project; (2) that NBCUNI had contracted CBS through an ongoing production partnership to Co-produce the ZORRO Project; (3) that VIACOMCBS' relationship with Defendant(s) NBCUNIVERSAL has existed and spanned over multiple projects and multiple years; (4) CBS is Financially involved with Defendant(s) NBCUNI, PROPAGATE Et al,. and Alfredo Barrios Jr.; (5) that "Defendant Michael Vargas" is the Person within the CBS Organization that handled the "ZORRO" Project negotiations with Propagate Content; (6) that *CBS Inc.* had signed and implemented a Lucrative *"First Look Deal"* with the Defendant PROPAGATE Content, Howard Owens and Ben Silverman because they were *"in possession"* of the "Zorro Project"; (7) that *Defendant Howard Owens* is a business associate and former employee of CBS Inc. and that CBS Inc., does conduct business with and provide Financing to Defendant(s) Howard Owens and Ben Silverman and their Company PROPAGATE Content; (8) Defendant(s) Howard Owens and *Alfredo Barrios Jr*. are regarded as employees of *CBS Inc.*

115.    In June 2020, The State of California Department of Fair Housing and Employment sued VIACOMCBS and its Partner ABC Networks for acting "In Concert" to "cover up" Sexual Misconduct on one of its one of its highest-ranking Employees on one of its Highest grossing Co-productions, the TV Show "Criminal Minds"

The State of California Alleges that:

> **The Networks" (CBS/ABC) and the associated Production Companies**
> **worked "in concert" for more than 10 years to hide from the Public, the**
> **Media, the Advertisers, and their Shareholders, that VIACOMCBS and**
> **ABC Et al., were aware of the Acts of Sexual Misconduct and retaliatory**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

acts by its Production Team Staff Member. **Conduct that had been reported for at least 10 years and that CBS and ABC covered it up as to not bring negative publicity to one of VIACOMCBS/ABC highest "Ad Revenue" grossing Shows.**

116.   In November 2019, the Plaintiff contacted Thaddeus Jankowski the General Counsel of National Amusement General via telephone to serve National Amusements copies of the pre-litigation documents (Cease and Desist and Notice of Intent) that CBS and VIACON Legal Affairs Departments had been Served regarding the Plaintiff's Plans to seek civil remedy in the "Zorro/Vixen" Controversy.

117.   Mr. Jankowski refused to communicate directly with the Plaintiff. Mr. Jankowski informed the Plaintiff that she would have to initiate legal proceedings in order to communicate with the Defendants National Amusements.  It was at this time, the Plaintiff informed Mr. Jankowski that NATIONAL AMUSEMENTS would be named as Defendant(s) in any and all Civil actions arising out of this matter. As of the Date of this Complaint National Amusements has not made any efforts to communicate with the Plaintiff. As such National Amusements has been notified and informed in regard to this matter as Early as November 2019.

## **DEFENDANT**
## **ANA SALAS SIEGEL**

118.   Defendant Siegel, is an Officer of the Court and aware, knowledgeable, and educated of the Laws of the United States of America and; Defendant Siegel is fully cognizant that Copyright Infringement is (1) Against the Law and; (2) A Federal Offense punishable by imprisonment up to 5 years.

a.       Defendant Siegel is the General Counsel of Telemundo and; In her capacity as General Counsel and; in the scope of her employment with Defendant(s) Telemundo any and all agreements including but not limited to: Inter-Network financing, Distribution and Production deal partnerships, Contracts, Acquisitions of Content, Partnerships, Deal Memos, Authorizations to release funds and ownership documents would have to be approved by Defendant Siegel.

b.       The Plaintiff alleges that Defendant Siegel as the General Counsel for Telemundo Networks was at all times relevant to this matter completely cognizant that (1)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the Plaintiff's "Copyright "Zorro/Vixen" Properties had been properly submitted to Telemundo Legal Affairs and Submissions Departments and; (2) had knowledge and was informed that the Plaintiff's Submissions were Copyright, as is required by Defendants TELEMUNDO's own submission Protocol and; (3) that the Plaintiff's sole Purpose for submitting her Properties and Project to TELEMUNDO was specifically for Acquisition and Distribution on Telemundo Network.

        c.    In Defendant Siegel's capacity as General Counsel of the TELEMUNDO Networks, any and all negotiations and agreements with the Defendant(s) NBCUNI, LWE, PROPAGATE, VIACOMCBS would have to have been (a) drafted; (b) reviewed; (c) approved and; (d) acknowledged by Defendant Seigel. The purpose of such agreements would have been to define TELEMUNDO's position as Owner and Financiers of the Spanish Version of the "Zorro/Vixen" project and; would also establish and restrict any Claims of ownership by VIACOMCBS. All agreements and contracts would have to have been reviewed by Defendant Siegel prior to any funds being (1) authorized; (2) approved; (3) released and; (4) dispersed to Defendant(s) LWE, PROPAGATE Et al and VIACOMCBS and; prior to any Press Release Statement authorized for Dissemination.

        d.    As of the Date of this Complaint and; at all times relevant to this matter Defendant Siegel, and the staff of the Telemundo Legal Affairs have continually evaded, lied to and; provided the Plaintiff false and misleading information, regarding the Plaintiff's "Zorro/ Vixen" Submission which defendants' Telemundo received in August/September 2019 and; Defendants TELEMUNDO have refused to communicate with or address the Plaintiff's claims and; have not responded to any of the Plaintiff emails and inquiries.

## DEFENDANT:
## KIMBERLEY HARRIS

    119.    Defendant Harris, is an Officer of the Court and aware, knowledgeable, and educated of the Laws of the United States of America and; Defendant Harris is fully cognizant that Copyright infringement is (1) Against the Law and; (2) A Federal Offense punishable by imprisonment of up to 5 years.

        a.    Defendant Kimberley Harris is the General Counsel of NBCUNI, and in her capacity as General Counsel and; in the scope of her employment with Defendant(s)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION WITH DEFENDANT AND LOSS OF OPPORTUNITY

NBCUNI, all agreements including but not limited to: Inter-Network financing, Distribution and; production partnerships, Contracts, Acquisitions of Content, Partnerships, Deal Memos, Authorizations to release funds and ownership documents would have to be approved by Defendant Harris.

b.    In Defendant Harris' capacity as General Counsel of the NBCUNI Corporation any and all negotiations and agreements with the Defendant(s) PROPAGATE, LWE, TELEMUNDO, VIACOMCBS, would have been (a) drafted; (b) reviewed; (c) approved and; (d) acknowledged by Defendant Harris. The purpose of such agreements would have been to define COMCAST Et al., position as Owner and Financiers of the "Zorro" production(s) and would also establish and restrict any Claims of ownership by VIACOMCBS and PROPAGATE on the English Version of the "Zorro/Vixen" project. All of which would have been conducted by Defendant Harris prior to any funds being (1) authorized; (2) approved; (3) released and; (4) dispersed to Defendant(s) LWE, PROPAGATE Et al., and VIACOMCBS and; prior to any Press Release Statement authorized for Dissemination.

c.    Defendant Harris as the General Counsel for NBCUNI, was at all times cognizant of Telemundo Networks relationship with the Plaintiff and; had been informed by its Sibling TELEMUNDO Networks Legal Affairs Department that (1) that the Plaintiff's had properly submitted her legally "Copyright" "Zorro/Vixen" Properties to the Submissions and Legal Affairs Department of Telemundo for the sole Purpose of Acquisition and Distribution on Telemundo Networks and; (2) the Plaintiff's Submissions were legally Copyright, as is required by the Defendant's TELEMUNDO submission Protocol and; (3) the current state of negotiations that TELEMUNDO and the Plaintiff were engaged in at the time TELEMUNDO  provided NBCUNI access to the Plaintiff's finished "Zorro/Vixen" Content, Script, and properties.

d.    Between 11/2019 and 7/2021 Defendant Harris has refused to communicate with or address the Plaintiff's claims or to respond to the Plaintiff's emails. Defendant Harris has instead directed her assistant Ann Woods, who is not an Attorney or legally allowed to represent NBCUNI to communicate with the Plaintiff on behalf of NBCUNI Legal Affairs. When this did not deter the Plaintiff, Defendant Harris then directed Defendant Tania Hoff to deflect for Defendant Harris in an effort to delay the Service and Identification of NBCUNI staff involved with NBCUNI's Infringement of the Plaintiff's "Zorro" Properties **(Exhibit #**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

**12b)**

## DEFENDANT:

## TANIA HOFF

120.     Defendant Tania Hoff is an Officer of the Court and aware, knowledgeable, and educated on the Laws of the United States of America and fully cognizant that Copyright infringement is (1) Against the Law and; (2) A Federal Offense punishable by imprisonment of up to 5 years.

     a.     The Defendant Tania Hoff is the Senior Vice President, and Head of Television and Feature Film Litigation for NBCUNIVERSAL, in her capacity as SVP and; in the scope of her employment with Defendants NBCUNI, all agreements including but not limited to: Inter-Network Financing, Distribution and production partnerships, Contracts, Acquisitions of Content, Partnerships, Deal Memos, Authorizations to release funds and ownership documents would have to be approved by Defendant Hoff.

     b.     Defendant Hoff as the Senior Vice President, and Head of Television and Feature Film Litigation for NBCUNI was completely cognizant of (1) Telemundo Networks relationship with the Plaintiff and; (2) that the Plaintiff's had properly submitted her legally "Copyright" "Zorro/Vixen" Properties to the Submissions and Legal Affairs Department of Telemundo for the sole Purpose of Acquisition and Distribution on Telemundo Networks and; (3) the Plaintiff's Submissions were legally Copyright, as is required by Defendant's TELEMUNDO submission Protocol and; (4) the current state of negotiations that Defendants TELEMUNDO and the Plaintiff were engaged in at the time TELEMUNDO provided NBCUNI access to the Plaintiff's finished "Zorro/Vixen" Content, Script, and properties

     c.     Based on Defendant Hoff's position in Defendants' NBCUNI Company, any and all negotiations and agreements with the Defendant(s) TELEMUNDO, VIACOMCBS PROPAGATE and LWE would have to been (a) drafted; (b) reviewed; (c) approved and; (d) acknowledged by Defendant Hoff. The purpose of such agreements would have been to define COMCAST Et al., position as Owner and Financiers of the" Zorro" production(s) and; would also establish and restrict any Claims of ownership by VIACOMCBS and PROPAGATE on the English Version of the "Zorro/Vixen" project. All of which would have been conducted by Defendant Hoff prior to any funds being (1) authorized; (2) approved; (3) released and; (4)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1  dispersed to Defendant(s) LWE, PROPAGATE Et al and VIACOMCBS and; prior to any Press

2  Release Statement authorized for Dissemination.

3          d.      Defendant Hoff has only communicated with the Plaintiff once via email,

4  in the last 17 Months despite all of the Plaintiff's Phone Calls, emails and Service (USPS). That

5  communication occurred in November 2019 at which time the Plaintiff had informed Defendant

6  Hoff of the existence of a recording of a Telephone call that had transpired between Telemundo

7  Legal Affairs and the Plaintiff that would (1) impeach the Defendants "false narrative"

8  regarding the Zorro Projects and;(2) in which Defendant(s) TELEMUNDO had informed the

9  Plaintiff of their intention to provide NBCUNI "access" to the Plaintiff's "Zorro/Vixen"

10  properties. Once informed of this, Defendant Hoff has refused to communicate with or address

11  the Plaintiff. Furthermore, Defendant Hoff has not responded to the Plaintiff's emails and; or

phone calls as of December 2019 **(Exhibit(s) #12-12b).**

## DEFENDANT:
## CHRISTA D'ALIMONTE

121.    At all times relevant to this matter Christa D'Alimonte, has been an Officer of

the court and aware, knowledgeable, and cognizant of the Laws of the United States of

Americathat Copyright infringement is (1) Against the Law and; (2) A Federal Offense

punishable by imprisonment of up to 5 years.

        a.      Defendant D'Alimonte is and was the General Counsel of VIACOM Inc.

during all times relevant to this matter. In her capacity as General Counsel and; in the scope of

her employment with Defendant(s) VIACOMCBS. Any and all agreements regarding any

financial or contractual dealings including but not limited to, Contracts, Deal Memos,

Acquisitions of Content, Partnerships, Authorizations to release funds and; all agreements

establishing ownership regarding the Zorro Content between Defendant(s) NBCUNIVERSAL,

LWE Et al., PROPAGATE Content Et al., VIACOMCBS and Alfredo Barrios Jr. would have

been (a) drafted; (b) reviewed; (c) approved and; (d) acknowledged by Defendant D'Alimonte

prior to *any* acquisition funds and; or production funds being (1) authorized; (2) approved; (3)

released and; (4) dispersed to Defendant(s) LWE and PROPAGATE Et al., and; prior to any

Press Release Statement authorized for Dissemination.

        b.      The Plaintiff alleges that at all times relevant to this matter Defendant

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

D'Alimonte, as the General Counsel for VIACOMCBS Inc. had knowledge and had been informed by the Legal Affairs Department of NBCUNI and VIACOMCBS Studios West Coast Legal Affairs of; (1) the specific details and terms of VIACOMCBS acquisition, financing, and production Deals with Defendant(s) NBCUNI, PROPAGATE Et al., and Alfredo Barrios Jr.

    c.    Defendant D'Alimonte has been provided multiple opportunities to address the Plaintiff and has at all times relevant to this matter, consistently refused to acknowledge the Plaintiff and the conduct of VIACOMCBS Employees Michael Vargas (West Coast Counsel) and former VIACOMCBS West Coast General Counsel Johnathon Anschell (DOE).

    d.    The Defendant Christa D'Alimonte, authorized and encouraged VIACOM Employees: (1) Her personal assistant and;(2) Jon Yonovich (DOE) to consistently misrepresent themselves to the Plaintiff, by informing the Plaintiff that they were Legal representatives of VIACOMCBS and; authorized to communicate on behalf of Defendant(s) Christa D'Alimonte and Defendant VIACOMCBS' Legal Affairs Department.

    e.    Beginning in December 2019 and continuing on to May 2021 Defendant D'Alimonte also authorized an Individual named Yehuda Buckwietz to contact and misrepresent himself to the Plaintiff as the Legal Representative for VIACOMCBS (**Exhibit(s) #15-15c**).

    f.    Act's which were committed as part of Defendant D'Alimonte's and VIACOMCBS' plan to (1) deflect the Plaintiff's inquisition into VIACOMCBS involvement; and (2) to prevent the identification and service of all Parties and DOE individuals involved and; (3) to misdirect the Plaintiff so that service would be delayed and; so as to not interfere with the Defendant(s) CBS and VIACOM re-merger and rebranding.

## DEFENDANT:
## LAURA FRANCO

122.    Defendant Laura Franco is an Officer of the Court and aware, knowledgeable, and educated on the Laws of the United States of America and; fully cognizant that copyright infringement is (1) Against the Law and; (2) A Federal Offense punishable by imprisonment of up to 5 years.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE §1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1

2          a.      Defendant Laura Franco was the General Counsel of CBS Inc. during all

3    times relevant to this matter. In her capacity as General Counsel and; in the scope of her

4    employment with Defendant(s) VIACOMCBS any and all agreements regarding any financial

5    or contractual dealings including but not limited to: Contracts, Deal Memos, Acquisitions of

6    Content, Partnerships, Authorizations to release funds and agreements establishing ownership

7    regarding the Zorro Project terms between the Defendant(s) VIACOMCBS, NBCUNI,

8    PROPAGATE Et al., and Alfredo Barrios Jr. would have been (a) drafted, (b) reviewed, (c)

9    approved and; (d) acknowledged by Defendant Franco prior to *any* acquisition funds and; or

10   production funds been authorized, approved, released, or distributed to the Defendants

     PROPAGATE, LWE and Alfredo Barrios Jr. and; prior to any Press Release Statements being

     authorized for dissemination.

           b.      Defendant Laura Franco, as the General Counsel for CBS Inc. would

     (1) have had to at all times relevant to this matter been informed by NBCUNI Legal Affairs

     and VIACOMCBS Studios West Coast Legal and Production departments of the specific

     details and terms of VIACOMCBS Partnership with NBCUNI and PROPAGATE. Defendant

     Franco would have had been completely aware of the Terms of the CBS Acquisition, Financing,

     and Production deals of the "Zorro" Project and; Defendant Franco would have had to have

     signed off on any financing with the Defendant(s) NBCUNIVERSAL, PROPAGATE Et al.,

     and Alfredo Barrios Jr.

           c.      Defendant Franco has been provided multiple opportunities to address the

     Plaintiff and; has at all times relevant to this matter, consistently refused to discuss or

     acknowledge the Plaintiff and West Coast Counsel Michael Vargas and former West Coast

     General Counsel Johnathon Anschell (Defendant Franco's direct subordinate) conduct relating

     to this matter. Defendant Franco even went as far as to attempt to convince the Plaintiff, that she

     had no knowledge of who Defendant Michael Vargas was or his capacity at VIACOMCBS.


### **DEFENDANT**
### **MICHEAL VARGAS**


     123.   At all times during this matter Defendant Michael Vargas, has been an Officer

     of the Court and aware, knowledgeable, and educated of the Laws of the United States of

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

America and fully cognizant that copyright infringement is (1) Against the Law and; (2) a
Federal Offense punishable by imprisonment of up to 5 years.

     a.    Defendant Vargas has identified himself the individual who brokered
the PROPAGATE Deal with VIACOMCBS for the "Zorro" Projects. Defendant Vargas has
at all times relevant to this matter been willfully deceptive in his acts to deflect the Plaintiff
and the Plaintiff's inquisition into VIACOMCBS' level of involvement with Defendant(s)
NBCUNI Et al., and PROPAGATE Et al., acts of Copyright Infringement and Willful
Misappropriation of the Plaintiff's "Zorro/Vixen" properties.

     b.    During their initial phone conversation In November 2019, Defendant
Vargas informed the Plaintiff that VIACOMCBS Inc., would indemnify the Defendant(s) Ben
Silverman, Howard Owens, and Alfredo Barrios Jr. as "CBS Employees" should the Plaintiff
proceed with legal action against CBS for Conspiracy to Commit Copyright Infringement.

     c.    As of the date of this Complaint Defendant Vargas has refused to
provide the Plaintiff any letters of representation or Statements of Indemnification for
Defendant(s) Ben Silverman, Howard Owens, or Alfredo Barrios Jr and;

     d.    Defendant Vargas has repeatedly directed the representatives of Ben
signed off on any financing with the Defendant(s) NBCUNIVERSAL, PROPAGATE Et al.,
Silverman, Howard Owens, Propagate Content and Alfredo Barrios Jr., to direct the Plaintiff to
communicate with and contact Defendant Vargas and CBS in regard to this matter.

     e.    Defendant Vargas has repeatedly refused to receive documents on behalf
of Defendant(s) Ben Silverman, Howard Owens, and Alfredo Barrios Jr. and; has *refused* to
provide the Plaintiff with the correct address and Identification for the Agents of Service for
Alfredo Barrios and Howard Owens who VIACOMCBS Inc. consider "Employees".

     f.    Defendant Vargas has informed the Plaintiff that, he did not have to
provide and; would not provide the Plaintiff with any documentation regarding the Legal
Representation and Indemnification of Defendant(s) PROPAGATE Content Et Al., and
Defendant Alfredo Barrios Jr.

     g.    Defendant Vargas' actions, intention and purpose has at all times been to
purposely misdirect the Plaintiff and; Defendant Vargas has deliberately interfered with the
Plaintiff's ability to identify and properly serve all of the VIACOMCBS and PROPAGATE
Defendants and parties in a Timely Manner.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

h.     The Plaintiff alleges that Defendant Vargas' entire purpose of delaying and misdirecting the Plaintiff has at all times been to cover up for his misdeeds, the Misdeeds of VIACOMCBS and; their Willful and willing involvement with Defendants NBCUNI, PROPAGATE and LWE' acts of Copyright infringement Et al., regarding the Plaintiff's "Zorro/Vixen" properties.

i.     Defendant Vargas informed the Plaintiff during their initial phone conversation, in November 2019, that he would implement an "investigation" into the Plaintiff's claims.

j.     Defendant Vargas' investigation was in fact non-existent, wholly, and completely inadequate and; did not include communicating with the Plaintiff or obtaining any records from the Plaintiff. Additionally, Defendant Vargas would not provide the Plaintiff with any records, documentation or the results of his alleged investigation, of which the entire "investigation" was finalized within 24 hours of Plaintiff's November 8, 2019, conversation with Defendant Vargas (**Exhibit #13**)

## DEFENDANT:
## ALFREDO BARRIOS Jr.

124.   Defendant Alfredo Barrios Jr. has identified himself and; has placed himself on record as the "Writer" and "Producer" of "Zorro" Series (**Exhibit # 18**)

a.     The Plaintiff alleges that Defendant Alfredo Barrios Jr.'s *is* an Individual whose intent, purpose and "Job" has always been to provide "Cover" for Defendant(s) VIACOMCBS, LWE and PROPAGATE involvement in the Infringement of the Plaintiff's "Zorro/Vixen" Properties by purposely misrepresenting himself to the Public and the Media that he is the "Writer" of the Zorro Project and; that Defendant Barrios Jr. did conspire with LWE, NBCUNI, PROPAGATE and VIACOMCBS to "pass off" the Plaintiff's "Zorro/Vixen" Properties as his own.

b.     Defendant Alfredo Barrios Jr. is an individual who (1) has been identified as an Employee of VIACOMCBS and; (2) who was employed by VIACOMCBS as "Writer" of the "Z" Project and; (3) is an individual who Defendant(s) NBCUNI Et al., LWE Et al., and PROPAGATE Et al., did provide "unauthorized access" of the Plaintiff's "Zorro/Vixen" Properties for the purpose of "aiding and abetting" his co-conspirators LWE, PROPAGATE NBCUNI Et al., and VIACOMCBS Et al., with manufacturing NBCUNI and VIACOMCBS

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"bootleg" scripts by plagiarizing the Plaintiff's proprietary "Zorro" Scripts and; has continued to work "in concert" at "passing the Plaintiff's properties of as his own" for the purposes of receiving untold funding from VIACOMCBS.

        c.      Defendant Alfredo Barrios Jr. is also privy to pertinent information regarding whom, where and; when he obtained access to the Plaintiff's "Zorro" Properties and Materials.

        d.      As of the date of this complaint, Defendant Alfredo Barrios Jr. has not provided or produced to the Plaintiff any materials such as: Copyrights documents that would have provided a contrary to the Plaintiff's Claims of Copyright Infringement

        e.      As of the date of this complaint, Defendant Alfredo Barrios Jr. has consistently refused to provide true and correct information to the Plaintiff regarding his Legal Representative and' has instead repetitively directed his Representatives to inform the Plaintiff to contact the Defendant "Michael Vargas" and VIACOMCBS in regard to this Matter.

## VIII
## FIRST CLAIM FOR RELIEF
## CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT
CACI No. 3600. Conspiracy - Essential Factual Elements: (CACI) (2020): Justia

### Names of Defendants:
**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER,
SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD
OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST INC.,
VIACOMCBS INC., NATIONAL AMUSEMENTS INC., ANA SALAS SIEGEL,
KIMBERELY HARRIS,
TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS,
ALFREDO BARRIOS Jr, and DOES 1-25**

125.    On information and Belief, beginning in August 2018, and at all times relevant to this matter, Defendants Sofia Vergara and Luis Balaguer Conspired to Commit Copyright infringement through "employing" their positions as the Business Agents for Cristian De la

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Fuentes and willfully deceived the Plaintiff into believing that LWE would assist the Plaintiff, with casting CDF in the Lead role of the Plaintiff's "Zorro" The Original Series Television Product in order to "gain access" to and "Steal" the Plaintiff's "Zorro/Vixen" properties.

       a.     Defendants Vergara and Balaguer (LWE) continued the Infringement by Conspiring with Defendants Silverman and Owens (PROPAGATE) to subvert the Plaintiff with NBCUNI by using the Plaintiff's own "Zorro/Vixen" Properties to "Unfairly Compete" with the Plaintiff's ability to secure Acquisitions and Distribution with Network NBCUNI and UNIVISION by "Trafficking" her "Zorro" Properties NBCUNI Et al.

    126.   In August of 2018, Defendant(s) Latin World Entertainment Et al., signed and executed a Non-Disclosure, Non-Competition and Letter of Intent with the Plaintiff to Cast Cristian De la Fuentes as the Lead in Zorro-The Original Series. Defendants LWE Et al., were informed that the Plaintiff "Zorro" Television Series was in the final stages of Pre-production and; actively seeking Network distribution with TELEMUNDO and UNIVISION (**Exhibit #4**)

    127.   In August 2018 Defendants LWE had required that the Plaintiff divulge *pertinent* and *protected* details to LWE Et al., including "access" to the Plaintiff's Network/Distributor strategy, which included bringing Mr. De la Fuentes to the United States in November 2018 to finalize his Contract and; to fast-track the International Distribution and International Pre-sales of the collective "Zorro and Vixen" Series at the American Film Market.

       a.     Information LWE had required the Plaintiff as part of the "Viability qualifications" for casting CDF in the Plaintiff's Series

       b.     In early August 2018, the Plaintiff did submit the "Zorro/Vixen" Treatment Properties (Project) to the Defendant(s) Latin World Entertainment Et al., in "Good Faith" and; for the "Sole" purpose of casting CDF in the Lead role of Zorro.

       c.     The Plaintiff's Offer for CDF was quite lucrative, and included Points (Back-End Profits), Salary as Talent and Executive Producer Credit (**Exhibit#4**)

    128.   In August 2018 Defendants LWE Et al., now completely aware that with the attachment of CDF, the Plaintiff's "Zorro" series project was ***Pret-a-porter*** (Ready to Wear) meaning that the Plaintiff would now be in a Power position to sell the "Zorro" Series' Independently to any U.S. or International Distributor (Network) or Film Studio and; able to enter into Production on the "Zorro/Vixen" Television Series virtually immediately (and simultaneously), commencing with Principal photography within 45-60 Days from Green Light

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1   (1st Round Funding).

2       129.    On information and belief and based on Defendant(s) Sofia Vergara statements
3   to the Media. LWE's plan and intent was simple: LWE would enlist PROPAGATE and ERIS to
4   "aid" in **the Conspiracy to Commit Copyright Infringement, in** Defrauding the Plaintiff of
5   her Zorro properties and; in "Sabotaging" the Plaintiff Production of "Zorro"-The Original
6   Series". Conspirators Defendant(s) Silverman and Owens (PROPAGATE) "Job" was
    Subverting the Plaintiff and "Trafficking" the Plaintiff's "Zorro/Vixen" Project to NBCUNI for
7   Millions of Dollars.

8           a.      ERIS's (Tina Randolph) **"Job"** was to "aid" LWE's acts of willful
9   infringement and sabotage of the Plaintiff's Zorro production by also sabotaging the casting of
10  LWE's and ERIS' own client CDF as the Lead in the Plaintiff's "Zorro" Series Project by (1)
11  refusing to communicate with the Plaintiff in a Timely manner and; (2) keeping the Plaintiff in
12  a perpetual state of delay regarding Mr. De la Fuentes' availability, travel and production
13  schedules and; (3) interfering with bringing CDF to Los Angeles to finalize his Contracts in
14  November 2018 all which was deliberate act to impede the Plaintiff's Production in 2018.

15          b.      LWE, PROPAGATE and ERIS were cognizant that if the Plaintiff's was
16  successful in casting CDF and bringing him to the United States in November 2018, that LWE
17  and PROPAGATE plans to "Steal", Infringe and Traffic" the Plaintiff's (collective) Zorro"
    properties (Projects) to NBCUNI would be derailed.

18      130.    LWE and PROPAGATE's stratagem was intended to (1) prevent the Plaintiff
19  from replacing CDF as the Lead and;(2) to prevent the Plaintiff from beginning production on
20  the Zorro/Vixen" project(s) in 2018.

21      131.    Defendant(s) Vergara, Balaguer (LWE), PROPAGATE Et al., and accomplice
22  ERIS's conspiracy was designed and intended to provide Defendant(s) Vergara, Balaguer
23  and; co-conspirators Defendant's Silverman and Owens the time LWE and PROPAGATE
24  required to subvert and circumvent the Plaintiff with NBCUNI by submitting the Plaintiff's
25  "Zorro/Vixen" properties to NBCUNI under the "False designation of origin"(15 U.S. Code §
26  1125) that the Zorro Properties (Project) were a PROPAGATE/LWE Project intentionally
    eliminating the Plaintiff's opportunity to do so.

27      132.    Both of PROPAGATE CEOs are individuals who have deep connections to the
28  Defendant(s) NBCUNI and VIACOMCBS. Ben Silverman is a Former Executive of the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1    NBCUNI Et al., and Howard Owens is a Former executive of VIACOMCBS Et al.

2        133.    In October 2018, the Plaintiff again confronted LWE and ERIS on the delay of

3    finalizing the Contract at which time LWE and ERIS would no longer respond to the Plaintiff's

4    emails or phone calls. In November 2018, the Plaintiff began the "painstaking" process of

5    replacing CDF.

6        134.    The proximate result of Defendant(s) LWE Et al., and ERIS acts of Industrial

7    Sabotage (18 USCA §§ 1831–1839), would derail and delay the Plaintiff's Original Series

8    Production for (12) Months until September 2019, at which time the Plaintiff would be able to

9    attach Actor Rafael Amaya to the project the Lead in "Zorro" The Original Series. It would

10   take one Year, but the Plaintiff would establish contact with Telemundo in May of 2019 and

11   replace CDF in September 2019 and; the "Zorro/Vixen" properties would finally be submitted

12   TELEMUNDO Networks and; subsequently and ultimately NBCUNI Et al., in September 2019.

## LWE, PROPAGATE, NBCUNIVERSAL, TELEMUNDO

13       135.    First contact between the Plaintiff and Defendant TELEMUNDO Networks

14   occurred in **May 2019** and; had been properly vetted by way of Defendants' TELEMUNDO

15   Legal Affairs Department. At all times relevant to this matter, all communication between the

16   Plaintiff and Defendants TELEMUNDO had been conducted directly through Lourdes Ramos

17   "Executive Assistant" to Telemundo General Counsel Ana Salas Siegel via email and

18   Telephone communications.

19       136.    During their initial contact, the Plaintiff had informed Telemundo Legal Affairs

20   that (1) The Plaintiff's "Zorro/Vixen" was in the final Pre-Production Stages on the "Zorro"

21   Projects, with Talent and Post Attached and; (2) the Production was now in position to seek

22   a Broadcast Distribution Partner.

23       137.    On information and belief, the Plaintiff alleges that TELEMUNDO Deception

24   and **Deceptive Business tactics** were an integral part of the TELEMUNDO, NBCUNI Et al.,

25   LWE Et al., and PROPAGATE's Conspiracy to Commit Copyright infringement and; the

26   misappropriation of the Plaintiff's Zorro properties.

27       138.    In late August/Early September 2019, through a series of communications and

28   negotiations between the Plaintiff and TELEMUNDO Networks Legal Affairs and

     Development departments. The Plaintiff's Copyright "Zorro/Vixen" Show Bible (Storybook,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Budget, Season One breakdown, Concepts, Premise, Character Breakdown, Materials, Ideas, and Property Brochure) was **properly submitted** directly to the Employees of the TELEMUNDO Networks Legal Affairs and Submissions Department in "Good Faith" via the internet.

139.    On information and belief, the Plaintiff alleges that at all times during the entire submission process, Defendant(s) TELEMUNDO were by now completely aware that NBCUNI was already in possession of the Plaintiff's "unfinished" "Zorro" Properties and; had been seeking an avenue to "gain access" to the Plaintiff's **"Finished"** Properties.

a.    TELEMUNDO's "Job" was simple: Deceive the Plaintiff into believing that (1)Telemundo planned on establishing a "Legitimate Business" (Production) deal with the Plaintiff for the acquisition of her "Zorro" Properties and; (2) deceive the Plaintiff into believing that Telemundo was providing NBCUNI access to the Plaintiff's "Zorro" properties for what was supposed to be the "first time" for consideration for Acquisition and Distribution and; (3) to "legally Shield" co-conspirators NBCUNI acts of infringement by employing the Telemundo Submission agreement Documents to justify NBCUNI's willful acts of **Theft by Deception** and **Theft by Conversion.**

140.    In September 2019, the Plaintiff executed a Letter of Intent with Actor Rafael Amaya to be the Lead in "Zorro"-The Original Series.

a.    In September/October 2019, Mr. Amaya's Attorney informed the Plaintiff that he had (1) "personally" informed TELEMUNDO that "Rafael" had signed on to the Plaintiff's "Zorro" Series Project and; (2) confirmed that the terms of Mr. Amaya's (Telemundo) contract with the Telemundo Network Legal Affairs was "Open" and; (3) that Mr. Amaya was able to accept the terms of the Plaintiff's LOI/NDA/NCA.

141.    Mr. Amaya's Attorney also revealed to the Plaintiff, that TELEMUNDO Legal Affairs had questioned him on whether or not the Plaintiff "owned" the Rights to the "Zorro/Vixen" Project. Information that Mr. Amaya's Legal representative, had no knowledge of.

142.    In early October 2019, an Agent of TELEMUNDO Networks had contacted the Plaintiff and; proceeded to inform the Plaintiff that TELEMUNDO Development Departments had found "Both" of the Plaintiff's "Zorro" Properties intriguing and; that as part of the Acquisition process TELEMUNDO intended on granting NBCUNI access to the Plaintiff's "Zorro/Vixen"-The Original Series properties for the purpose for providing NBCUNI the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

opportunity to "Partner" with Telemundo in the Acquisition, Production and Distribution of the English Production and  Distribution of the English Version of the Collective "Zorro and Vixen"-Television Series'.

        a.    It was during the Plaintiff's conversation, with the TELEMUNDO Agent that the Plaintiff informed TELEMUNDO that she attached Rafael Amaya to the Project as the Lead Actor and; was in Possession of a fully executed NDA/NCA and Letter of Intent between the Plaintiff and Mr. Amaya casting him as the Lead in "Zorro" the Television Series and; that the Plaintiff wanted to corroborate the information regarding the Terms of Mr. Amaya's Telemundo contract.

143.    The Telemundo Networks representative "Emily" informed the Plaintiff that the information that she had been provided regarding the "Terms" of Mr. Amaya's contract was incorrect and; that Mr. Amaya's contract was still "exclusive" to Defendants TELEMUNDO.

        a.    "Emily" also stated that the "Network" does not take "direction" with regard to "casting talent" on projects that they are in negotiations with and; that TELEMUNDO would provide the Plaintiff with a Final Determination on the Acquisition of the Plaintiff's "Zorro/ Vixen" Properties once TELEMUNDO had heard back from NBCUniversal.

144.    As of the Date of this complaint, TELEMUNDO has not provided the Plaintiff with any communications or determination regarding the Plaintiff's "Zorro/Vixen" Submissions and; Defendant TELEMUNDO has refused to communicate with the Plaintiff in regard to this matter in any way, shape or form

145.    NBCUNI, LWE and PROPAGATE Officers and Executives were "Just Plain Greedy" and wholly self-serving and; instead of working with the Plaintiff to Co-Produce the "Zorro" Series'. NBCUNI Et al., LWE and PROPAGATE in their desire to have complete and total control (Financial) over the "Zorro/Vixen" Project(s) and properties decidedly chose to "Rob" the Plaintiff of her properties without any regard for the Rights of the Plaintiff or the Laws of the United States of America.

146.    NBCUNI was Cognizant that NBCUNI/TELEMUNDO Conspiracy would put COMCAST on the block for a legal battle and; as such defendants NBCUNI solicited and enlisted co-conspirators VIACOMCBS to "aid" NBCUNI in continuing the Conspiracy, by "covering up" the Infringement and misappropriation of the Plaintiff's Properties and by intentionally disseminating their "False Narrative" "Joint" Press Release Statement that

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1  VIACOMCBS was just the "Outside Production Studio" to the to the Public and the U.S. and

2  International Media which was published on or about November 5, 2019.

3      147.    The Defendant's announcement of their plan to willfully infringe on and;

4  manufacture their own Female Zorro Series which was tantamount to and; essentially a Carbon

5  Copy "competitor" Series wholly derived from Plaintiff's Female Zorro property "Vixen-The

6  Original Series" and; their intent and goal "to pass it off" (15 U.S. Code § 45) as their own

7  Female Zorro Series by renaming the project "Z-The Series" **(Exhibit(s) #3-3c&5)** is evident of

   the Defendant's conspiracy.

8      148.    The Defendant(s) NBCUNI Et al., and VIACOMCBS Et al., conspiracy revolved

9  around the Defendant(s) ability to deceive the Plaintiff, the Public and the Media into believing

10  that PROPAGATE was an "Outside Production Company", when in fact at all times relevant

11  to this matter "PROPAGATE" and LWE Et al., had been the "Lead" Perpetrators and original

12  Masterminds of the Infringement with NBCUNI Et al., and VIACOMCBS operating in full

13  capacity as Co-conspirators, Accomplices, and Accessories after the fact to the infringement.

14          a.      Defendants NBCUNI and VIACOMCBS attempted to achieve their

15  goal of deceiving the Plaintiff, the Public and the Media by "jointly" publishing a "False

16  Narrative" Press release statement whose entire purpose was solely intended to *saturate* and

    *taint* the U.S. and International Entertainment Industry with Defendants NBCUNI Et al.,

17  "Lie" that PROPAGATE was the Creator of the Female Zorro Content and; that Defendant(s)

18  VIACOMCBS and PROPAGATE were (independently) co-producing the "Zorro" Series

19  but, conveniently NBCUNI and NBC Affiliate Networks had Exclusive Distribution rights.

20      149.    The Defendants November 5, 2019, Press Release date was approximately (10)

21  Weeks after Telemundo Networks had confirmed that the Network had received and; were

22  "In possession" of the Plaintiff's "Zorro/Vixen" properties and; approximately (4) Weeks

23  after TELEMUNDO informed the Plaintiff that Telemundo had provided NBCUNI access

   to the Plaintiff's "Zorro/Vixen" properties.

24      150.    Unlike the Plaintiff's "Zorro/Vixen" Series, at the time of the PROPAGATE/

25  NBCUNI/VIACOMCBS "joint" Press Release announcement in November 2019. Defendant's

26  NBCUNI, PROPAGATE and LWE's "Female Zorro" project, was essentially a **"Phantom**

27  **Series"** project and;

28          a.      Did not have an Original Script

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

      b.     Did not have any Crew

      c.     Did not have any Actors or Talent Attached

      d.     Was not in Production on any level.

151.    Defendant(s) NBCUNI Et al., and VIACOMCBS Et al., were confident that the Media Coverage of the announcement of "Phantom" Series would automatically neutralize the Plaintiff and; any "opportunity" the Plaintiff may have had with all Competitor Networks.

152.    Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE Et al., acts of purposely omitting co-conspirators LATIN WORLD ENTERTAINMENT's identity out of their Official press release statement establishes that NBCUNI and VIACOMCBS were completely cognizant that the Plaintiff would immediately connect LWE and, subsequently NBCUNI to the Conspiracy to Commit (willful) copyright infringement and; the "Theft" of the Plaintiffs "Zorro/Vixen" properties.

      a.     Information that if released to the Public and the Media, would expose Defendant(s) LWE, NBCUNI, VIACOMCBS and PROPAGATE's conspiracy and; the Defendants plans to "financially benefit" from the *Infringement* and *Misappropriation* of the Plaintiff's "Zorro" Properties.

      b.     Any revelations of the Defendant(s) Et al., Duplicitous relationship would also expose NBCUNI for their **true roles** in the **Conspiracy to Commit Copyright Infringement** and reveal that NBCUNI have at all times relevant to this matter been the Principal Participants, the "Primary Financiers" and the "Puppeteers" of co-conspirators PROPAGATE and LWE by providing PROPAGATE, VIACOMCBS and subsequently LWE, Millions of Dollars to support and aid in orchestrating the Infringement of the Plaintiff "Zorro" properties.

153.    Acts that establish that at all times relevant to this matter, VIACOMCBS have been willing participants in a Complicit and Duplicitous partnership with NBCUNI Et al., and; active participants integral in "aiding" and "abetting" Defendants NBCUNI Et al., in their conspiracy to "Rob" the Plaintiff of her Copyright "Zorro" (Story, Script, Concept) properties.

154.    NBCUNI, LWE and PROPAGATE acts establish that the Defendant(s) NBCUNI and TELEMUNDO wholly intended to *neutralize* the Plaintiff as NBCUNI Et al., **"Sole Competitor"** for the "Zorro" Projects(Properties) by **"Any means necessary"** including

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

formulating a Conspiracy to Infringe on and Defraud the Plaintiff; (2) disseminating and feeding their substantiative "False Narrative" to the Media; (3) willfully manufacturing a "Bootleg" Carbon Copy competitor Series wholly derived from the Plaintiff's "Zorro/Vixen" properties and;(4) using the "bootleg" product to derail and "Unfairly compete" with the Plaintiff's production of "Zorro" and "Vixen" to establish a Distinct **"Commercial advantage and; for private financial gain".**

      a.     NBCUNI was confident that although the Plaintiff would sue for **Conspiracy to Commit Copyright Infringement** Et al., by the time the case would get court, NBCUNI and COMCAST would have been able to employ their **vast** financial resources to manufacture and broadcast the Defendant(s) "bootleg" "Zorro" product. Allowing NBCUNI and VIACOMCBS to generate and reap in millions of Dollars in Advertising Revenue and Aftermarket (International and Syndication) sales prior to the Lawsuit and; prior to the Plaintiff finishing any Production on her Series (JRE v LWE and UNIVISION 2016).

     155.    The overwhelming and substantial similarities of the Defendants "Z" Series as stated by the Defendant's in their **"Official and Joint"** press release statement compared to the Plaintiff's "Copyright "VIXEN-The Original Series" and; coupled with the fact that Telemundo had previously informed the Plaintiff that TELEMUNDO intended on providing NBCUNI access to the Plaintiff's **Finished** properties, was and; is evidence that TELEMUNDO did willfully aid Defendant(s) NBCUNI, LWE and PROPAGATE in their conspiracy to "Commit Copyright Infringement and; the willful misappropriation of the Plaintiff's finished "Zorro" properties, proprietary content and Materials.

     156.   **TELEMUNDO** Networks decision to provide co-conspirators NBCUNI, LWE and PROPAGATE access to the Plaintiff's Finished "Zorro/Vixen" Properties to "aid" LWE and PROPAGATE Acts of infringing on, misappropriating and manufacturing their "competitor" series wholly derived from the Plaintiff's infringed properties is evidence of TELEMUNDO's involvement in the Conspiracy.

     157.   **TELEMUNDO** and **NBCUNI** Networks decision to provide co-conspirators VIACOMCBS, LWE and PROPAGATE Millions of dollars to "aid" LWE and PROPAGATE Acts of infringing on, misappropriating and manufacturing their "competitor" series wholly derived from the Plaintiff's Proprietary "Zorro/Vixen" properties establishes that NBCUNI **obviously** found the Plaintiff's collective "Zorro" properties, content, and concepts *Valuable*

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1
2
enough to Orchestrate, Finance and Support a Conspiracy to infringe and misappropriate the Plaintiff's properties.

3
4
5
6
a.      **VIACOMCBS** willingly "aided" NBCUNI in their Conspiracy to **Infringe on** and **Defraud** the Plaintiff of her properties and; VIACOMCBS did **receive** millions of dollars in "Production Funds" from Co-conspirators NBCUNI to "cover up" the trail of infringement and; shield Defendant(s) NBCUNI Et al., LWE and PROPAGATE from the Plaintiff and Civil liability.

7
8
9
10
158.    Defendant Vargas confirmed that VIACOMCBS' **"Job"** was "shielding" NBCUNI and PROPAGATE and; blurring the conspirators **trail** of money and infringement by deflecting the Plaintiff with VIACOMCBS handling the "Legal Aspects" of the "Deal and of the Project".

11
12
13
14
15
16
17
18
19
20
21
159.    The "factual" implications of a conspiracy in which (2) completely Separate publicly traded Corporate Entities and; Competitor Television Networks (COMCAST/NBCUNI and VIACOMCBS/NATIONAL AMUSEMENTS) willfully and willfully engaged in a Conspiracy to (1) violate the Federal Copyright laws of the United States of America and; (2) The Rights of the Plaintiff and;(3) Defendant(s) NBCUNI and VIACOMCBS's feeble attempts to "cover up" their conspiracy and infringement and; (4) NBCUNI and VIACOMCBS' direct involvement in what is Tantamount to *Larceny* is alarming and disconcerting and is evidence of the Conspiracy. The Defendant(s) Et al., only concern was "Commercially and financially benefiting" from their complicit and illicit acts and; the Defendants have more than demonstrated that collectively, jointly and severally the Defendants would do anything including Committing a Federal Offense to obtain and maintain complete financial control over the Plaintiff's "Zorro" properties.

22
23
24
25
160.    The Defendants acts of recruiting and enlisting multiple complicit partners to "aid" NBCUNI in its Conspiracy to Commit Copyright infringement and; the Defendant(s) concerted efforts to cover up those Actions, the trail of Infringement and Money is fiendish and despicable. Actions for which all of the Defendant(s) named herein are culpable and liable and should be held accountable in this court of Law.

26
27
28

# IX
## SECOND CLAIM FOR RELIEF

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

## COPYRIGHT INFRINGEMENT

### (17 U.S. Code § 501)

*Copyright infringement is the act of exercising, without permission or legal authority, one or more of the exclusive rights granted to the copyright owner under Section 106 of the Copyright Act ( 17 U.S. Code § 501) These rights include the right to reproduce or distribute a copyrighted work. Penalties for copyright infringement include civil and criminal penalties. Individual Liability for civil copyright infringement may be ordered to pay either actual damages or "statutory" damages affixed at not less than $750 and not more than $30,000 per work infringed. For "willful" infringement, a court may award up to $150,000 per work infringed.*

### Names of Defendants:

**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER, SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST INC., VIACOMCBS INC., NATIONAL AMUSEMENTS INC., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

161.    *Under U.S. Copyright Law Act 1979: (1) An Author gains exclusive rights of the work upon its creation; (2) On* March 4, 2019; the Supreme Court unanimously held in: *Fourth Estate Public Benefit Corporation v. Wall-Street.com* that copyright owners must obtain a registration from the U.S. Copyright Office prior to filing an infringement action.

      *a.*    To prevail on a copyright infringement claim, the Plaintiff "must demonstrate" *(1) ownership of a valid copyright and; (2) copying of constituent elements of the work that are original."* (Benay v. Warner Bros. Entm't, Inc., 607 F.3d 620, 624 (9th Cir. Case 2:15-cv-02739-ODW-E)

      b.    *At all times relevant to this Matter, The Plaintiff has under U.S. Copyright 1976 and 2019 been recorded as the Legal copyright Owner of the Literary Properties in controversy and known herein this Civil Action as "Zorro/Vixen"-The Original Series (Exhibit #1).*

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

c.     At all times relevant to this matter, the properties in controversy "Zorro/Vixen" are and; were *Legally Copyright* as is *required* by the Laws of the United States of America and; as is required by Defendants TELEMUNDO Networks *for any and all submissions to be accepted by TELEMUNDO Networks.*

162.     Beginning in April of 2018 and; at all times relevant to this matter, it can be established for the benefit of the court, that The "ZORRO/VIXEN" adaptation properties are **(1)** (Two [2]) completely Novel, Unique, and Original Proprietary products comprised of and drafted solely from original thoughts, stemming from the Mind of the Plaintiff and; **(2)** the Plaintiff was and; is the **Creator** of the Novel "Zorro/Vixen" The Original Series Properties and Concepts and; **(3)** that the Female Zorro Character did not and; had not existed until such time as the Plaintiff created the Female Zorro Character "Vixen" and; **(4)** that the Plaintiff singularly conceived, invented and created the "Zorro/Vixen"-The Original series Stories and; **(5)** that the Plaintiff is the Legal "Owner" of the "Zorro/Vixen" Copyright Stories as required by Law and; **(6)** that the Plaintiff's "Zorro/Vixen" Stories, Television Scripts, Properties, Content, Materials, Concepts and Creation known herein as "ZORRO/VIXEN" *The Original Series'* had been properly registered with the United States Copyright Office and; are subjects of a valid Certificate issued under Registration # Pau**003962481** Dated (12/31/2018).

163.     Defendants TELEMUNDO did in fact require the Plaintiff provide Defendants TELEMUNDO Networks Legal Affairs and Submissions Departments the actual U.S. Copyright Office Registration Number and; Writers Guild Registration numbers assigned to the "Zorro /Vixen" Properties at the time the Plaintiff submitted her Properties to the TELEMUNDO Networks.

164.     The Plaintiff Asserts that based on the *Terms, Requirements and Submission Protocol* of the Defendant TELEMUNDO's *own* submission process and agreements, that it can therefore be established for the Court that, at all times relevant to this matter Defendant(s) NBCUNI, TELEMUNDO and subsequently COMCAST and VIACOMCBS had knowledge had been informed and; were completely cognizant that the Plaintiff's "Zorro/Vixen" Properties were in fact *Legally Copyright* and; that the Plaintiff had the exclusive rights of Ownership.

165.     The Plaintiff's submission(s) included a clearly posted and very visible Copyright notice **[1]** advising the viewer/reader that the "ZORRO/VIXEN" Original Series are proprietary product(s) that are (1) legally recorded and Created by the Plaintiff and; (2)

1

properly registered with the U.S. **Copyright Office.**

2

166.   *In order to establish infringement when evidence of direct copying is*

3

*unavailable, the plaintiff must show [1] that the defendant had "access" to the plaintiff's*

4

*work and;[2] that the two works are "substantially similar." (Funky Films, Inc. v. Time)*

5

167.   Beginning in August 2018, and; for more than (1) year Prior to the NBCUNI,

6

PROPAGATE and VIACOM Press Release Statement regarding the "Z" Female Zorro Series

7

(November 2019) and; continuing on until the date of this complaint. Defendant(s) **LWE** have

8

been in **"Possession"** of and; have had **"unfettered"** access to the Plaintiff's copyright and

proprietary items in Controversy: (1) The "Zorro/Vixen" Treatment **(Exhibit #2).**

9

a.      Beginning in August 2019 and; continuing of the date of this complaint,

10

Defendant(s) TELEMUNDO and NBCUNI Networks have been in "Possession" of and; have

11

had "unfettered" access to: (1) The Plaintiff's Copyright and Proprietary Content: The "Zorro/

12

Vixen"-The Original Series (Storybook) Materials and Show Bible for more than One (1) Year

13

and Nine (9) Months.

14

168.   In October 2019 approximately and; consequentially Four (4) Weeks prior to

15

Defendant(s) November 2019 Press Release Statement Telemundo Legal Affairs informed the

16

Plaintiff that TELEMUNDO intended on providing Defendants NBCUNI **access** to the

Plaintiff's "Zorro and Vixen" properties.

17

169.   The overwhelmingly and substantial similarities to the Plaintiff's "VIXEN

18

(Female Zorro)-The Original Series Copyright Stories and Properties" and the Defendants "Z"

19

The Female Zorro Series as stated by the Defendant's in their *"Joint Official"* press release

20

statement in November 2019 are insurmountable.

21

a.      The explicit truth is that The Defendant(s) "Z" project contained the

22

exact story premise as the Plaintiff's "Vixen" Properties and storyline and; is essentially

23

"Tantamount to" and; a virtual **Carbon Copy** of the Plaintiff's "VIXEN" Female Zorro

24

property Treatment (Story synopsis) **(Exhibit #5)**

25

170.   The Defendants announced their (collective) acts of **Copyright Infringement** of

26

the Plaintiff 's "Vixen" Properties directly to the U.S. and International Media in November

2019. In the Press Release Defendants Et al., "jointly" stated that Networks NBCUNI and

27

VIACOMCBS (as Partners) were "aiding" and "abetting" Defendants PROPAGATE and LWE

28

acts of Copyright Infringement by financing the "manufacturing" of PROPAGATE and LWE's

**FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,**
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"Competitor" Female Zorro Television (Series) Product and; that the "Z" Series was to be Exclusively Distributed on NBCUNI and NBCUniversal Affiliate Networks.

171.    Defendant(s) NBCUNI and PROPAGATE Et al., even went as far as to provide pertinent ad protected literary **elements** of the Plaintiff's proprietary "Vixen"-The Original Series Treatment directly to the United States media as part of their "Joint" Press release statement.

a.    Details and Elements that only individuals who had gained "unauthorized access" to the Plaintiff's protected content would have been privy to.

172.    As of the date of this complaint, Defendant(s) NBCUNI, TELEMUNDO, LWE., PROPAGATE, and VIACOMCBS have yet to produce or provide the Plaintiff with any materials such as: Copyrights Documents that would have provided a contrary to the Plaintiff's Claims of Copyright Infringement.

173.    As of the date of this Complaint Defendant(s) **TELEMUNDO** have not provided the Plaintiff any Documentation, Determinations or Decision regarding the Plaintiff's "Zorro/ Vixen" submissions which had been received by the Defendants TELEMUNDO Networks over 18 Months ago, in September 2019

174.    The Defendant(s) LWE Et Al., have demonstrated their propensity to commit Copyright infringement on the Plaintiff's properties with impudence. The Defendant(s) Et al., actions constitute an infringement of Plaintiff's exclusive rights of (1) reproduction and; (2) distribution and; (3) Publication which are protected under the Copyright Act (17 U.S.C. §101 et seq.)

# X

## THIRD CLAIM FOR RELIEF
## <u>WILLFUL INFRINGEMENT:</u>
### "MENS REA"

United Stated Code (17 U.S. Code § 506 ) states that "Willfulness" means that.
the infringer either had actual knowledge that it was infringing the owner's copyrights
or acted in reckless disregard of those rights. Willful copyright infringement can also
result in criminal penalties, including imprisonment of up to five years and fines of up to
$250,000 per offense.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

[1] Brown v. McCormick, 87 F.Supp.2d 467, 482 (D.Md.2000). Evidence that the infringed works bore prominent copyright notices support . . . a finding of willfulness. See Castle Rock Entm't v. Carol Publ'g Group, Inc., 955 F. Supp. 260, 267 (S.D.N.Y.1997). Lowry's Reports, Inc. v. Legg Mason Inc., et al., 271 F.Supp.2d 737 (D. Md., July 10, 2003)

## Names of Defendants:

**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER, SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST INC., VIACOMCBS INC., NATIONAL AMUSEMENTS INC., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

175.    On information, belief and based on the actions and conduct of all of the Defendant(s) named herein this complaint. It is the Plaintiff's contention, that Defendant(s) NBCUNI, LWE and PROPAGATE Executives and General Counsels *willfully infringed* upon the Plaintiff's valuable "Zorro" Properties and; enlisted their complicit partners VIACOMCBS' Executives and General Counsels to devise a stratagem which was wholly intended to "capitalize on" and simultaneously "cover up" NBCUNI, PROPAGATE and LWE's acts of **"Willful infringement"**, misappropriation and; acts to defraud the Plaintiff of her valuable "Zorro/Vixen" Properties for their own "financial and commercial gains".

176.    The Plaintiff alleges that all of the Defendant(s) named herein **specifically** and **especially** TELEMUNDO and NBCUNI have at all times relevant to this matter been totally and completely aware of the *"Commercial"* Value of both of the Plaintiff's "Zorro" Television Series properties.

177.    Telemundo Networks **viability** requirements for acceptance of all new productions that have been submitted for Acquisition; is (1) to establish that the Production company is actually in position to "produce" the Project prior to funding (Greenlight) and; (2) that the Project is Financially viable by conducting Advertising sale projections. Which means that TELEMUNDO would have never entertained or opened negotiations to acquire a Television Series project without at least 95% of the series being already in Pre-Production stages and prepared to enter "Principal photography" within 30-60 days from Greenlight (Funding).

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

178.     In October of 2019, LWE, PROPAGATE and NBCUNI now fully aware that despite Defendant(s) LWE and PROPAGATE's malfeasance, best efforts and malicious actions to derail the Plaintiff's "Zorro" Production by sabotaging the casting of CDF. The Plaintiff had cast and attached Rafael Amaya as the Lead in the Plaintiff's "Zorro" Original Series and; the Plaintiff was now again **Pret-a-porter** and the "Zorro-The Original series could now begin production within 45-60 Days from Greenlight (Funding).

  a.     Defendants TELEMUNDO and subsequently NBCUNI were also now aware that the Plaintiff was at 100% in October 2019 and; was now in position to enter into Production (Principal photography on both the "Zorro/Vixen" Projects virtually immediately and subsequently *Simultaneously*) The Plaintiff was now in the position sell *both* Series to any U.S. or International Network of her choice.

179.     As a result of the Plaintiff's accelerated position in regard to the Preliminary production Aspects. Defendant(s) NBCUNI and TELEMUNDO were moved to act quickly on their goals and agenda of neutralizing the Plaintiff's and her "Zorro" Series and; as such the Defendants LWE, PROPAGATE and Co-conspirators NBCUNI, TELEMUNDO and VIACOMCBS conspired to "join" forces to implement their conspiracy and; utilized everything in their (collective) powers to **Neutralize** the Plaintiff by creating the Stratagem to willfully infringe, willfully misappropriate, defraud, derail and; prevent the Plaintiff from entering into Production on her "Zorro" Project and; most importantly to prevent the Plaintiff from Selling her "Zorro/Vixen" Series to any NCBUNI Competitor Networks

  a.     NBCUNI then continued the "Willful Infringement" of the Plaintiff's properties by subsequently providing co-conspirators VIACOMCBS "unauthorized access" to the Plaintiff's *Finished* "Zorro/Vixen" Original Series Scripts to assist with establishing "Cost Projections" and quantifying VIACOMCBS' financial and production commitment to PROPAGATE and NBCUNI plan to manufacture their "Competitor" Female Zorro Series.

180.     Defendants VIACOMCBS as eager accomplices and accessories after the fact *willfully* and *willingly* "aided and abetted" their Co-conspirators NBCUNI, PROPAGATE Et al., and LWE Et al., with their acts of Copyright Infringement by positioning themselves as the "Face" of the Series Production dynamic "aiding" NBCUNI and PROPAGATE in promoting their "false narrative" that the NBCUNI and PROPAGATE "Z-Series" was being produced independently by VIACOMCBS Studios.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

a.      Defendants VIACOMCBS "Job" in the infringement was to deflect the Plaintiff away from NBCUNI and to "cover up" Defendant's NBCUNI and PROPAGATE malicious and **willful** acts of (1) Willfully Infringing on the Plaintiff's Properties; (2) **Defrauding** the Plaintiff of her properties and; (3) Derailing the Plaintiff's production of "Zorro/Vixen-The Original Series.

b.      Defendants NBCUNI and VIACOMCBS were cognizant that their acts would force the Plaintiff into initiating a Lawsuit in order to prevent the Defendants continual acts of **Willful Infringement** and; the Defendants Plans to fabricate and distribute NBCUNI Et al., "Bootleg" production of the Plaintiffs "Vixen" Property.

181.    The Defendant(s) NBCUNI Et al., and VIACOMCBS Et al. confident that their "Financial Assets" would allow them the luxury of Affording the cost of the litigation and; coupled with NBCUNI Et al., goals and agenda being **solely** to "Profit" (collectively) from their malefaction and infringement of the Plaintiff's properties. Decidedly chose to abscond with and arrogate the Plaintiff's properties to themselves and; then boasted about their acts by informing the Media and the Public, that as **Financiers** and **Partners,** the Defendants intended working "in concert" to willfully misappropriate and defraud the Plaintiff by "bootlegging" the Plaintiff's "Zorro" Properties without compensating and or crediting the Plaintiff in any Way, Shape or Form.

182.    At all times relevant to this matter, all of the Defendant(s) named herein, had knowledge, were cognizant and; were indeed fully aware that the Plaintiff's (ZORRO and VIXEN) Projects were "Part and Parcel", completely connected and; in essence the same property and concept with the differential being **Gender**.

183.    Defendant(s) NBCUNI, PROPAGATE and LWE's plan in essence was to sunder the Two (2) Properties. "*Crippling*" the Zorro (Male) property by extricating 50% of the value of the Plaintiff's Properties through "*Pilfering*" the Vixen (Female) Property.

184.    TELEMUNDO and NBCUNI's acts of Willful Infringement were deliberate, calculated, strategic, and *willfully* intended to (**1**) neutralize the Plaintiff, by impeding, diminishing and damaging the "Value" of the Plaintiff's properties and; (**2**) obliterate the plaintiff's ability to "Sell" her "Zorro" properties to Competitor Networks by promoting the "Lie" that PROPAGATE and NBCUNI were the creators of the Female Zorro project, and; (**3**) purposely create what can honestly be classified as a "Designer Legal Issue".

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

185.   A **"Legal Issue"** which the Defendant(s), their General Counsels, Executives and Officers *planned, assumed, and hoped* would lock the Plaintiff in a lengthy legal battle that ultimately could take years to litigate and; that would most certainly cause the delay of the Plaintiff's "Zorro/Vixen" production long enough for the Defendant(s) Et al., to manufacture, push out and generate Millions of dollars in Advertising and Resale (licensing) revenue from the Broadcast of their infringed and "half-baked" "bootlegged" version of the Plaintiff's "Zorro" Properties. (*Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc. [2016]*)

186.   The Defendant(s) Et al., collective press release statements to the U.S. Media substantiates the Plaintiff's assertion that TELEMUNDO did in fact "aid" their Co-conspirators NBCUNI acts of "Willful infringement" of the Plaintiff's properties by(1) deceiving the Plaintiff regarding TELEMUNDO's True Interest and Intent in regards to the Plaintiff's Properties and; (2) by providing their co-conspirators "unauthorized access" to the Plaintiff's **finished** "Zorro" Scripts and Show bible for (3) the purpose of "aiding" Defendants LWE, PROPAGATE and Alfredo Barrios Jr. with assimilating the Plaintiff's copyright material in order to *fast track* Defendant(s) LWE and PROPAGATE Character development, Scripts, and Production timeline.

187.   At the time of the PROPAGATE/NBCUNI/VIACOMCBS "joint" Press Release announcement in November 2019, defendant(s) NBCUNI, PROPAGATE and LWE's "Female Zorro" project was essentially a "Phantom Series" project and:

        a.   Did not have a Script

        b.   Did not have any Crew.

        c.   Did not have any Actors or Talent Attached

        d.   Was not in Production on any level.

188.   At the time of the PROPAGATE/NBCUNI/VIACOMCBS "joint" Press Release announcement in November 2019, the Plaintiff's "Zorro/Vixen" Project had been in production stages for approximately 18 Months prior to the LWE and TELEMUNDO Submissions dates and; that with Rafael Amaya attached as the Lead, the Plaintiff's "Zorro/Vixen" Project would now be fully Cast and; prepared to go into *Principal Photography* within 8-10 Weeks from Greenlight (Funded) and;

        a.   Had 100% of the Talent Attached

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

b.   Entire Season One completely scripted (12 Episodes)

c.   Production Team and Crew Attached

d.   Post and editing attached

e.   Product Integration and product placement in play

189.   Defendant(s) NBCUNI Et al., malicious intent in publishing and promoting their "fraudulent" statements in the U.S. and International Media was calculated and purposely designed to prevent the Plaintiff from being able to continue negotiations with competitor Networks and Financiers.

190.   Defendants NBCUNI and VIACOMCBS were fully cognizant that by purposely disseminating the **"Bald faced Lie"** that the "Zorro" Properties were already in production and; that the content belonged to the Defendant(s) NBCUNI and PROPAGATE. "No" Competitor Network would option a project that appeared to be already in Production at NBCUNI and VIACOMCBS. Effectively and immediately leveling a Loss of Opportunity (Tort) against the Plaintiff and demonstrating the "Willfulness" of the Defendants Acts.

## XI
## FOURTH CLAIM OF RELIEF
## BREACH OF CONTRACT
## (NON-DISCLOSURE/NON-COMPETITION)

*1619. A contract is either express or implied; 1620. An express contract is one, the terms of which are stated in words; 1621. An implied contract is one, the existence and terms of which are manifested by conduct; 1622. All contracts may be oral, except such as are specially required by statute to be in Writing; 1623. Where a contract, which is required by law to be in writing, is prevented from being put into writing by the fraud of a party thereto, any other party who is by such fraud led to believe that it is in writing, and acts upon such belief to his prejudice, may enforce it against the fraudulent party.*

**Names of Defendants:**
**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER,**
**SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARDOWENS,**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1  **NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS**
2  **Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS,**
3  **TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS,**
4  **ALFREDO BARRIOS Jr, and DOES 1-25**

5
6  <u>**LATIN WORLD ENTERTAINMENT and PROPAGATE**</u>
   **AUGUST 2018-PRESENT**
7

8  191.   In August of 2018, the Defendant(s) Latin World Entertainment Et al., signed
9  and executed a Non-Disclosure and Non-Competition and Letter of Intent Contract with the
10  Plaintiff for exclusive access to the Plaintiff's "Zorro/Vixen" Properties and proprietary content
11  for the Sole purpose of casting Cristian de la Fuentes in the "Zorro" Original Series.

12         a.      All of the Plaintiffs communications. submissions and negotiations with
13  LWE Et al., were conducted **through a legally appropriate process and**; in a manner
14  consistent with the Laws of the United States, well-established customs and practices of the
15  Entertainment industry and; under the bilateral expectation and; the mutually understood
16  condition that Defendant(s) LWE **were not** to **disclose, use** or **exploit** the Plaintiff's properties.
17  As a result, the Plaintiff granted LWE access to the Plaintiff's "Zorro/Vixen" properties for the
18  Sole purpose of casting CDF as the Lead character "Alejandro De la Vega" in "Zorro/Vixen"-
   The Original Television Series.

19         b.      Unbeknownst to the Plaintiff at the time of First contact (August 2018),
20  LWE were fully engaged in a Lawsuit for inducing a "Breach of Contract" and "Unfair
21  Competition: for "Enticing" Peter Salgado (Jenni Rivera's Former Business Manager) to violate
22  the Terms of a Non-Disclosure agreement between Rivera Enterprises LLC and Peter Salgado.
23  JRE alleged that Salgado provided pertinent and protected details of Jenni Rivera's Life to
24  Defendants LWE, for their use to create a "Competitor" Autobiographical Jenni Rivera
   Television Project for Distribution on UNIVISION Networks.

25         c.      In this case LWE willfully manufactured, marketed and **Sold** a "Carbon
26  Copy" version of JRE's Autobiographical Jenni Rivera Television Series to UNIVISION
27  which was meant to be "True" Competitor product, wholly intended to "Unfairly Compete"
28  with and "Knock" JRE's and TELEMUNDO Networks' own production of "The Jenni Rivera

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Story" out of the Box. Information that Defendants LWE did not disclose to the Plaintiff in August 2018(Jenni Rivera's Family Accuses Ex-Manager of Spilling Secrets - Variety)

192.    Defendant Vergara has *in direct violation* of the Non-Disclosure and Non-Competition agreement that had been executed between the Plaintiff and LWE Et Al., in August 2018; made statements "on the record" to multiple U.S. and International Press Agencies that (1) Defendant(s)Vergara and Balaguer **willfully** "Breached their Contract" with the Plaintiff and;(2) has made claims that she is the Creator of the Plaintiff's "Vixen" properties and;(3) that she is the Individual who provided Defendant Silverman with the Female Zorro storyline and; (4) that Defendant Vergara purposely and intentionally disclosed and provided Co-conspirator Defendant Silverman (PROPAGATE) "unauthorized access" to the Plaintiff's protected "Zorro/Vixen" properties in an effort to "aid" and 'abet" Defendant Silverman's "Trafficking" the Plaintiff's properties to NBCUNI for Millions of Dollars

a.    Statements and admissions that Defendant Vergara did make of her own volition and; that Defendant Vergara knew to be false at the time that she made them.

193.    Defendant(s) LWE Et al., and their co-conspirators PROPAGATE continued the *Breach of Contract* and *Breach of Confidence* by willfully providing the Defendant(s) NBCUNI and VIACOMCBS "unauthorized access" to the Plaintiff's protected properties.

194.    Defendant(s) Vergara and Silverman capitalized on their "deep connections" and relationships with Defendant(s) NBCUNI to preemptively circumvent and subvert the Plaintiff with NBCUNI;

a.    PROPAGATE's "Job" was **"trafficking"** the Plaintiff's valuable "Zorro" properties to NBCUNI under the "false designation" (**15 U.S. Code § 1125**) that the "Zorro" Properties were created and owned by Defendant(s) LWE and PROPAGATE.

b.    Defendants TELEMUNDO, NBCUNI and VIACOMCBS "aided" and abetted" PROPAGATE and LWE acts of Larceny through financially supporting LWE and PROPAGATE acts of "Robbing" the Plaintiff of her Properties and;

c.    NBCUNI and VIACOMCBS "jointly" financed the manufacturing of LWE and PROPAGATE "Competitor" Television Series Product which, all of the Defendants named herein had knowledge had been infringed and misappropriated by the Defendants LWE as part of the Defendant's egregious Breaches and that was wholly derived from the Plaintiff's properties.     .

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

195.   Defendant Silverman and Owens are individuals who have deep connections to Defendants NBCUNI, VIACOMCBS and LWE. Ben Silverman is a former Executive of NBCUNI, and Executive Howard Owens is a Former executive of VIACOMCBS Et al. NBC

a.   Defendant Vergara has publicly stated that Defendant Silverman and Defendant Vergara are Production Partner and; her relationship with Defendant Silverman and PROPAGATE has existed for many years.

b.   Defendant Barrios Jr. is an Employee of VIACOMCBS

196.   The Defendant(s) NBCUNI, PROPAGATE and LWE's plan "was" simple: LWE and PROPAGATE would employ Defendant(s) Vergara, Silverman and Owens pre-existing relationships with NBCUNI and VIACOMCBS to "Cover up the Breaches" and; perpetrate the "Lie" that Silverman and Owens had taken the "Zorro" project to VIACOMCBS and; that somehow with a "Deus Ex Machina" the Properties found their way back to NBCUNI.

a.   Defendant(s) Silverman and Owens "falsely designated" and arrogated the Plaintiff's **Properties** to themselves to ensure that the majority of the Money would be allocated and dispersed directly to PROPAGATE and then PROPAGATE would funnel the remainder of the Money to LWE.

197.   The Defendant(s)"Lie" was an affront to the reality of what the Plaintiff had to endure from the "willful interference" of LWE and NBCUNI and; is a testament to the lengths that NBCUNI, LWE and PROPAGATE would go, to use and exploit the Plaintiff's "Zorro" Properties and Content to secure and obtain Millions of Dollars (USD) and; to cover the Defendant(s) Breaches with NBCUNI and VIACOMCBS "joining" as Partners to "legally shield" and Finance the infringement.

a.   NBCUNI's "Job" was to "financially support" LWE and PROPAGATE in their illicit acts and; to promote the "Lie" that the Plaintiff's "Zorro" Properties were Defendant(s) NBCUNI and PROPAGATE properties neutralizing the Plaintiff with other Networks.

b.   VIACOMCBS' job was to financially support, Legally Shield and deflect Plaintiff by disseminating the "Lie" that the Plaintiff's "Zorro" Properties were being Produced by VIACOMCBS and PROPAGATE as an "Independent" Production at an "Independent" Studio (VIACOMCBS) with NBCUNI and LWE hiding in the Shadows and counting their eggs on the Monies to be derived from the exploitation of Plaintiff's Properties.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

c.      **Properties** and Content that Defendant(s) NBCUNI and VIACOMCBS had knowledge had been "stolen" from the Plaintiff by co-conspirators LWE and PROPAGATE.

198.    The Plaintiff did *perform* all of the Conditions, Covenants, Requirements and Promises that were required on the part of the Plaintiff to be performed in accordance with the terms and conditions of the Non-Disclosure, Non-Competition and Letter of Intent **Contract** with the Defendant(s) LWE Et Al.;

a.      Defendant(s) LATIN WORLD Entertainment Et al., **did not,** and instead LWE conspired with PROPAGATE to "Rob" the Plaintiff of her properties. Defendants LWE never intended to honor or adhere to the Contract, and at all times mentioned herein and fully intended to Breach the Contract with the plaintiff for *"Commercial Advantage and Private Financial Gains"* and; as such the Plaintiff has suffered irreparable damages and; will continue to suffer irreparable damages including **Loss of Opportunity**, potential Lost Profits and other potential incumbrances and damages without an immediate injunction from the court.

b.      The Plaintiff's injuries are the Direct and Proximate result of Defendant(s) LWE, **Breaches** and actions as described in this complaint, and which can be established for the Court and proven at trial.

## TELEMUNDO/NBCUNIVERSAL
## AUGUST 2019-PRESENT

199.    In September 2019, the Plaintiff proprietary products "Zorro/Vixen" were properly submitted to Defendant(s) TELEMUNDO Networks, through a legally appropriate process and; in a manner consistent with the Laws of the United States, well-established customs and practices of the Entertainment Industry and; under the Bilateral expectation and mutually understood condition that Defendant(s) TELEMUNDO Et al., **were not** to **disclose, use** or **exploit** the Plaintiff's properties *without* the Plaintiff's permission **and**; *without* Compensating the Plaintiff, in the form of Payment such as (United States Legal Tender), Credit and; any and all other considerations to be provided and; or distributed to the Plaintiff as the "Creator of" and Legal "Owner" of the "Zorro/Vixen" Original Television Products and Stories;

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE §1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

a.      In September 2019 and again in October 2019 the Defendant(s) TELEMUNDO acknowledged the receipt of the Plaintiff's Zorro/Vixen properties

b.      The Defendant(s) Telemundo Submission agreements indicate that, the Network reserves the right to provide their Employees access to the Plaintiff's Content for consideration purposes.

c.      *As of the Date of this Complaint NBCUNI and COMCAST have not provided the Plaintiff any statements or documents indicating that Ben Silverman or PROPAGATE Content are employees of NBCUniversal, COMCAST or TELEMUNDO*

200.      In October of 2019, the Plaintiff received a phone call from an Individual who identified herself as "Emily" and an employee of TELEMUNDO Networks. (**Exhibit #A1**). "Emily" informed the Plaintiff that she was contacting the Plaintiff regarding her "Zorro/ Vixen" -The Original Series submissions that had been received by TELEMUNDO Legal Affairs, Submissions and Development Departments.

a.      Emily informed the Plaintiff that TELEMUNDO Networks had found **both** of the Plaintiff's "Zorro and Vixen" Concepts and Materials intriguing and that at this juncture in the submissions and acquisitions process, TELEMUNDO Networks intended on providing NBCUNI **access** to Plaintiff's "Zorro/Vixen" Properties, for the purpose of providing NBCUNI the opportunity to Acquire and Jointly produce the **English** version of the Plaintiff's "Zorro/Vixen" content with TELEMUNDO for distribution on the NBC and NBC Affiliated Networks.

201.      The Plaintiff alleges that at all times relevant and beginning in May 2019, Defendant(s) TELEMUNDO had been aware that their sibling Defendants NBCUNI had been seeking a way to "Gain access" to the Plaintiff's **finished** "Zorro/Vixen" properties and; that in (2018) when PROPAGATE originally submitted the Plaintiff's properties to NBCUNI that, Defendant(s) PROPAGATE and LWE did inform NBCUNI that the properties were infringed and; that at it was at this time that COMCAST, NBCUNI and TELEMUNDO Executives Officers and General Counsels conducted their Risk Assessment Scenario to estimate and gauge the costs that would be associated with potential litigation against the Defendant(s) COMCAST, NBCUniversal and Telemundo for (1) Willful Copyright Infringement Et al.

a.      The Plaintiff Alleges that COMCAST, NBCUNI and TELEMUNDO Executives Officers and General Counsels conducted the same Risk Assessment Scenario in

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

May 2019 when TELEMUNDO First became aware that the Plaintiff was considering submitting the "Zorro" Properties to the Defendants and; again COMCAST, NBCUNI and TELEMUNDO Executives Officers and General Counsels conducted the same Risk Assessment Scenario in September 2019 once TELEMUNDO was" "In Possession" of the Plaintiff's properties. *The Goal being to determine the Risk of being sued versus* the potential Financial gains and Revenue that would be derived and associated with being "In Possession" of and Financially exploiting the Plaintiff's Original (Novel) Television Properties;

202.    Defendant(s) TELEMUNDO and NBCUNI *Breached the Contract* with the Plaintiff by (1) *Breaching the Confidence* of the Telemundo/NBCUNI Submissions agreement by providing NBCUNI, PROPAGATE, LWE and VIACOMCBS "unauthorized access" to the Plaintiff's **finished** "Zorro/Vixen" Properties for the purpose of Willfully Infringing the Plaintiff Properties and committing Theft by Deception and Theft by Conversion.

      a.    Properties that NBCUNI were more than confident would ultimately become Multi-Million Dollar Properties for COMCAST, NBCUNI and TELEMUNDO Networks and subsequently VIACOMCBS, LWE and PROPAGATE;

      b.    NBCUNI chose the Latter and in Late 2019, decided to continue the Breaches by Willfully Infringing on the Plaintiff's "Zorro" Properties with co-conspirators LWE and PROPAGATE and; by providing "unauthorized access" to VIACOMCBS to "aid" NBCUNI Et al in their acts of Infringement.

203.    On November 5th, 2019, Defendant(s) NBCUNI Et al., LWE, PROPAGATE and VIACOMCBS first revealed their Breaches and acts of Infringement, when Defendant(s) NBCUNI Et al., PROPAGATE and VIACOMCBS intentionally published a "Joint" and "Official" Press Release statement in the U.S. and International Media approximately (4) Weeks after the Telemundo Networks informed the Plaintiff that TELEMUNDO had intended on providing Defendants NBCUNI access to the Plaintiff's "Zorro/Vixen" properties;

      a.    The Press Release indicated that NBCUNI had partnered with their Co-Defendant(s) PROPAGATE and VIACOMCBS to manufacture a "Competitor" version of the Plaintiff's infringed "Vixen-The Original Series" property and; were attempting to "pass it off" as their own by renaming and repackaging the Plaintiff's properties as project "Z"-The Series.

204. Defendant(s) TELEMUNDO and NBCUNI Et al., again **Breached the Contract** with the Plaintiff by providing "unauthorized access" of the Plaintiff's properties to countless

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

numbers of Doe individuals, Co-conspirators, and Co-Defendant(s) and; by distributing "unauthorized copies" of the Plaintiff's finished "Zorro/Vixen" Scripts and properties, to their Co-Conspirators LWE and PROPAGATE, in a direct effort to aid LWE and PROPAGATE Et al., with their scheme to Infringe on and arrogate the Plaintiff's properties to themselves for "Financial and commercial gains".

205.    Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE Et al., intentionally omitting their co-conspirators LWE' identity out of their initial Press Release Statement is evidence of NBCUNI and LWE Culpability and; is evidence that Defendant(s) NBCUNI Et al., and PROPAGATE Et al., were cognizant that Defendants LWE and PROPAGATE had Breached the Contract with the Plaintiff and were Willfully Infringing and "Trafficking" the Plaintiff's properties and; that Plaintiff would be able to immediately connect LWE to the Breach of Contract and Breach of Confidence by presenting the NDA/NCA Document that had been executed between the Plaintiff and LWE in August 2018.

    a.    The NBCUNI and subsequently COMCAST Et al., would be directly connected to LWE Et al., and PROPAGATE's blatant Theft and misappropriation of the Plaintiff's Properties. Establishing that NBCUNI and VIACOMCBS Et al., were at all times relevant to this matter **True Co-Conspirator(s)** to LWE and PROPAGATE acts and; had willingly and knowingly financed the infringement of the Plaintiff's "Zorro" Properties.

206.    The Plaintiff *performed* **all** of the Conditions, Covenants, Requirements and Promises that were required on the part of the Plaintiff to be performed in accordance with the terms and conditions of the Submission contract with the Defendant(s) TELEMUNDO Et al.

207.    Defendant(s) TELEMUNDO and NBCUNI moreover *did not*, and instead the Defendants TELEMUNDO and NBCUNI Et al., conspired to use the Submission contract the same way an assailant would use a Gun, to rob their victim: The Plaintiff of her "valuable property" The "Zorro/Vixen" Properties;

    a.    Defendants TELEMUNDO and NBCUNI never intended to honor or adhere to the Process or the contract, and as such, any contract binding the Plaintiff to TELEMUNDO should be deemed null and voided by the Defendants own acts of Conspiracy and Willful Infringement in and of themselves. The Plaintiff has suffered irreparable damages including **Loss of Opportunity**, potential Lost Profits and; other potential incumbrances and damages that are a Direct and Proximate result of Defendant(s) LWE, NBCUNI,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

PROPAGATE and VIACOMCBS **Breaches** and actions as described in this complaint. As such, the Plaintiff will continue to suffer irreparable damages without an injunction from the Court. The extent of the Plaintiff injuries shall be established for the Court and to be proven at trial.

        b.      Defendants LWE **conspired** with PROPAGATE and their counterparts at NBCUNI and VIACOMCBS *to Breach the Contract* with the Plaintiff by distributing to each other as co-conspirators the Plaintiff's "legally" protected Copyright and original content and; all of the Defendants named herein worked **"in concert"** to Defraud, the Plaintiff by pilfering, repackaging, and marketing the Plaintiff's original and proprietary properties "Vixen" as the Defendant's project "Z", without the Plaintiff's authorization or permission and; without compensating the Plaintiff in the form of Payments (United States Legal Tender), credit and or other considerations owed and legally required to the Plaintiff.

      208.    The Defendant(s) Breaches and conduct is telling, and the Defendants' entire effort, activities and actions were malicious, offensive, solely intended to perpetrate injurie on to the Plaintiff and to Defraud of her properties and; to deny the Plaintiff rightful Compensation for her time, works, products, and personally created properties.

      209.    The Defendant(s) Et Al., actions are ongoing in regard to the *Breach of Contract* and unless the Defendant(s) Et al., are enjoined by this court, the Defendant(s) will undoubtedly continue to disclose, use, and exploit, purloin and plagiarize the Plaintiff's content and Materials without the Plaintiff's permission and; without providing any compensation or credit to the Plaintiff.

      210.    The Plaintiff is therefore entitled to a permanent injunction restraining **All** of the Defendant(s) named herein, their Officers, Executives, Attorneys, Agents, Employees, Third Parties and; any and all persons acting "in concert' with the Defendant(s), from engaging in any further acts of violating the Plaintiff's Civil, Constitutional and Legally protected rights.

      211.    Defendant(s) Et al., fully expected to reap in the exponential profits from their illicit acts, Breaches and Infringement(s) and consequently the Plaintiff is therefore entitled to Monetary, Compensatory and Punitive damages.

**XII**

**FIFTH CLAIM FOR RELIEF**

**<u>BREACH OF CONFIDENCE</u>**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

**Names of Defendants:**

**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER, SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

## <u>LATIN WORLD ENTERTAINMENT AND PROPAGATE</u>

212.     Upon information and belief and; based on the conduct and behavior of the Defendant(s) LWE Et al. The Plaintiff alleges that LWE Et al., willfully Breached the (actual, inherent and bilateral) Confidences of their agreement with the Plaintiff by providing co-conspirators PROPAGATE "unauthorized access" to the Plaintiff's properties(The Zorro /Vixen" Storybook, Scripts and Character Breakdowns) and therefore willfully and willingly violated the Rights of the Plaintiff.

213.     The "Zorro/Vixen" concepts, ideas, storyline, characters(breakdown) and property (Props) brochures are Novel, wholly Original, **Confidential**, Proprietary and One of a Kind. Defendant(s) LWE have **acknowledged** through documents, emails and phone calls that LWE did *in fact* **receive** the Plaintiff's "Zorro/Vixen" Original series' Scripts, Treatments and properties in August 2018. Defendant(s) **LWE** Et al., (Employees and Agents) were provided access to "Zorro"-The Original Series and "Vixen"-The Original Series Proprietary content and materials (1) ***"In the strictest of confidences";*** (2) through proper procedure; (3) in "Good Faith" and; (4) for the **sole** objective, intent and purpose of casting CDF as the Lead the Plaintiff's production of "Zorro"-The Original Series in August 2018.

214.     The Plaintiff asserts that all of the communications between the Plaintiff and; all of the Individuals, Agents and Representatives who were authorized to communicate with the Plaintiff on behalf of LATIN WORLD ENTERTAINMENT were done **"in confidence"** and with the bilateral understanding that *all* of the **confidences** regarding the Plaintiff's content, materials and properties would be observed, honored, and maintained by the Defendants LWE Et al.

215.     Instead of keeping those confidences, Defendant(s) LWE Et al., did in fact,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

intentionally and willfully **Breach the Confidence** and **Breached the Contract** by purposely distributing the Plaintiff's proprietary content to Co-Defendant(s) and Co-conspirators: PROPAGATE, NBCUNI and VIACOMCBS(Executives, Agents, and Doe individuals in defendants companies) without (1) the Plaintiff's consent, permission or authorization and; (2) for the goal of "Trafficking" the Plaintiff's Properties to NBCUNI and VIACOMCBS for Millions of Dollars(USD).

    a.    LWE's Breaches were committed as part of the defendant's coordinated effort and direct objective to (1) disenfranchise the Plaintiff from her personally created and legally owned and legally registered properties; (2) to effectively eliminate the Plaintiff as the Defendant(s) only competitor; (3) to neutralize the Plaintiff's ability to sell her "properties" to a Competitor Network and; (4) to allow LWE to "Profiteer" from "Trafficking" the Plaintiff's "Zorro" properties to NBCUNI for Millions of Dollars USD.

216.    Defendant(s) LWE and PROPAGATE continued the **Breach of Confidence** by openly discussing and providing *protected* details of the Plaintiff's "Zorro/Vixen" Stories and Properties to countless individuals and; have made statements to the U.S. and International Media and the Public corroborating the Plaintiff's claims of Breach of Confidence and Copyright Infringement Et al.

## TELEMUNDO NETWORKS/NBCUNIVERSAL/COMCAST

217.    The Plaintiff asserts that all communications between herself and all of the Individuals, Agents and Representatives who were authorized to communicate with the Plaintiff on behalf of Telemundo Network Legal Affairs and Development Departments were done **"in confidence"** and; with the bilateral understanding that any necessary communication between Telemundo, NBCUNI and the Plaintiff regarding the "Zorro" Properties was, that all of the **confidences** regarding the Plaintiff's content, materials and properties would be observed, honored, and maintained by TELEMUNDO and NBCUNI.

    a.    The "Zorro/Vixen" concepts, ideas, storyline, characters, and property (PROPS) brochure is (Novel) wholly original, **confidential,** proprietary and One of a Kind. The Plaintiff did provide the Employees and Agents of Defendant(s) TELEMUNDO Network access to the Plaintiff's Proprietary content and materials "Zorro"-The Original Series and "Vixen"-The Original Series for the **sole** objective, intent, and purpose of providing

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

TELEMUNDO Networks First Rights at the Purchase and; or Distribution of the Plaintiff's collective "Zorro" Series' Original Television Products.

218.   The Defendant(s) TELEMUNDO have **acknowledged** through documents, emails and phone calls that TELEMUNDO did *in fact* **receive** the Plaintiff's "Zorro/Vixen" Original series' Scripts, Treatments and properties, which the Plaintiff had submitted to TELEMUNDO through proper procedure; in "Good Faith" and "In the Strictest of Confidences" in August and September 2019

219.   Instead of keeping those confidences, Defendant(s) TELEMUNDO and NBCUNI Et al., did in fact, intentionally and willfully **Breach** those Confidences and; willfully distributed the Plaintiff's proprietary content to each other, their Co-Defendant(s), Co-conspirators, Officers Executives, Agents, and Doe individuals in each of the Defendant's companies without the Plaintiff's consent, permission or authorization.

   a.   Defendant NBCUNI Et al., committed their Breaches as part of their coordinated effort and direct objective to (1) disenfranchise the Plaintiff from her personally created and legally owned and legally registered properties and; (2) to effectively eliminate the Plaintiff as Defendant(s) TELEMUNDO and NBCUNI only competitor for the "Zorro" Properties; (3) to neutralize the Plaintiff's ability to sell her "properties" to a Competitor Network and; (4) to allow NBCUNI to position themselves as the "Owners" of the Plaintiff's "Zorro" properties for the purpose of "Profiteering" from their larcenous Acts.

220.   NBCUNI Et al., Breaches of Confidence including providing co-conspirators PROPAGATE and LWE "unauthorized access" of the Plaintiff's **finished** "Zorro" Properties and; "aiding and abetting" LWE, PROPAGATE and Alfredo Barrios Jr. by providing their co-conspirators the necessary Blueprint that LWE, PROPAGATE and Alfredo Barrios Jr. required to *infringe on* and **fast-track** their script by **poaching and plagiarizing** the Plaintiff's properties and Materials.

   a.   The Defendants designed their stratagem to conceal the truth and to prevent the Plaintiff from fully comprehending the extent of the Defendant(s) Et al., Conspiracy and Racketeering acts in regard to the infringement and misappropriation of the Plaintiff's properties.

221.   VIACOMCBS was an integral part of Defendant(s) LWE, PROPAGATE and NBCUNI conspiracy which was devised and constructed for NBCUNI and VIACOMCBS to

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"cover up" defendant's LWE *Breaches of Confidence* and *Breaches of Contract* by omitting Defendants LWE out of Defendants NBCUNI, PROPAGATE and VIACOMCBS "Joint Official" Press Release. Defendants NBCUNI, PROPAGATE and VIACOMCBS were confident that without the Plaintiff being able to determine and establish the exact *trail* of the Breaches, Access and Infringement, the Plaintiff would be left spinning her wheels during any Civil Action.

222.    Defendant(s) TELEMUNDO and NBCUNI's entire objective in *Breaching the Confidence* with the Plaintiff was (1) to seize on and; (2) to take control of the Plaintiff's commercially valuable "Zorro/Vixen" Properties;

a.      Defendant(s) TELEMUNDO and NBCUNI had at all times relevant to this matter, fully intended to **Defraud** the Plaintiff of her Properties by (1) Infringing on; and; (2) "Falsely designating the Origin" of the Properties to themselves. Defendant(s) NBCUNI and TELEMUNDO continued the Breaches and Infringement by (1) financially exploiting the Plaintiffs properties and; (2) purposely denying the Plaintiff Credit and Compensation for the "Zorro/Vixen" Properties and Original Series Materials.

b.      The Defendant(s) Et al., in their haste to "Rob" the Plaintiff of her "properties" and eliminate the Plaintiff as their only Competitor did inadvertently expose themselves as culprits in the Breach of Confidence and by citing and publishing excerpts of the Plaintiff's protected and proprietary storyline elements in the Defendant(s) "Joint" Official Press Release statement. Elements that would only have been known to and; by individuals who had gained "unauthorized access" to the Plaintiffs proprietary content (Exhibit #5).

# XIII

## SIXTH CLAIM FOR RELIEF

### FRAUD

Names of Defendants:

SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

BARRIOS Jr, and DOES 1-25

## LATIN WORLD ENTERTAINMENT Et Al.

223.    On information and belief, the Plaintiff alleges that at all times relevant to this matter it has been the "True" Intent of LWE Et al. to Defraud the Plaintiff of her "Zorro/Vixen" Content and Properties

224.    LWE Et al., were confident that by "feigning interest" in assisting the Plaintiff with casting CDF as the Lead actor in the "Zorro" Original Series. That the Plaintiff would would grant LWE Et al., exclusive access to the Plaintiff's "Zorro/Vixen" Properties and; the Plaintiff did.

225.    LWE Et al., then enlisted PROPAGATE and ERIS' to "aid" LWE with Defrauding the Plaintiff of her properties and sabotaging the Plaintiff's Production;

       a.    PROPAGATE's "Job" was (1) Defraud the Plaintiff by disseminating the "Lie" that PROPAGATE were the Owners of the "Zorro" Properties by; (2) Subverting and Circumventing the Plaintiff by "trafficking" the "Zorro" properties to NBCUNI under the "False Designation of Origin" that PROPAGATE was the Creators of the "Female Zorro" Project.

       b.    Defendant(s) LWE Et al., and PROPAGATE Et al., acts of misappropriating, repackaging, remarketing, and regurgitating the Plaintiff's "Zorro/Vixen" properties was solely intended for Defendant(s) LWE Et al., and PROPAGATE Et al., *collectively* to obtain Millions of Dollars (USD) and; a "Legal Shield" from Co-conspirators NBCUNI and VIACOMCBS and to profiteer from the Defendant(s) Et al., acts to Defraud the Plaintiff and; from the expected financial windfall from the successes of the Plaintiff's collected ZORRO Properties.

## TELEMUNDO, NBCUNI, VIACOMCBS

226.    On information and belief, the Plaintiff alleges that at all times relevant to this matter, it has been the sole intent of the Defendant(s) NBCUNI and TELEMUNDO Networks, to **Defraud the Plaintiff from her Properties** and: to "profiteer" from NBCUNI Et al., acts of Defrauding the Plaintiff of her "Zorro/ Vixen" Content and Properties.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

227.    Beginning in May 2019 and at all times relevant to this matter Defendant(s) NBCUNI had knowledge that that the Plaintiff had submitted her "Zorro/Vixen" properties to NBCUNI/COMCAST Affiliate Networks TELEMUNDO for only Two (2) Reasons: (1) For **Acquisitions** and; (2) to establish a Production and or Distribution Deal with Defendants TELEMUNDO for the collective "Zorro" Properties.

228.    Beginning in May 2019 Defendants NBCUNI had knowledge and was now aware that TELEMUNDO was in position to "gain access" to the Plaintiff's Finished "Zorro /Vixen" Properties (Scripts and Character breakdown). As part of TELEMUNDO and NBCUNI acts of Defrauding and disenfranchising the Plaintiff from her properties. Defendant(s) TELEMUNDO willfully deceived the "Plaintiff" into believing that TELEMUNDO was interested in establishing a "Legitimate" business deal with the Plaintiff and; (2)intended to grant NBCUNI "Access" to the Plaintiff's Zorro Properties for Consideration for Acquisitions.

a.    TELEMUNDO willfully deceived the Plaintiff into believing that NBCUNI,TELEMUNDO and the Plaintiff had entered into a preliminary Acquisition agreement for the Plaintiff's "Zorro and Vixen" Original Series' products and; that TELEMUNDO was waiting to hear from NBCUNI regarding "Joint" acquisitions of the Plaintiff's Properties prior to finalizing the Acquisition Process.

229.    TELEMUNDO's **"Job"** was simple: (1) deceive the Plaintiff into granting Telemundo access to the "Zorro" properties by **"feigning interest"** in establishing a legitimate business deal with the Plaintiff for the Acquisition and Broadcast Distribution the "Zorro/ Vixen" Television Series; (2) *Defraud* the Plaintiff of her Properties through employing TELEMUNDO Submission Documents; (3) keep the Plaintiff in a Perpetual Stage of delay regarding the Acquisitions of the Plaintiff's Properties willfully to Prevent the Plaintiff from selling the Project to another Network; (4) Long enough for Defendants NBCUNI, LWE, PROPAGATE, TELEMUNDO and VIACOMCBS to manufacture and Broadcast their "Bootleg" Carbon Copy Version of the Plaintiff's "Vixen" Original Television Series.

230.    Defendant(s) NBCUNI et al., were confident that their "ploy" of employing TELEMUNDO to deceive the Plaintiff into granting TELEMUNDO and; subsequently NBCUNI "unadulterated access" to the "Zorro" Properties by "feigning interest" in establishing a legitimate Broadcast Distribution Deal with the Plaintiff for the "Zorro/Vixen" Properties would work and; it did.  As a direct result of TELEMUNDO's deception TELEMUNDO Legal

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1   Affairs and Submissions Departments Defendant(s) NBCUNI Et al., were "granted and gained

2   access" to the plaintiff's **finished** and protected "Zorro/Vixen" properties;

3           a.     Once TELEMUNDO was in possession the Plaintiff's properties,

4   Defendants NBCUNI Et al., would continue to **Defraud** the Plaintiff through **Theft by**

5   **Deception** and **Theft by Conversion**

6        231.    Defendant(s) NBCUNI Et al., agenda was multi-pronged: **(1)** to **Defraud** the

7   plaintiff of her properties and her "Exclusive rights" as "Creator and Owner" of the "Zorro/

8   Vixen" story and properties; **(2)** deny the Plaintiff **Compensation** and **Credit** and as the

9   "Creator" of the "Zorro/Vixen" Original Series and; (3) **"commercially and financially"**

10  profit from NBCUNI Et al., acts of **Defrauding** the Plaintiff and the financial exploitation

11  of the Plaintiff's Properties and; (4) "assert dominion" and "take control" of the Plaintiff's

12  collected "Zorro/Vixen" properties and; "maintain control" over Rafael Amaya.

13       232.    In November 2019, Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE

14  intentionally disseminated their Agenda to Defraud the Plaintiff to countless U.S. and

15  International Press Agencies by publishing a "Joint Official" "Press Release" statement in

16  which PROPAGATE was listed as "Producers" and NBCUNI placed themselves on Record as

17  the "Owners" and; principal "Financiers" of the "Zorro" Project production with VIACOMCBS

18  as Secondary Financiers and in position as just the "Outside Production Studio"

19          a.     Defendant(s) Et al., decision to disseminate their "Lie" regarding

20  the **Ownership** and **Origins** of the "Zorro" Project (Properties) to the U.S and International

21  media and; more importantly, to a High-Profile Filmed Entertainment Trade Publication

22  (Deadline.com) was willful, intentional and executed with forethought and coordination and;

23  with specific intent to "aid" the Defendants with the acts to **Defraud** the Plaintiff.

24          b.     Defendants NBCUNI(COMCAST) and TELEMUNDO, Illicit "Deal"

25  (agreement) and conspiracy with VIACOMCBS' was (1) Defendants NBCUNI, would provide

26  VIACOMCBS, PROPAGATE and; subsequently LWE Millions of Dollars (USD) to

27  manufacture a "Competitor" product which was wholly derived from the Plaintiff's Infringed

28  properties and;(2) Defendants VIACOMCBS would receive Millions of Dollars from NBCUNI

Et al, to "aid" NBCUNI in deceiving and deflecting the Plaintiff, the Media and the Public by

covering-up NBCUNI and PROPAGATE's relationship with LWE;(3) Defendants NBCUNI

and PROPAGATE's acts to Defraud the Plaintiff of her Properties and;(4) to Blur the trail of

**FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,**
**CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT**
**(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),**
**FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,**
**RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY**

Fraud, Infringement and Money, should the Plaintiff become aware of TELEMUNDO and NBCUNI Networks deception and; agenda to *Defraud* the Plaintiff of her "Zorro" Properties;

   c. VIACOMCBS would "aid and abet" co-conspirators NBCUNI, LWE and PROPAGATE acts in the "Infringement" and Misappropriation of the Plaintiff properties by placing themselves on Record as the Co-Financiers and "Co-Producers" of PROPAGATE "Female Zorro" Project with the intent to deceive and deflect the Plaintiff, the Entertainment Industry and the Media by disseminating the Defendant(s) Et al., "Lie" about the Origins and Ownership of the "Zorro" Stories, Content and Properties.

   d. NCBUNI, PROPAGATE and VIACOMCBS would add insult to injury, by naming and crediting themselves as the "Owners" of the Female Zorro Project. Statements that All of the Defendant(s) named herein this Complaint, at all times knew to be false.

   e. PROPAGATE and LWE would relinquish control of the Plaintiff's infringed **Properties, to** NBCUNI and for Millions of Dollars and to be "Legally Shielded" from the Plaintiff by NBCUNI and VIACOMCBS and; NBCUNI would **own** the collective "Zorro" Properties.

  233. Defendant(s) TELEMUNDO and NBCUNI deceived the Plaintiff into believing that the Plaintiff's" Zorro" properties had been sent to NBCUNI for consideration for (1) Acquisitions and; (2) that the Plaintiff's "Properties: were now in the "Pending approval" stages; this was a "Lie".

   a. This "Lie" was meant to (1) prevent the plaintiff from selling her "Zorro" Properties to a NBCUNI Competitor Network.

   b. Defendant(s) TELEMUNDO and NBCUNI would continue to Defraud the Plaintiff of her properties by (1) providing LWE and PROPAGATE Millions of dollars and (2) "aiding and abetting" their co-conspirators by providing **"unauthorized access"** to the Plaintiff's **finished** Scripts and Season One Story book to LWE, PROPAGATE, and Alfredo Barrios Jr. to fast-track their "Z" script development.

  234. Defendants NBCUNI et al., were confident that based on the NBC/VIACOM Press Release lending a *"false validity"* to the NBCUNI Et al., *"false narrative"* that the Zorro Series' were "original" product(s) owned by NBCUNI. The U.S. Entertainment industry and the General Public would assume that NBCUNI Et al., Press release statement was the truth, when in fact it was not.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

a.      Defendant(s) NBCUNI, PROPAGATE and VIACOMCBS Press Release Statement made no mention of the Plaintiff in any Way, Shape or Form and; cited and revealed storyline elements that were taken directly from the Plaintiff's "Vixen" Treatment to countless Domestic and International Entertainment Websites in November 2019.

235.    Defendant(s) NBCUNI and VIACOMCBS were confident that with NBCUNI and VIACOMCBS' propaganda machine functioning in full effect. Defendant(s) NBCUNI's "false narrative" would quickly saturate the Entertainment Industry and accomplish exactly what NBCUNI expected it to do; (1) torpedo the Plaintiff's Production and; (2) obliterate the Plaintiff's ability to sell her Proprietary" Zorro" properties to any other U.S. Film studios or competitor Networks and; (3) ensure that any interest or traction that the Plaintiff's properties had with a Competitor Networks prior to the Press Release would now be completely annihilated.

236.    At all times relevant, all of the Defendants named herein had been previously informed that the Plaintiff's "Zorro/Vixen" properties were currently "In Consideration" and; were also being "shopped" to other Networks at the same time of Plaintiff's submissions to LWE Et al., and TELEMUNDO(NBCUNI/COMCAST). LWE in fact required the Plaintiff to provide information regarding the Plaintiff's Network Distribution Plan as part of the "Viability" to Qualification for casting CDF

a.      In October 2019, Defendants TELEMUNDO and NBCUNI now aware and; informed that Rafael Amaya was now attached as the Lead in the Plaintiff's "Zorro" -The Original Series.

b.      This coupled with the Defendant(s) TELEMUNDO and NBCUNI prior knowledge that the Plaintiff was already in Pre-Production on the series and now completely aware of the Plaintiff's progress and; now fully capable of commencing Principal Photography in October 2019.

c.      Based on the Plaintiff's Level of Production in October 2018 and 2019 and Defendant(s) NBCUNI et al., knowledge that the Plaintiff was currently in discussions with a "Competitor" Network for Acquisitions and Distribution on the Collective "Zorro" Series'. It was at this precise moment that the Plaintiff became a TRUE Enemy and a **Viable Threat to** NBCUNI, LWE and PROPAGATE **plans for Defrauding the Plaintiff** and;

d.      As such Defendant(s) NBCUNI and TELEMUNDO, were moved to

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

act quickly on their conspiracy and agenda to **Defraud the Plaintiff of her Properties** and the Defendant's plan to Neutralize the Plaintiff and her "Zorro" Series by Stealing, Trafficking and *collectively* "Profiteering" from LWE, PROPAGATE and NBCUNI's acts of Infringement and the willful misappropriation of the Plaintiff's "Zorro" properties.

237.   Defendant(s) TELEMUNDO and NBCUNI assumed that the Plaintiff would wait until such time as Telemundo and NBCUNI had given her a determination on Acquiring the collected "Zorro" Properties before she continued "Shopping" the "Zorro/Vixen" properties to a Competitor Network. This would provide NBCUNI, LWE and PROPAGATE the time required to Defraud the Plaintiff by Manufacturing, Distributing and Broadcasting the NBCUNI PROPAGATE/LWE bootleg "Zorro" Series .

238.   In November 2019, when the Plaintiff first informed VIACOMCBS of the intent to Sue for Fraud and Copyright Infringement. VIACOMCBS agent Defendant Vargas "feigned" surprise when informed of the fact that the Plaintiff could establish for the Court that TELEMUNDO was in possession of the Plaintiff's properties prior to the VIACOMCBS Press Release and; that TELEMUNDO had informed the Plaintiff of their intent to provide NBCUNI access to the Plaintiff's Copyright properties in October 2019;

a.   Additionally, Defendant Michael Vargas provided false and misleading information to the Plaintiff and; even went as far as to fabricate a completely fake and wholly inadequate investigation into the Plaintiff's claims. During the course of the "Investigation" Defendant Vargas **(1)** did not Conduct any interviews with the Plaintiff; **(2)** did not request any information or documents from the plaintiff; **(3)** refused to provide a record of the investigation's findings and; **(4)** did not provide any information to the plaintiff, except to justify CBS Inc.'s Actions and; **(5)** confirm that Defendant NBCUNI Et al., did contract VIACOMCBS to Co-Finance and Co-Produce the manufacturing of the Bootleg "Zorro" project Television Series with PROPAGTE Et al.

239.   All of the Defendant(s) listed herein this Complaint are in the top tier of their peers and industries and; are individuals who command Salaries in excess of Hundreds of thousands of dollars annually and; are individual who would now attempt to deceive the Court in to believing that they were somehow unaware that their *collective* acts to Defraud the Plaintiff, would cause damage to the Plaintiff and her Properties.

240.   The Court can also infer that the Defendant(s) Et al., who are listed herein this

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Complaint and who are Officers of the Court and; Entertainment Industry professionals could foresee and were completely cognizant that their actions to Defraud the Plaintiff by **(1)** infringing on the Plaintiff's properties and;**(2)** pushing out their "False Narrative" that the "Zorro/Vixen" project was already being produced by Two (2) Major Studios: NBCUNI and VIACOMCBS would **(3)** cause irreparable harm and *damage* to the Plaintiff and her properties and;**(4)** prevent the Sale of the Plaintiff's Properties to a Competitor Network and; **(5)** would obliterate the Plaintiff's ability to continue production on and to secure Distribution on her "Zorro/Vixen" properties (Project)and;**(6)** Lead to Civil Litigation.

241.    Defendant(s) VIACOMCBS willingly entered into a Complicit and illicit partnership with co-conspirators NBCUNI, LWE and PROPAGATE to "aid and abet" Defendant(s) LWE, PROPAGATE and NBCUNI acts of defrauding the Plaintiff by shielding their Co-conspirators and; disseminating the "false narrative" that VIACOMCBS Studios was independently producing the Plaintiff's Zorro/Vixen project.

242.    Defendants NBCUNI Et al., (1) fully intended for themselves and their co-conspirators LWE, PROPAGATE and VIACOMCBS to "Profiteer" and; (2) "gain" financially from their illicit acts of Defrauding the Plaintiff and; the expected financial windfall from the successes of the Plaintiff's collected ZORRO Properties and;(3) fully intended on annihilating the "Plaintiff" as NBCUNI and TELEMUNDO's sole competitor for the Ownership of the coveted "Zorro" Properties.

243.    Defendant(s) **TELEMUNDO** and **NBCUNI** larcenous acts to *Defraud* misappropriate, regurgitate, repackage and remarket the Plaintiff's "Zorro/Vixen" properties are apparent, crystal clear, egregious and; were solely intended and designed to (1) injure the Plaintiff and her properties and;(2) diminish the *Value* of the Plaintiff's properties and;(3) obliterate the Plaintiff's ability to (4) sell her properties and; (5) to be financially compensated and credited for her works.

244.    TELEMUNDO and NBCUNI's modus operandi regarding promoting their "Lie" to the Public and the Media regarding the "Female" Zorro Television series, is deliberate and causing. Defendant(s) LWE, NBCUNI, PROPAGATE and VIACOMCBS could foresee that the Plaintiff would have to engage in costly legal action in order to stop the Defendants from infringing on and manufacturing their boot-leg version of the Plaintiff's properties (JRE vs. LWE). As such Defendant(s) NBCUNI Et al., ultimately planned their acts to Defraud the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Plaintiff by purposely creating intentionally leveling a *Direct Tort* against the Plaintiff and by subjecting the Plaintiff to a **Loss of Opportunity.**

# XIV
## SEVENTH CLAIM FOR RELIEF
## THEFT BY DECEPTION

**Names of Defendants:**

**SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

**Theft by deception** is the **unlawful taking of something that belongs to another person with the intent to deprive the owner of the property,** but Theft by Deception requires that the individual employed some deceptive act or used deceptive words which were relied upon by the victim in making the decision to turn over their property.

245.    The elements required for Theft by Deception as referenced above:

(1) At all times prior to, during and; relevant to this matter, the Plaintiff was the Legal "owner" of the Property, Content, Materials, Concepts and Creation known herein as "ZORRO/VIXEN" The Original Series'; (2) the Property was legally registered with the United States Copyright Office and; are subjects of a valid Certificate issued under **Registration# Pau003962481**(Dated 12/31/2018); (3) Defendant(s) LWE and PROPAGATE have at all times relevant been cognizant and knowledgeable that the Plaintiff was the "Creator" and "owner" of the Female Zorro Copyright and;( 4) Defendants Vergara and Balaguer "used" their positions as the Business Manager for CDF to **deceive** the Plaintiff's into granting and providing LWE access to her "Zorro" properties under the auspices that LWE would assist the Plaintiff Cast CDF.

246.    In August 2018, the Plaintiff's was seeking an Actor for the Lead Character on

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the Plaintiff's "Zorro" -The Original Series and; had contacted LWE who were recorded as the Agent(s) for CDF to offer him the chance at the Role. **(Exhibit #4).**

247.    In August of 2018, the Plaintiff executed a Non-Disclosure and Non-Competition and Letter of Intent agreement with the Defendants LWE Et al. As part of the Contract between the Plaintiff and Defendant(s) LWE Et al. Defendants LWE Et al., were provided(access)copies of the Plaintiff's "Zorro/Vixen" Properties solely for the purpose of casting Actor CDF in the Lead role of Alejandro De la Vega in the Plaintiff's "Zorro" The Original Series.

a.    As a direct and proximate result of the Defendant's LWE deception, the Plaintiff granted Defendant(s) LWE Et al., access to the Zorro Properties for what the Plaintiff believed to be was LWE Et al., determining the "Zorro" Projects viability for their client: Cristian de la Fuentes.

b.    Defendants LWE purposely **deceived** the Plaintiff into believing that LWE Et al., intended on utilizing their "granted" access to the Plaintiff's properties to assist LWE with casting CDF as the Lead in the Plaintiff's "Zorro/Vixen" Original Television Series.

248.    Instead of fulling their portion of the Contract, Defendant(s) Vergara and Balaguer willfully chose to conspire with Defendant Ben Silverman to dispose the Plaintiff's "ZORRO Properties" to themselves and; then "trafficked" the Plaintiff's "Stolen" Property to co-conspirators NBCUNI under the "false designation of origin" that the Plaintiff's Properties were created by and owned by Defendant Vergara and Defendant Silverman.

249.    Based on the Defendant(s) LWE Et al., acts, it is apparently clear that beginning in August 2018, at all times relevant to this matter and continuing on until the date of this Complaint that it has been the **True Intent** of Defendant(s) **Sofia Vergara and Luis Balaguer** to "Steal" the Plaintiff's "Zorro/Vixen" Properties, through **Theft by Deception** and; that Defendants LWE Et al., willingly committed **Theft by Deception** by willfully employing *deceptive and fraudulent* tactics to "gain access" to the Plaintiff's Properties.

250.    Defendant(s) Vergara, Balaguer and Silverman were completely aware that with the attachment of CDF as the Lead Character in the Plaintiff's Television series. The Plaintiff's "Zorro" project was ***Pret-a-porter*** (Ready to Wear) and; that as of August 2018 the Plaintiff would be in the position to; (1) sell the "Zorro" Series Independently to any U.S. or International Network of her choice and; (2) would be able to enter into Production on the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"Zorro/Vixen" projects virtually immediately commencing Principal photography within 45-60 days.

251.    Defendant(s) LWE, NBCUNI and PROPAGATE were cognizant that if the Plaintiff was successful starting Production on her "Zorro" Series and; in selling her products (Properties) to UNIVISON or NBCUNI before PROPAGATE could "traffic" them to NBCUNI. LWE Et al. and PROPAGATE would lose their opportunity to infringe on and misappropriate the Plaintiff's Valuable Properties.

252.    Defendant(s) Et al., acts of Theft by Deception were wholly intended to provide Defendant(s) LWE, PROPAGATE and NBCUNI Et al., (1) the opportunity to "Steal", "Sell" and Manufacture their "Bootleg" version of the Female Zorro series which was wholly derived from the Plaintiff's stolen properties and; (2) to profit substantially and *collectively* from their acts of Theft by Deception for a Singular and specific goal: Obtaining millions of Dollars (USD) by "trafficking" the Plaintiff's infringed properties to their Co-Conspirators Defendant(s) NBCUNI and VIACOMCBS ( Jenni Rivera Enterprises LLC v. Univision Communications Inc. - Lexology RE: Univision Broadcasting "Jenni Rivera Project")

## NBCUNIVERSAL, TELEMUNDO, PROPAGATE and VIACOMCBS

253.    The Plaintiff alleges that beginning in September 2019, during all times relevant to this matter and; continuing on until the date of this Complaint. It has been the TRUE intent of TELEMUNDO and NBCUNI Networks infringe on and; profit from the "Infringement" of the Plaintiff's properties through a systematic plan of **Theft by Deception.**

254.    Defendant(s) TELEMUNDO(NBCUNI) purposely deceived the Plaintiff into granting TELEMUNDO "Unadulterated Access" to the Plaintiff Proprietary "Zorro" Content and Properties by "feigning interest" in establishing a "Legitimate" business arrangement with the Plaintiff for the Acquisition and Distribution her "Zorro" Properties (Project). NBCUNI then subsequently conspired with VIACOMCBS to cover up the "trail of infringement" and; provide the "Shelter" for their co-conspirators LWE and PROPAGATE to Manufacture, Broadcast and Distribute the Defendant's "Bootlegged" "Female Zorro" Series.

255.    Defendant(s) Telemundo/NBCUNI, and complicit partners and Co-conspirators VIACOMCBS, LWE and PROPAGATE Et al., acts of **Theft by Deception** were constructed

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and intended to provide Defendant(s) TELEMUNDO, NBCUNI Et al., VIACOMCBS Et al., LWE Et al., and PROPAGATE Et al., the opportunity to benefit as "Profiteers" from their acts of larceny, poaching, pilfering, plagiarizing, misappropriating and; repackaging the Plaintiff's "Zorro/Vixen" properties and;

a.       The Defendant(s) Et al., wholeheartedly planned on "jointly" profiting "financially and commercially" individually and collectively from their acts of Theft by Deception and; subsequently Theft by Conversion and; the planned financial exploitation of the Plaintiff's "Zorro/Vixen" properties

256.    As Media conglomerates Defendant(s) NBCUNI and VIACOMCBS employed their influence *and;* resources to (1) orchestrate the Theft, (2) "knock" the Plaintiff out of the Box and; (3) set themselves up to reap in the expected financial windfall of the "ZORRO" Series' success.

257.    Defendant(s) NBCUNI Et al., TELEMUNDO, VIACOMCBS, LWE and PROPAGATE, willfully conspired with each other's General Counsels, Legal representatives, and Executives who, as accessories, accomplices and accessories after the fact willingly "aided and abetted" their co-conspirators larcenous acts of **Theft by Deception** and Theft by Conversion and; purposefully *contrived* their convoluted relationship as a means to an end, intended on creating a "Legal quagmire". The Defendant's Et al., **goal** being to trap the Plaintiff in a Legal Battle, which could take years to litigate, effectively destroying the Plaintiff's ability to "produce" or "sell" her "Zorro/Vixen" Properties to any other Networks. The Defendant(s) conducted themselves with concern for only one Goal: Neutralize the Plaintiff and Profiteer from the Theft of the Plaintiff's properties without any consideration for the Rights of the Plaintiff and; the Laws of the United States of America.

# XV
## EIGHTH CLAIM FOR RELIEF
## THEFT BY CONVERSION

**Names of Defendants:**

**SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD OWENS, NBCUNIVERSAL**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25

Conversion is an intentional tort that occurs through the lawful taking of property and then converting it into income generated by some form of sale or trade. It consists of the wrongful exercise of dominion or control over personal property, which so seriously interferes with another's right to control the property that the converter is required to pay the other the full value of the property as damages for the conversion.

Elements required to establish a cause of action for conversion is that the person obtained possession of the property in a lawful way, but then used it in an unlawful manner for their own personal gain.

## LATIN WORLD ENTERTAINMENT AND PROPAGATE

258.    The elements required for Theft by Conversion as referenced above: Defendant(s) LWE and PROPAGATE have at all times relevant to this matter had knowledge that (1) the Plaintiff's "Zorro/Vixen" properties were legally Copyright and; (2) the Plaintiff was the sole "Creator" and "Owner" of the Female Zorro Copyrights, stories, concepts, and materials and;(3) that the Plaintiff had exclusive rights of "ownership" of the Female Zorro (VIXEN) Story, Concepts and Premise and; the Female Zorro(VIXEN) Copyrights.

259.    Defendant(s) LWE Et al., purposely, intentionally and willfully committed their acts of Theft by Conversion when Defendant(s) LWE employed the "Zorro" NDA/NCA agreement between the Plaintiff and LWE to obtain (gain access) the Plaintiff's "Zorro" Properties with the intent to "Rob" the Plaintiff of her Properties.

      a.    Defendants LWE never intended to fulfill the Terms of their Contract with the Plaintiff and; instead of fulfilling the Terms of LWE's Contract with the Plaintiff to cast Cristian De la Fuentes in the Plaintiff's Television Series Production of "Zorro"-The Original Series. Defendant(s) LWE then continued the Theft by Conversion by conspiring with each other, themselves and PROPAGATE to "Convert" and "dispose" Plaintiff's "Zorro"

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT, COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

properties to themselves for the Purpose of "Personal Financial gains" from trafficking the Plaintiff's Properties to NBCUNI for Millions of Dollars(USD)

260.   Defendants LWE and PROPAGATE at all times relevant to this matter had been aware of the Level of Production that the Plaintiff was engaged in at the time of Submissions to LWE in August/September 2018 and; LWE were completely and totally aware that the Plaintiff was actively shopping her "Zorro" properties to UNIVISION and TELEMUNDO amongst other Distributors.

a.   In August/September 2018 Defendants LWE and PROPAGATE devised a strategy to neutralize the Plaintiff and to prevent the Plaintiff from entering into Production on "Zorro" the Original Series and; interrupting LWE plans of "Trafficking" (sell) the Plaintiff's "Zorro" properties to NBCUNI for Millions of Dollars (USD).

## TELEMUNDO, NBCUNI ET AL., VIACOMCBS

261.   Defendants NBCUNI and TELEMUNDO have at all times relevant to this matter been informed, had knowledge and; were completely aware of the Level of Production that the Plaintiff was engaged in at the time of Submissions to TELEMUNDO Et al., in September 2019 and; TELEMUNDO was completely and totally aware that the Plaintiff was actively shopping her "Zorro" properties to Competitor Studios and that the Plaintiff had executed an NDA/NDC and Letter of Intent to Cast Rafael Amaya as the Lead in "Zorro"- The Original Series.

262.   Defendant(s) TELEMUNDO and NBCUNI Et al., willfully, purposely and intentionally committed **Theft by Conversion** when Defendant(s) TELEMUNDO and NBCUNI conspired with each other to employ the TELEMUNDO submission agreement between Defendant(s) TELEMUNDO and the Plaintiff to "gain access" to the Plaintiff's "Zorro" properties for the purpose of "Converting" the Plaintiff's Finished Properties to themselves to obtain Millions of Dollars (USD) from the Distribution and International Sales of the Plaintiff's "Zorro/Vixen" Properties.

263.   NBCUNI's plan was simple: conspire with sibling TELEMUNDO to deceive the Plaintiff into believing that TELEMUNDO and NBCUNI were **interested**" in establishing a "Legitimate Business Deal" with the Plaintiff for the Acquisition and Distribution of the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Plaintiff's Collective and Connected "Zorro" Properties.

a.  A strategy which would provide NBCUNI Et al., "unadulterated access" to the Plaintiff's properties and; NBCUNI would then misappropriate the Properties and Convert the Properties to themselves, TELEMUNDO, LWE and PROPAGATE and VIACOMCBS.

264.  Defendant(s) TELEMUNDO and NBCUNI conspired with their collective General Counsels, Legal representatives, and Executives to devise the stratagem that would allow the Defendants to accomplish their goal(s) of preventing the Plaintiff from entering into Production on her "Zorro" The Original Series production in Late 2019; (1) Convert the Plaintiff's "Zorro" properties to themselves through "Theft by Conversion" and; (2) neutralize the Plaintiff's as NBCUNI Et al., only Competitor by disseminating their "False Narrative regarding the Ownership of the "Zorro" Properties and; (3) obliterate the Plaintiff's ability to secure distribution with a Competitor Network and;(4) manufacture and broadcast a "Bootleg" Version of the Plaintiff's VIXEN "Female Zorro" Original Series before the Plaintiff would have even known what had happened.

265.  NBCUNI would then recruit co-conspirators VIACOMCBS who as Contributory Infringers would "aid" in the Theft by Conversion operating as "Accessories after the fact" and; by covering up the conspiracy between NBCUNI (TELEMUNDO), LWE and PROPAGATE.

266.  NBCUNI, LWE and PROPAGATE planned and enacted their conspiracy to "convert" the Plaintiff's "ZORRO Properties" to themselves specifically for "financial and commercial exploitation and personal financial gains" instead of for the SOLE purpose for which the Plaintiff had in fact "granted" Defendant(s) TELEMUNDO and NBCUNI "access". Which all of the Defendants had knowledge and were cognizant was solely for **Acquisition** and **Distribution** of the Plaintiff's Zorro Production(properties) on Defendant(s) TELEMUNDO NBCUNI and NBCUNI Affiliate Networks.

267.  Defendant(s) NBCUNI, PROPAGATE and VIACOMCBS' decision to omit Defendant(s) LWE's  involvement out of the Defendant(s) NBCUNI, PROPAGATE and VIACOMCBS' Official "Joint" Press Release Statement is *evident,* that at all times relevant to this matter, NBCUNI Et al., and VIACOMCBS Et al., had knowledge, were fully cognizant and aware that co-conspirators LWE and PROPAGATE were "trafficking" the Plaintiff's properties and; that the Plaintiff would be able to Immediately connect NBCUNI, LWE,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

PROPAGATE and their co-conspirators VIACOMCBS to the "Theft" of her "Zorro" Properties.

        a.    A Truth that once revealed would establish for the court that (1) **"at all times relevant to this matter"** NBCUNI, TELEMUNDO and ultimately COMCAST Corporation were completely cognizant that LWE was **in violation** of the Non-Disclosure and Non-Competition agreement which had been executed between the Plaintiff and Defendants LWE in 2018 and; (2) that LWE had willfully violated the Rights of the Plaintiff and the Copyright Laws of the United States of America

      268.    Defendant(s) NBCUNI, VIACOMCBS and PROPAGATE "Official joint" press statement indicating that Defendant(s) LWE and PROPAGATE had in fact "Converted" the Plaintiff's "Vixen"-The Original Series" Properties to themselves and; then "sold" the Converted "properties" to NBCUNI for Millions of Dollars is now evident and crystal clear.

        a.    NBCUNI, PROPAGATE and VIACOMCBS renaming and repackaging the Plaintiff's "Vixen" Female Zorro Series property as "Z-The Series" and; disseminating the "Lie" that the Plaintiff "Zorro" Properties were Created by Defendants NBCUNI and PROPAGATE is evidence of NBCUNI, LWE, PROPAGATE and VIACOMCBS's **Conspiracy to Commit Theft by Deception, Theft by Conversion, Copyright Infringement, Willful Infringement** and **Fraud** Et al.

      269.    Defendant(s) NBCUNI and TELEMUNDO's "joint" and continual acts of Copyright infringement establishes for the court, that Defendants TELEMUNDO and NBCUNI never intended on "Acquiring" the Plaintiff's properties in any legitimate fashion or Legal Manner and; had at all times relevant to this matter intended on misappropriating and infringing on the Plaintiff's properties through **Theft by Conversion** and **Theft by Deception Et al.**

      270.    The Defendant(s) Et al., fully intended and planned "jointly" to benefit "financially and commercially" from their acts of **Theft by Conversion** Et al., and; the expected and projected financial windfalls from the Plaintiff's "Zorro/Vixen" properties and the "Zorro" Series' success.

      271.    Defendant(s) NBCUNI and TELEMUNDO completely expected to use their positions as Media Conglomerates to their advantage and intentionally created "a Legal issue" which by inception was designed and coordinated to Blow the Plaintiff's Zorro Production out

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

of the water and to destroy the Plaintiff's "Zorro" production permanently.

        a.     Defendant(s) NBCUNI and VIACOMCBS planned to capitalize on their positions as "Well-Funded" corporations to "suck" the Plaintiff into a "legal quagmire" in which the Defendant(s) Et al., incorrectly assumed would leave the Plaintiff completely devastated and bankrupt.

        b.     Defendants NBCUNI were confident that even if there was a Lawsuit for the claim of **Theft by Conversion**. Defendants NBCUNI et al., would attempt to "trick" the Court into allowing NBCUNI/Telemundo networks to broadcast of their "bootleg" version of the Plaintiff's properties by "perjuring themselves" to the Court and; attempting to "trick" the Court into believing that NBCUNI were just "unwilling participants" in the Infringement and; as such the court should grant Defendants NBCUNI Et al., the ability to Broadcast their "Competitor" project just as the Court had granted UNIVISION the ability to Broadcast their "Competitor" Jenni Rivera Project in 2017.

    272.    Defendants LWE and NBCUNI Et al., were confident that this ploy would work because, it had already been successful when just 3 years prior in 2017, when UNIVISION Networks employed the same deceitful and detrimental tactics and modus operandi against TELEMUNDO and Jenni Rivera Enterprises.

        a.     The same "Jenni Rivera" Television (JRE/TELEMUNDO) Project that JRE had sued LWE and Univision over in 2016[a].

        b.     In that Case (JRE v. LWE 2016) Univision was granted severance from the case and; the ability to Broadcast their "Competitor" project due to JRE not being able to establish UNIVISION's culpability in the Matter. The Court ruled that JRE could then sue LWE for "Unfair Competition". As of the date of this Complaint the Case (JRE vs. LWE is still pending in Los Angeles Superior court. [a] (Jenni Rivera Enterprises LLC v. Univision Communications Inc. [)

# XVI
## NINTH CLAIM FOR RELIEF
### RACKETEERING
### (CIVIL)
### Names of Defendants:

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

**LATIN WORLD ENTERTAINMENT, LUIS BALAGUER,**
**SOFIA VERGARA, PROPAGATE CONTENT, BEN SILVERMAN, HOWARD**
**OWENS, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc.,**
**VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL,**
**KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO,**
**MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

273.     Defendant(s) NBCUNI Et al., TELEMUNDO Et al., VIACOMCBS Et al., LWE, PROPAGATE, Executives and Officers in Multiple Department including but not Limited to: Legal Affairs, Submissions, Development and the Presidents of each of the Partner Networks *willfully* and *intentionally* formed and operated as an "Enterprise" engaged "*in a pattern of criminal and racketeering activity*" by conspiring with themselves and each other to work "in concert" to Deceive the Plaintiff, to Commit Copyright Infringement and to Defraud the Plaintiff of her Proprietary, legally registered, and exclusively owned properties and; All of the Defendant(s) named herein fully intended to "*financially benefit and to Profit collectively*" from their collusionary and complicit acts.

274.     Defendants LWE Et al., and PROPAGATE Et al., *willfully* and *intentionally* formed and operated as an "Enterprise" engaged "*in a pattern of criminal and racketeering activity*" by conspiring with themselves and each other to work "in concert" to Deceive the Plaintiff, to Commit Copyright Infringement and to Defraud the Plaintiff of her Proprietary, legally registered, and exclusively owned properties and; Defendant(s) LWE Et al., and PROPAGATE Et al., intended to "*financially benefit and to Profit collectively*" from their collusionary and complicit acts.

          a.     Defendant Vergara and Balaguer would spearhead the Conspiracy by working "in concert" to orchestrate the Theft, Willful *Infringement* and the misappropriation of the Plaintiff's properties and; designedly created a "Legal circumstance" that in the minds of the Defendant(s) appeared to be a "Fail safe" coverup plan.

          b.     The Plan: Defendants LWE and PROPAGATE would Deceive the Plaintiff into granting LWE access to the "Zorro/Vixen" Properties. LWE and PROPAGATE then conspired with each other and constructed their acts to *Infringe* upon, misappropriate and; Traffic the Plaintiff's properties to NBCUNI Et al., for Millions of Dollars and a De facto Legal Shield.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

c.      LWE and PROPAGATE were Confident that NBCUNI in its thirst for Latino Content would invest the Millions required and Legally Deflect the Plaintiff for LWE and PROPAGATE in return for Control and Ownership of the "Zorro" Projects.

d.      Defendants LWE and PROPAGATE and NBCUNI Et al., *willfully* and *intentionally* formed and operated as an "Enterprise" engaged "*in a pattern of criminal and racketeering activity*" by conspiring with themselves and each other to work "in concert" and to enlist Defendants VIACOMCBS, who as Contributory Infringers and Accessories-after-the Fact would construct their acts to willingly create a "Legal Quagmire", that in the minds of the Defendant(s) would have appeared to be a "Fail safe" coverup plan.

e.      The Plan: Defendants NBCUNI Et al., would recruit VIACOMCBS to provide the façade that the "Zorro" Projects were being Produced by VIACOMCBS to misdirect and Deflect the Plaintiff, from the True Trail of Infringement and Money.

275.      Defendant(s) COMCAST, NBCUNI and TELEMUNDO *again,* as Financiers, perpetrators, instigators, **principal benefactors and primary beneficiaries** enlisted co-conspirators VIACOMCBS to provide "Legal cover" for Defendant(s) COMCAST, NBCUNI and TELEMUNDO. The Defendants stratagem and intention was VIACOMCBS would provide co-conspirators NBCUNI and PROPAGATE and LWE a "Legal Shield" by perpetuating to the Public and the media the "false narrative" and façade that VIACOMCBS was an "Independent Studio" and; that the **"Zorro"** Project was an "Independent Production" produced by VIACOMCBS in Association with PROPAGATE for exclusive distribution on NBCUNI and NBCUNI affiliate networks.

a.      NBCUNI and VIACOMCBS were confident that their Financial Resources would allow them to survive a Lawsuit and any Civil Liabilities assessed against them for Willful Copyright Infringement Et al.

276.      The "Legal Shield" provided by co-conspirators VIACOMCBS' would allow LWE, NBCUNI and TELEMUNDO to hide in the shadows, but still NBCUNI would maintain complete control, Ownership, and the financial reins on the Zorro Product(s).

a      As the Chief *Financier* COMCAST, NBCUNI and TELEMUNDO would be in the position to assert dominion and control over its co-conspirators LWE, PROPAGATE and VIACOMCBS ultimately controlling the Zorro Project in perpetuity.

277.      Defendant(s) NBCUNI, TELEMUNDO, LWE and PROPAGATE General

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Counsels, Legal Representatives, Executives and Officers conspired with each other, themselves and each other's counterparts at VIACOMCBS to create the stratagem necessary to execute their acts of Willful infringement and; of determining which of the Defendant(s) was going to receive the most financially from the Theft and Exploitation of the Plaintiff's properties.

a.    Defendant(s) LWE and PROPAGATE stood to receive untold Millions of Dollars (USD) from both of their illicit "Parents" co-conspirators and accomplices NBCUNI and VIACOMCBS through the "First Look Deal" arrangement in which PROPAGATE and LWE would "traffic" the Plaintiff's Properties to Co-Conspirators NBCUNI. NBCUNI would then "Take Possession" of the Plaintiff's Properties and Cover up Defendants LWE and PROPAGATE acts of Copyright Infringement Et al., in return for complete Ownership and Control of the Plaintiff's Infringed and Trafficked "Zorro/Vixen" Properties.

b.    VIACOMCBS would then Continue the Infringement by contributing to NBCUNI, LWE and PROPAGATE acts by perpetrating the "Lie" that VIACOMCBS was just the "Production Studio" allowing NBCUNI and LWE to hide in the Shadows.

278.    The Question? **Why would VIACOMCBS Networks Executive and Officers agree to make an Original Television product for its Competitor NBCUNI?**

a.    The Answer: (1) to receive Millions of Dollars (USD) From NBCUNI and; (2) for "**Commercial Advantage** and **private financial gain.**

b.    The Executives and Officers who orchestrated, facilitated and approved the Infringement would receive "GIFTS" in the form of Raises, Bonuses, Stock Options, Kickbacks from the Studios and the Production Partners in the form of Corporate "Pass Through" Gifts and Perks for "aiding" and "abetting" in the "cover up" of NBCUNI'S larceny and malfeasance. VIACOMCBS "Job" was to misdirect the trail of infringement away from the true Perpetrator(s) **NBCUNI, LWE and PROPAGATE.** VIACOMCBS Credited as the "Production Studio" would then be able to Broadcast the "Zorro" Series' sans Licensing fee on VIACOM/PARAMOUNT + Streaming Platform.

279.    Defendant(s) VIACOMCBS stood to receive (1) untold Millions of Dollars (USD) in initial "Production funding" from NBCUNI for VIACOMCBS' obedience and complicity as the "Production Partner and Studio" and; (2) as Production Partner VIACOMCBS would receive approximately 50% of the Advertising, Distribution and Syndication Revenue

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

derived from the collective "Zorro" Properties. The "Zorro" Project(s) Season One Estimated projections are valued at over *$350 Million USD*.

a.     VIACOMCBS Modus Operandi in this action and other actions similar to this has been to actively involve themselves as the "Cover" for the Misconduct of their Partner Production Companies (See DFHE v VIACOM). VIACOMCBS has at all times relevant willfully shielded its Co-Conspirators to prevent exposure and prosecution by positioning themselves as the "Figurehead Production Company" to deflect for NBCUNI, PROPAGATE and LWE.

280.    The Conspirators plan was simple: VIACOMCBS would step in as the principal "Production Studio" to cover the Trail of Money and Infringement for NBCUNI, LWE and PROPAGATE. VIACOMCBS would receive the initial Funds from NBCUNI(COMCAST) and; VIACOMCBS would then Funnel the Money to co-conspirators PROPAGATE who would in return funnel the Money to Defendants LWE Et al.

a.     VIACOMCBS has at all times relevant to this matter *willingly* "aided" and "abetted" Defendant(s) NBCUNI Et al., LWE and PROPAGATE acts and; wholeheartedly participated in the Infringement and misappropriation of the Plaintiff's "Zorro/Vixen" Content with a complete disregard for the Laws of the United States of America and; for the Rights of the Plaintiff.

281.    All Financing, Agreements, Deal memos and; any of the necessary and required Preproduction Activities for the actual Filmed Entertainment Production(Product) of the "Series", *would not have been possible* without the total Involvement, knowledge, assistance, Financial support and coordination of COMCAST,NBCUNI,TELEMUNDO,PROPAGATE, LWE and VIACOMCBS' General Counsels, Legal Affairs Departments, Executives and Officers of all of the Defendant(s) working "In concert" to "aid and abet" Defendant(s) NBCUNI, LWE, PROPAGATE and VIACOMCBS with their acts of Racketeering and Willful Infringement.

282.    The Legal Affairs Department of most Filmed Entertainment companies' direct purpose, and activity includes but is not limited to: **Acquisitions, Risk Management, Risk Assessment, Contracts, Contractual Negotiations, Financial Negotiations, Litigation and Communications between: Partner Companies, Production Companies and Vendors.**

a.     In of the majority of Corporations in the United States, it is the General

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1  Counsel and Legal Affairs Departments that are responsible for any and all agreements and
2  contracts between any and all parties doing business with the Company.

3          b.      All of the agreements and contracts between the Defendant(s) LWE Et al.
4  PROPAGATE Et al., and NBC/TELEMUNDO and; all agreements and contracts between
5  Defendant(s) VIACOMCBS and LWE, NBCUNI Et al., and PROPAGATE, especially those
6  pertaining to "Ownership" and limiting LWE, PROPAGATE and VIACOMCBS claims over
7  the "Zorro" project and properties would have had to been (1) discussed; (2) negotiated;(3)
8  outlined and; (4) drafted by the General Counsels and one or more employee, in the Legal
   Affairs Departments of each of the Defendant's Company's and; reviewed and; authorized by
9  all of the Executives in multiple Departments of all of the Defendant(s) companies and; by all
10 Attorneys of Record and Representation, including but not limited to all General Counsels of
11 the Defendant(s) COMCAST Et al and VIACOMCBS Et al., and "in essence" all of the
12 Defendant(s) named herein this complaint.

13         c.      Any and all discussions of Compensation, Authorizations to provide funds,
14 any and all financial obligations and funding between the parties, would have had to have been
15 (1) overseen; (2) drafted; (3) authorized; (4) approved, and; (5) signed off by the General
   Counsels of all the Defendant's corporations named herein this Complaint.
16
           d.      The Legal Affairs Departments and the Executive Staff of all of the
17 Defendants' companies would all had to have communicated with each other via email, phone,
18 text, or similar forms of correspondence in order to solidify the deals, finalize agreements and;
19 ultimately and most importantly approve financing for themselves and their co-conspirators
20 NBCUNI, LWE, PROPAGATE and VIACOMCBS.

21         e.      The Presidents of the Development, Production and Programming
22 Departments of each of the Defendants' Networks and; all of the Production Companies named
23 herein as Defendant(s) would have had to have been presented the Series schematics and;
   "unauthorized copies" of the Plaintiff's Properties for their approval, acceptance, and
24 Integration.
25
       283.    Once the Plaintiff and the Court has the opportunity to review all of the
26 agreements between NBCUNI, LWE, PROPAGATE and VIACOMCBS for (1) the "Zorro/
27 Vixen" properties Season One Production Order and; (2) the Option fees paid to PROPAGATE
28 and LWE; (3) The true amount of Pre-Production financing and; (4) The true timeline of the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Defendants infringement and; (5) the trail of "Unauthorized Access"; (6) The Identity of the One True Owner of the "Z" Series; (7) the True and Projected Production Costs; (8) The Advertising Distribution and Syndication Revenue Projections; (9) NBCUNI planned Financial commitment to VIACOM and PROPAGATE and; (10) all the fees and monies paid to the Defendant(s) to ensure their complicity and obedience will be revealed.

      a.     The true level involvement and the collective and planned Ownership of the Plaintiff's "Zorro" Properties including; (1) any and all clandestine information regarding monetary Compensation for the Defendants and their accomplices; (2) Names and Identities of the DOE defendants; (3) the true level of the Network(s) involvement in the "Willful" infringement and misappropriation of the Plaintiff's properties and; (4) the Truth of Defendants NBCUNI Et al., and VIACOMCBS Et al., clandestine relationship will also be revealed.

284.    At all times during this matter, The Employees and Senior Staff members of the Legal Affairs, Submissions and Development Departments, the President(s) and Executives of Defendant(s) NBCUNI, TELEMUNDO, VIACOMCBS and NATIONAL AMUSEMENTS (*collectively*) had knowledge that the Plaintiff's properties were legally Copyright as is required by the Defendants own submission policy.

      a.     Defendants NBCUNI had knowledge and; are aware that in order for TELEMUNDO Networks and NBCUNI Networks to be "in possession" of the same (2) "Female Zorro" Properties simultaneously but, that somehow the "Properties" are not the same, related or derived from each other is spectacular and wholly unbelievable, with odds that are at least a Million to one.

      b.     The fact of the matter remains that in order for any of the Defendant(s) or Defendant(s) Networks to be in possession the "Zorro/Vixen" Properties, the Defendant(s) would have had to have obtained them from someone and, that someone is in fact the Plaintiff.

285.    This "truth" establishes for the Court that all of the Defendant(s) named herein, have at all times relevant to this matter truly Complicit, culpable, Liable, willingly and willfully engaged "*in a pattern of criminal and racketeering activity*" by conspiring with themselves and each other to participate in the Conspiracy to Infringe and Defraud the Plaintiff of her Proprietary, legally registered, and exclusively owned properties and Materials.

      a.     Based on the Defendants acts of publicly stating, boasting and bragging about their acts of Willful infringement. All of the Defendants named herein had at all times

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

relevant to this matter planned for themselves, each other, their conspirators and accomplices to *"benefit financially and to Profit collectively* from their acts of Copyright Infringement Et al. Defendants NBCUNI and VIACOMCBS have at all times relevant to this matter have operated and behaved as though their Vast Financial resources somehow affords them the ability to act in a Lawless and Reckless manner and with a complete and total disregard for the Rights of the Plaintiff and the Laws of the United States of America and; Therefore the Defendant(s) named herein should be deemed Liable for their Racketeering acts.

## XVII
## TENTH CLAIM OF RELIEF
## DECEPTIVE BUSINESS PRACTICES

### Names of Defendants:
SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, BEN SILVERMAN, HOWARD OWENS, PROPAGATE CONTENT, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25

## LATIN WORLD ENTERTAINMENT and PROPAGATE

286.    Beginning in August 2018, Defendant(s) LWE willfully and purposely deceived the Plaintiff into believing that the "Parties" were involved in a Legitimate business transaction by using their position as the Talent Representatives for CDF to "gain access" to the Plaintiff's Zorro Properties and; continually provided false and misleading information to the Plaintiff regarding their client.

a.    Defendant(s) LWE then willfully delayed, impeded and derailed the Plaintiff's ability to cast CDF for the sole purpose of allowing Defendant(s) Vergara and Balaguer the time they needed to enlist Co-conspirators PROPAGATE to "aid and Abet" LWE infringe, steal, pilfer and dispose the Plaintiff's valuable and protected "Zorro/Vixen"

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Properties to themselves and then planned to "commercially and financially gain" from "Trafficking" the Plaintiff's infringed Properties to Co-Conspirators NBCUNI Et al., for Millions of Dollars (USD)

287.    Based on the Defendant(s) LWE Et al., actions and statements, it is apparently clear that at all times relevant to this matter Defendant(s) Vergara and Balaguer intention had been to **Deceive** the Plaintiff in regard to LWE's True intent and interest in the Plaintiff's Copyright "Zorro/Vixen" Properties, Concepts and Materials.

288.    In addition to the Plaintiff providing LWE Et al., pertinent and protected details, storylines and character breakdown for the "Zorro/Vixen" properties. Defendant(s) LWE Et al., required the Plaintiff to provide LWE with specifics regarding the Plaintiff's Network Distribution strategy.  Including the Plaintiff's plans to submit the "Zorro" Project(s) and Properties to Telemundo/NBCUniversal and Univision Networks and; the Plaintiff's plans to bring CDF to Los Angeles to finalize contracts and Fast-track the International Sales at American Film Market in November 2018.

a.    In 2016 Defendant(s) Vergara and Balaguer and LWE were named as Defendant(s) a lawsuit in which LWE and UNIVISION were being sued for Inducing Breach of Contract, acts of violating a Non-Disclosure agreement and "Unfair Competition" regarding the release of personal and protected details of Jenni Rivera and the manufacturing of a "Competitor" Series based on said protected details.

b.    Defendant(s) Vergara and Balaguer were cognizant that based on the LWE's past "Bad Blood" with UNIVISION. LWE would lose any chance that they had to "Steal" the Plaintiff's Properties, should the Plaintiff be successful with securing a Production and distribution partnership with UNIVISON or NBCUNI.

c.    Defendant(s) Vergara and Balaguer conspired with accomplices Silverman and Owens to continue the infringement by "Stealing" the Plaintiff's "Zorro" project and "passed it off -as their own" by inserting the "Zorro" project into NBCUNI submissions system purposely to malign the Plaintiff's business opportunity with NBCUNI and; ultimately any Competitor Network or Distributor.

289.    The Defendant(s) PROPAGATE and LWE were confident that Defendant(s) Silverman and Vergara could use their relationships and positions within NBCUNI to monitor the Submissions and; that their accomplices and Co-conspirators in NBCUNI/TELEMUNDO

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Submissions and Legal Affairs Departments would employ Deceptive Business Tactics to obtain access to the Plaintiff's "Zorro/Vixen" Properties and would the aid LWE Et al., in gaining "unauthorized access" to the Plaintiff's Finished Properties and Materials.

290.    TELEMUNDO and NBCUNI would continue the Deception, by orchestrating the "Theft and subsequent "Cover up" of the infringement and; by coordinating their efforts with VIACOMCBS to "Aid and abet" co-conspirator's LWE and PROPAGATE's misappropriation the Plaintiff's finished "Zorro/Vixen" Scripts, Storybook and Bible and properties for "Commercial advantage and financial gain".

## TELEMUNDO, NBCUNIVERSAL(COMCAST) VIACOMCBS

291.    The Plaintiff alleges that at all times relevant to this matter Defendant(s) TELEMUNDO and NBCUNI employed **Deceptive Business tactics** and; actions in reference to their dealings with the Plaintiff, and based on the Defendant(s) conduct, it is apparent that the Defendant's plans included "infringing" on and "Robbing" the Plaintiff of her proprietary "Zorro" properties by "any means necessary".

     a.    Beginning in May of 2019, Defendant(s) TELEMUNDO Et al., had at all times relevant to this matter been intentionally and willfully **Deceitful** and **Deceptive** in regard to their "True" intent and interest in the Plaintiff's "Zorro/Vixen" properties.

     b.    Based on TELEMUNDO and NBCUNI actions it is apparent that it has at all times been the "True" intent of TELEMUNDO Legal Affairs and Submissions Departments to "aid and abet" NBCUNI, LWE and PROPAGATE with the Infringement of the Plaintiff's properties by providing their co-conspirators access to the Plaintiff's Finished "Zorro/Vixen" Works.

292.    TELEMUNDO employed their positions as the "Television Network" who were supposed to be considering establishing a "Production partnership" with the Plaintiff for the **Acquisition** and Distribution of the Plaintiff's "Zorro/Vixen" Original Television series properties on TELEMUNDO and NBCUNI Affiliate Networks.

     a.    Defendant(s) TELEMUNDO Et al., Modus Operandi **"Job"** was to **Deceive** the Plaintiff into believing that TELEMUNDO and the Plaintiff were engaged in a **"Legitimate business transaction(agreement)"** as a "ruse" to gain "unadulterated access" to the Plaintiff's Properties.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

b.    Defendants TELEMUNDO intentionally deceived the Plaintiff into believing that TELEMUNDO intended on establishing a "legitimate" business deal in order to (1) gain access; (2) intercept; (3) misappropriate and; (4) deliver the plaintiff's *finished* "Zorro/Vixen" properties and products to Defendant(s) NBCUNI, LWE and PROPAGATE.

c.    As part of the Plaintiff's "Business Arrangement" with Defendants TELEMUNDO and subsequently NBCUNI. The Plaintiff granted Defendant(s) TELEMUNDO Et al., "unadulterated access" to the Plaintiffs "Zorro/Vixen" properties.

293.    TELEMUNDO's ruse was intended to provide NBCUNI Executives (1) the time that they required to enlist and employ VIACOMCBS Et al., who as Co-conspirators, Contributory Infringers and accomplices "aided" TELEMUNDO and NBCUNI by "covering up" the Trail of Infringement, Money and; were to propagate and disseminate the Defendants "Lie" regarding the "origins" and "ownership" of the "Zorro" Project(s) and;( 3) to provide a Legal Shield for NBCUNI and COMCAST by misdirecting and deflecting the Plaintiff's inquisitions into the "Theft" of her "Zorro/Vixen" Properties.

294.    TELEMUNDO Et al., and NBCUNI Et al., cognizant that there was a likelihood that the Plaintiff could become aware of NBCUNI and TELEMUNDO **deception** and; their agenda to *defraud* the Plaintiff of her Properties and; as part of the Defendant's stratagem NBCUNI Et al., Officers, Executives and General Counsels Conspired with their counterparts at VIACOMCBS to **propagate their deception** by employing the Domestic and International Media to disseminate the Defendant(s) "false narrative" on the origins of the "Zorro/Vixen" Properties;

a.    Acts which were solely intended to deceive and brainwash the Public and; the Entertainment Industry into believing that Defendant(s) NBCUNI and PROPAGATE had created the "Female Zorro" Series properties.

295.    A Deceitful tactic which by design would allow LWE to hide behind co-conspirators PROPAGATE, NBCUNI(COMCAST) and VIACOMCBS, allowing NBCUNI /COMCAST to maintain Complete control, the financial reigns, and Ownership of the Plaintiff's Zorro Properties and Product(s) and neutralize the Plaintiff and derail any preexisting negotiation for Acquisitions the Plaintiff was engaged in with any NBCUNI Competitor Network.

296.    VIACOMCBS **"Job"** was to *deceive* and deflect the Plaintiff and; the Public

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

by purposely *mis*representing themselves to the Media as an "Independent "Outside" Studio with an "Independent" relationship with PROPAGATE Content, thus Legally shielding Defendants NBCUNI, TELEMUNDO, PROPAGATE and subsequently LWE from the Plaintiff.

297.    COMCAST/NBCUNI, LWE, PROPAGATE and VIACOMCBS hoped that their ability to **Deceive** the Plaintiff regarding NBCUNI Et al., acts of "Theft and Misappropriation" would go unnoticed and undetected by the Plaintiff, long enough for the Conspirators to manufacture and Distribute (Broadcast) their half-baked version of the Plaintiff's infringed "Vixen" property.

298.    "Vixen" the Original Series Property and materials are an **Original, Novel Concept and product** which **all** of the Defendant(s) named herein have at all times relevant to this matter had knowledge and; were completely and totally cognizant was **Invented, Created, Copyright and Owned** solely and legally by the Plaintiff.

299.    At all times during this matter the Defendant(s):  Ana Salas Siegel, Kimberley Harris, Tania Hoff, Christa D'Alimonte, Laura Franco, Michael Vargas who are Officers of the Court and; were cognizant, had knowledge and; were aware of the Laws of the United States of America and; are fully cognizant that Conspiracy to commit Copyright infringement, Willful Infringement and Copyright Infringement are (1) Against the Law and; (2) A Federal Offense punishable by imprisonment of up to 5 years and yet, the Defendants still willingly chose to Conspire with and to work "in concert" with themselves and each other to propagate a Deception of a "Legitimate Business" deal to willfully, intentionally and purposely Defraud the Plaintiff of her Properties and; violated their oath as Officers of the Court by devising a scheme and "Aiding and Abetting" themselves and each other with (1) the **Theft** and **Infringement** and; (2) the "cover up" of the Conspiracy to Infringe the Plaintiff "Zorro/Vixen" properties.

300.    The Defendant(s) named here in were at all times referenced herein, employed in their Official Capacity as Chief or Senior Legal Officer and; authorized Legal Representatives in each of the Defendant(s) Corporations.

        a. Defendant Salas Siegel is the General Counsel of Telemundo Networks Inc.

        b. Defendant Harris is the General Counsel of NBCUniversal Inc.

        c. Defendant Hoff is Sr. VP of TV/Film litigation of NBCUniversal Inc.

        d. Defendant D'Alimonte is the General Counsel of VIACOMCBS Inc.

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

1          e. Defendant Franco was the General Counsel of CBS Inc.

2          f. Defendant Vargas is the Assistant General Counsel of VIACOM Inc.

3      301.    Any and all agreements regarding any financial or contractual dealings including but not limited to: Contracts, Deal Memos, Acquisitions of Content, Partnerships, Authorizations to release funds and; agreements establishing ownership of the Zorro Content between the Defendant(s) NBCUNIVERSAL, VIACOMCBS, LWE, PROPAGATE Content Et al., and Alfredo Barrios Jr., would have had to have been (a) drafted; (b) reviewed; (c) approved; and (d) acknowledged by the all of the General Counsels (collectively) named herein operating in their official capacities as Chief Legal Counsel for all of the Defendant's companies named herein prior to NBCUNI/COMCAST releasing or distributing *any* acquisition funds and; any production funds to the Defendant(s) LWE, PROPGATE and VIACOMCBS and; prior to any Press Release Statements approved for publishing.

12      302.    At all times relevant to this Matter, Defendant Siegel has been the General Counsel for Telemundo and; (1) in the scope of her employment, Defendant Siegel was in fact completely aware, informed, and cognizant that the Plaintiff's had properly submitted her legally "Copyright" "Zorro/Vixen" Properties directly to the Telemundo Legal Affairs Department for the sole Purpose of Acquisition and Distribution on Telemundo Networks.

16      A.    In her Capacity as General Counsel and; in the Scope of her employment, Defendant Siegel would have (1) authored; (2) drafted; (3) reviewed; (4) approved; (5) ratified and; (6) processed any and all agreements between Telemundo and NBCUNI and; would have communicated with Defendant Harris (NBCUNI General Counsel) prior to any acquisitions or production funds being authorized, approved, or released to Defendant(s) LWE, PROPAGATE and VIACOMCBS and; prior to any Press Release statements being authorized for Publication.

22      A1.    At all times relevant to this matter and; as of the Date of this Complaint **Defendant Siegel** and the Employees of the Telemundo Legal Affairs have been continually deceptive, evasive and; have not provided the Plaintiff with any accurate information regarding the status of the Plaintiff's "Zorro/Vixen" properties which had been submitted to and; received by Defendant(s) TELEMUNDO Legal Affairs Staff in August and September 2019.

26      B.    At all times relevant to this matter, **Defendant Harris** was the General Counsel for NBCUNI and; In her Capacity as General Counsel and; in the Scope of her employment. Defendant Harris was (1) completely aware, informed, and cognizant that (1)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the Plaintiff's legally "Copyright" "Zorro/Vixen" Properties had been properly and directly submitted to the Telemundo Legal Affairs Department for the sole Purpose of Acquisition and Distribution on Telemundo and NBCUNI affiliated Networks.

B1.     **Defendant Harris** has at all times relevant refused (1) to communicate directly with the Plaintiff; (2) respond to the Plaintiff's emails and phone calls or; (3) address the Plaintiffs' claims. Defendant Harris has instead (1) directed her assistant Ann Woods to communicate with the Plaintiff and; (2) provide the Plaintiff with False information on behalf of NBCUNI. At all times relevant to this matter Defendant Harris' has been completely and totally aware the LWE/PROPAGATE "Zorro" Project was in fact the Plaintiff's Copyright "Zorro/Vixen"-The Original Series Project (Properties, Script and Materials).

B2.     Ann Woods is (1) not an Attorney nor; (2) is legally allowed to represent Defendant(s) NBCUNI. When the Plaintiff would not acquiesce to Defendant Harris' inaction, Defendant Harris then directed Defendant Tania Hoff to send the Plaintiff an email in November 2019 **(Exhibit #12b)**.

C.     **Defendant Hoff** is the Senior Vice President, and Head of Television and Feature Film Litigation for NBCUNI, in the scope of her employment, Defendant Hoff would have (1) drafted; (2) reviewed; (3) approved and; (4) acknowledged any and all agreements between NBCUNI and PROPAGATE including but not limited to: Contracts, Acquisitions of Content, Partnerships, Authorizations to release funds and ownership documents. Prior to the authorization, approval or release of Acquisition and production funds to the Defendant(s) LWE, VIACOMCBS and PROPAGATE Content.

C1.     **Defendant Hoff** has at all times relevant to this matter been completely and totally aware the LWE/PROPAGATE "Zorro" Project was in fact the Plaintiff's Copyright "Zorro/Vixen"-The Original Series Project (Properties, Script and Materials).

C2.     Communication between the Plaintiff and **Defendant Hoff** has occurred only once, in November 2019. At which time the Plaintiff then informed Defendant Hoff of the existence of a Telephone call recording, between TELEMUNDO Legal Affairs and the Plaintiff, in which TELEMUNDO Agents had informed the Plaintiff that TELEMUNDO intended of providing NBCUNI access to the Plaintiff's "Zorro/Vixen" Properties. Once Defendant Hoff had been informed of the existence of **evidence** which substantiates the Plaintiff's Claims of Conspiracy and Willful Infringement, Defendant Hoff has refused to communicate or respond

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501). WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

to the Plaintiff's emails, phone calls or Service Documents **(Exhibit #12b).**

        D.    **Defendant D'Alimonte** was and is the General Counsel for VIACOM at all times relevant to this matter and; was completely aware, informed and cognizant that (1) NBCUNI was trafficking the Plaintiff's legally "Copyright" "Zorro/Vixen" Properties and coordinated her Subordinates, Laura Franco and Michael Vargas to participate with NBCUNI in the Infringement of the Plaintiff's "Zorro/Vixen" Properties by "covering up' for their co-conspirators NBCUNI et al. acts. VIACOMCBS willingly facilitated and participate as Contributory Infringers of NBCUNI's Deception by promoting NBCUNI's "False narrative" regarding the "Ownership" and Production aspects of the "Zorro" Project to the Public and the Media.

        D1.    **Defendant D'Alimonte** directed VIACOM employees under her direct Subordination; (1) Defendant D'Alimonte personal assistant and (2) VIACOM Security Director Jon Yonovich to communicate with the Plaintiff on behalf of Christa D'Alimonte and; to Deceive the Plaintiff by misrepresenting themselves as the Legal representatives for VIACOMCBS.

        D2.    In December 2019, **Defendant D'Alimonte** directed VIACOMCBS employees to block the Plaintiff's phone number and emails to prevent the service, so that litigation relating this matter would be delayed and; not interfere with the Defendant(s) CBS and VIACOM re-merger and rebranding.

        D3.    In December 2019 and again in April 2021, Defendant D'Alimonte authorized and directed an Individual named Yehudah Buckweitz to attempt to deceive the Plaintiff and to continue VIACOMCBS' deception by identifying and misrepresenting himself to the Plaintiff as the Legal Representative for CBS/VIACOM. Defendant Buckweitz is employed at Gotshal, Weil and Manges not VIACOMCBS Inc.

        D4.    However, when pressed for verification such as documents, statements, letters, emails, or notices of representation from the Defendant(s) *VIACOMCBS* Yehudah Buckweitz refused to provide the Plaintiff with any such documentation and; indicated that he did not have to and; would not provide the Plaintiff any such documentation.

        E.    **Defendant Franco** was employed in the Capacity of General Counsel(s) for CBS Inc. during all times relevant to this matter and; in her Capacity as General Counsel of CBS Inc. The employees of CBS West Coast Legal Affairs Department reported directly to

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION reported and LOSS OF OPPORTUNITY

Defendant Franco regarding the details and terms of VIACOMCBS Acquisition, Financing, and Production Deals with the Defendant(s) NBCUNI and PROPAGATE Et al., in regard to the "Zorro" Project.

E1.     The Plaintiff first contacted **Defendant Franco** beginning in November 2019. As of the Date of this complaint Defendant Franco had not responded to the Plaintiff regarding any of her Claims against CBS and; the conduct of the West Coast Legal Affairs office and principally Defendant Vargas' conduct. In November 2019 Defendant Franco attempted to deceive the Plaintiff into believing that Defendant Franco did not know Defendant Vargas and; that she was somehow unaware of the goings on in the CBS West Coast Legal Affairs office. Additionally, Defendant Franco did not conduct any inquiries or investigation into the Plaintiff's claims.

F.     Beginning in November 2019, at all times relevant to this matter and continuing on until the date of this Complaint **Defendant Vargas** has been intentionally deceptive regarding the Plaintiff's inquisition into VIACOMCBS' involvement with the Infringement and misappropriation of the Plaintiff's "Zorro/Vixen" properties.

F1.     In November 2019, during their initial phone conversation, Defendant Vargas informed, the Plaintiff that he would initiate an "investigation" into the Plaintiff's claims.

F2.     **Defendant Vargas'** investigation was in fact (1) non-existent; (2) wholly and completely inadequate and; (3) Defendant Vargas did not communicate with the Plaintiff or; (4) obtain any records from the Plaintiff. Additionally, Defendant Vargas would (1) not provide the Plaintiff with any records or; (2) documentation or; (3) the results of his alleged investigation into the Plaintiff's Claims. Defendant Vargas' Bogus Investigation was finalized within 24 hours of the Plaintiff's initial conversation with Defendant Vargas on or about November 8, 2019 **(Exhibit #13)**.

F3.     In November 2019, during their initial phone conversation Defendant Vargas informed the Plaintiff that CBS Inc., would indemnify Defendant(s) Ben Silverman, Howard Owens, and Alfredo Barrios Jr. as "Employees" should the Plaintiff proceed with Legal action against CBS.

F4.     At all times relevant to this matter Defendant Vargas directed the representatives of Ben Silverman, Howard Owens, Propagate Content and Alfredo Barrios Jr. to

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

inform the Plaintiff to contact Defendant Vargas and CBS in regard to this matter. Yet, at all times relevant to this matter Defendant Vargas has repeatedly refused to receive documents on behalf of Defendant(s) Silverman, Owens, and Barrios Jr.  Additionally, Defendant Vargas has also refused to provide the Plaintiff the correct address and Identification for the Agents of Service for Alfredo Barrios Jr. and Howard Owens whom Defendant Vargas stated to the Plaintiff are in fact "Employees" of VIACOMCBS Inc.

F5.     On multiple occasions, Defendant Vargas informed the Plaintiff that, he did not have to and; would not provide the Plaintiff any documentation regarding the Legal Representation and Indemnification of Defendant(s) PROPAGATE Et Al., Defendant Howard Owens and Defendant Alfredo Barrios Jr.

F6.     Defendant Vargas' **actions** have at all times relevant to this matter, been designed and constructed to Deceive, delay, and misdirect the Plaintiff's inquisitions into VIACOMCBS involvement with NBCUNI and VIACOMCBS' Conspiracy to Commit Copyright infringement of the Plaintiff's "Zorro/Vixen" properties and; Defendant Vargas' actions were intended to interfere with the Plaintiff's ability to identify and properly serve all of the VIACOMCBS and PROPAGATE Defendant(s) in a Timely Manner.

303.     Defendant(s) NBC/TELEMUNO and VIACOMCBS purposely *contrived* their convoluted relationship between themselves and; all of the Defendant(s) named herein this Complaint. The Defendant's acts are by Inception inherently Deceptive and were specifically constructed and designed to (1) Defraud the Plaintiff of her "Properties"; (2) muddy the waters and blur the trail of infringement and; (3) to bear-trap the Plaintiff into a Lawsuit, by creating "Legal quagmire" with the goal being to stymie the Plaintiff's efforts to seek remedy and relief.

a.     As, a result *All* Defendant(s) named herein should be deemed liable by the Court for *all* Claims for Relief named herein and; for their willful and continual acts of Copyright infringement Et al.

# XVIII
## ELEVENTH CLAIM OF RELIEF
## <u>UNFAIR COMPETITION</u>
U.S. Code: 15 U.S.C. § 45

Codes Display Text (ca.gov)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

**Names of Defendants:**

**SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, BEN SILVERMAN, HOWARD OWENS, PROPAGATE CONTENT, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC, COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

**Common examples of Unfair Competition are trademark infringement[1] and misappropriation[2] and; the Right of Publicity[3]. The United States Federal Code indicates that (1)false advertising;(2)"bait and switch" selling tactics (3)unauthorized substitution of one brand of goods for another (4)use of confidential information by former employee to solicit customers; (4)theft of trade secrets;(5)breach of a restrictive covenant (6)trade libel and; (7) false representation of products or services are inclusive the US Code for "Unfair Competition"**

## LATIN WORLD ENTERTAINMENT and PROPAGATE CONTENT

304.    On information and belief and based on the Conduct of the Defendants LWE Et al.,, the Plaintiff alleges that beginning in August 2018, at all times relevant to this matter, and continuing on until the date of this Complaint, it has been Defendant(s) Vergara and Balaguer the True Intent to "gain access" to Plaintiff's "Zorro/Vixen" properties for the purpose of infringing on and manufacturing a "Competitor" Product intended to simultaneously diminish and; capitalize on the Plaintiff's proprietary "Zorro/Vixen" products, while obliterating the Plaintiff's opportunity to "Be Credited and Compensated for her Works".

305.    At all times relevant to this matter defendants "LWE" Et al., had been completely cognizant that (1) the sole purpose of the Plaintiff's involvement with Defendants LWE Et al., was that LWE were the Business Representatives for Actor Cristian de la Fuentes and;(2) to cast CDF as the Lead Role in "Zorro" The Original Series.

**306.**    Defendants Vergara and Balaguer "used" their positions as the Business Manager for CDF to deceive the Plaintiff's into granting LWE "access" to her "Zorro/Vixen"

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

properties under the auspices that LWE would assist the Plaintiff cast CDF in the Plaintiff's Zorro Television Series and;

      a.    The unfortunate truth is that Defendants LWE Et al., at no time relevant to this Matter ever intended to fulfill their portion of the "Contract" with the Plaintiff and; instead LWE conspired and enlisted PROPAGATE to "Steal" the Plaintiff's properties through acts of **Theft by Deception** and **Theft by Conversion** and then LWE Conspired with PROPAGATE and NBCUNI to Manufacture a True "Carbon Copy" Competitor Series Product wholly |derived from the Plaintiff's "Vixen" Storyline, Premise and properties and; specifically intended to "Unfairly Compete" with the Plaintiff by enlisting NBCUNI to fund their Activities actions and infringements providing NBCUNI the opportunity to set themselves up to be the "Owners" and main beneficiaries of the Financial windfalls expected from Distribution and sale of the Plaintiff's infringed Properties.

307.    In August 2018, Defendants LWE Et al., now completely aware that with CDF cast as "Zorro" in the Plaintiff's "Zorro" Project, the project was (1) *Pret-a-porter* (Ready to Wear) and; (2) both the "Zorro and Vixen" projects would be able to enter into Production **virtually immediately** and; (3) that as of September 2018 the Plaintiff would be position to sell the "Zorro" Series' Independently to any U.S. or International Distributor or Network

      a.    LWE Et al., now fully cognizant of that the Plaintiff's was in position to initiate Production on the Zorro Project(s) conspired with PROPAGATE to Neutralize and circumvent the Plaintiff with NBCUNI by submitting the Plaintiff's Properties to NBCUNI under the "false designation of Origin" (**15 U.S. Code § 1125**) that the "Zorro" Properties were created and owned by Defendant(s) LWE and PROPAGATE.

308.    Defendant Vergara (1) orchestrated the "unlawful taking" of the Plaintiff's properties and; the disposition of the Plaintiffs properties to herself, LWE and PROPAGATE. who then used the Plaintiff's own properties to "Unfairly compete" with the Plaintiff by capitalizing on their "deep connections" and relationships within the NBCUNI system, to intentionally and preemptively circumvent and subvert the Plaintiff with NBCUNI by "trafficking" the Plaintiff's valuable "Zorro" properties to NBCUNI for Millions of Dollars (USD) under the "False designation of Origin" (**15 U.S. Code § 1125**) that the "Zorro" Properties were created and owned by Defendant(s) LWE and PROPAGATE.

309.    Defendant Vergara has of her own volition, willfully compounded the Plaintiff's

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

injuries and damages by **admitting to violating the Non-Disclosure and Non-Competition agreement" and has stated that she is the Individual who provided** Defendant Silverman "unauthorized access" to the Plaintiff's "Zorro/Vixen" properties, Story ideas and concepts and **the "Story idea" for the Female Zorro Project.**

        a.     Defendant Vergara has "falsely designated the origin" (**15 U.S. Code § 1125**) of the Female "Zorro" properties to herself by making statements that Defendant Vergara "came up" with the Female Zorro storyline and has continually disseminated her "Lie" regarding the True origins of the "Female Zorro project" by purposely making statements to the U.S. and International Media, Entertainment Industry and; the Public in direct violation of the August 2018 NDA/NCA that was executed between LWE and the Plaintiff (**Exhibit #2**)..

        310.    An integral part of the Defendant's LWE acts of" Unfair Competition" was utilizing Defendant(s) Vergara, Silverman and Owens preexisting relationships with "Parents" NBCUNI and VIACOMCBS who in return for the "Ownership" and complete control of the "Zorro" and "Vixen" Television Properties (Series) would "financially support" and "Legally Shield" its "Children" (LWE and PROPAGATE) from the Plaintiff, exposure and Civil liabilities.

        a.     NBCUNI(TELEMUNDO) and VIACOMCBS as "Parents" of LWE and PROPAGATE would harbor the Plaintiff's properties, finance the manufacturing of the "Competitor" Zorro Projects and; then "Reap" in Millions of dollars in Advertising and Distribution Revenue by broadcasting the "Competitor" Series on NBC Affiliated Networks and through International Distribution.

## TELEMUNDO, NBCUNI, VIACOMCBS

        311.    Defendants NBCUNI and TELEMUNDO acts of "Unfair Competition" with the Plaintiff begin with TELEMUNDO "feigning establishing" a Legitimate business agreement with the Plaintiff for the Acquisitions and Distribution of the Plaintiff's "Zorro" project as a ploy which was constructed to allow Defendants TELEMUNDO and NBCUNI to employ the "Submission process" strictly as a "weapon" in the scheme to "Obtain Access" to the Plaintiff's "Zorro/Vixen" properties.

        312.    NBCUNI number One Goal: (1) Obtain access to the Storyline, Premise and

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Character Breakdown; (2) **Neutralize the Plaintiff** as NBCUNI and TELEMUNDO sole competitor and; (3) effectively obliterate any opportunity that the Plaintiff may have had to "Sell" her "Zorro/Vixen" "Properties (Project)" to a Competitor Network and; (4) enlist Co-Defendants VIACOMCBS to deflect and Deceive the Plaintiff and provide the "legal shield"

313.    NBCUNI and TELEMUNDO would fully financially support and sponsor LWE and PROPAGATE infringement and acts of manufacturing a "Competitor" Zorro Series which NBCUNI and TELEMUNDO were fully cognizant was wholly derived from the Plaintiff's properties and; LWE and PROPAGATE would give up ownership claims over the "Zorro/ Vixen" Properties

a.    NBCUNI, LWE and PROPAGATE's intent and goal being solely to (1) obtain *"commercial advantage over the Plaintiff and; private financial gain"* from their acts using the Plaintiff properties manufacture a "Competitor" product.

314.    Defendant(s) NBCUNI, LWE and PROPAGATE willfully engaged in and employed their acts of "Unfair Competition" against the plaintiff by (1) misappropriating and; (2) disposing the Plaintiff's Zorro Properties to themselves and; (3) then "trafficking" the Plaintiff's "Zorro" properties to their co-conspirators NBCUNI and VIACOMCBS and; (4) then manufacturing a "competitor" carbon copy product purposely to obliterate the Plaintiff's opportunities with a Competitor Network, Studio and or Financier by; (5) disseminating and publishing their "False narrative" that Defendant(s) NBCUNI, PROPAGATE and VIACOMCBS were "In Possession" of and; already producing the "Zorro" project in the U.S. and International media.

315.    Defendant(s) NBCUNI, VIACOMCBS, PROPAGATE and LWE's plan to "Unfairly Compete" with the Plaintiff involved Sundering the Two (2) Properties. extricating 50% of the value of the Plaintiff's product(s). Defendant(s) LWE, PROPAGATE and NBCUNI goal being that they could essentially *Cripple* the Zorro (Male) property and *Pilfer* the Vixen (Female)Property.

316.    Defendant(s) NBCUNI and VIACOMCBS strategized and coordinated their plan of Actions to effectively infringe, misappropriate, manufacture, and; distribute a Half-baked "Bootleg" "Competitor" version of the Plaintiff's "Vixen" Original Series.

a.    The Infringement would cause a "Lawsuit" creating the circumstances that TELEMUNDO and NBCUNI Et al., required to provide the Defendant(s) NBCUNI Et al.,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

the avenue to "gain financially and commercially" from their Larceny and; their goal of locking the plaintiff into long and costly legal battle against the Defendants NBCUNI, VIACOMCBS, LWE and PROPAGATE (collectively).

317.   Defendants NBCUNI were confident that even with "Lawsuit" pending against NBCUNI Et al., for "Unfair Competition". NBCUNI would still be able to "financially benefit" from their Acts of "Unfair Competition" through the Broadcast distribution of the "Competitor" Product allowing NBCUNI and VIACOMCBS to reap in Millions of Dollars in Advertising Revenue.

a.      Defendants NBCUNI were confident that this course of action would work for them, because it had worked previously for UNIVISION. In 2017 the court ruled that (JRE vs LWE) UNIVISION would be able to broadcast their "Competitor" Jenni Rivera Project(also manufactured by LWE) and; which is currently the subject of a Lawsuit in Los Angeles Superior Court(Case No.#)(Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc. [2016])/) [ Jenni Rivera Enterprises LLC v. Univision Communications Inc. | Loeb & Loeb LLP]

318.   NBCUNI, VIACOMCBS' and PROPAGATE's "joint" and egregious acts of (1) misappropriating the Plaintiff's copyright "Zorro/Vixen" properties and; (2) Blatantly, *publicly and officially* announcing that Defendant(s) intended on Manufacturing a "Competitor" Product which was wholly derived from the Plaintiff proprietary "Zorro/Vixen" content were in and of themselves *designed* to (1) *castrate* both of the Plaintiff's Television productions-properties simultaneously and; (2) to promote the Defendant(s) Et al., "false narrative" regarding the true "**Origins**" of the "Zorro" and "Vixen" (Female Zorro) Stories to the U.S. Media and the General Public and;(3) Allow the Defendant(s) to Unfairly Compete with the Plaintiff, using the Plaintiff own properties to do so.

319.   NBCUNI and VIACOMCBS (collectively) planned, connived, and executed their insidious plan to use their Financial and Media based Resources to "aid" LWE, PROPAGATE, "Unfairly Compete" with, Injure and; Defraud the Plaintiff of her properties. Solely for Defendant(s) NBCUNI, LWE, PROPAGATE and VIACOMCBS "commercial and financial gain" and; as such the Defendant's acts are in direct violation of (15 U.S.C. 45)

320.   Defendant(s) NBCUNI and VIACOMCBS were confident that their specifically calculated acts in promoting their false Narrative in the U.S. and International Media, would (1)

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"knock" the Plaintiff *"out of the Box'* with all other Networks and; (2) annihilate; (3) derail and; (4) hobble the Plaintiff's preexisting "Zorro/Vixen" production by, decimating the Plaintiff's ability to secure the Sale and or Distribution of her "Zorro/Vixen" Properties with any NBCUNI or VIACOMCBS Competitor Network and; (5) effectively eliminating the Plaintiff by ensuring that the Defendants had (1) no obstacles and; (2) no competition and; as such all of the Defendants named herein should be deem liable in this court.

## XIX
### TWELFTH CLAIM OF RELIEF
### <u>LOSS OF OPPORTUNITY</u>

**Names of Defendants:**
**SOFIA VERGARA, LUIS BALAGUER,**
**LATIN WORLD ENTERTAINMENT, BEN SILVERMAN, HOWARD OWENS,**
**PROPAGATE CONTENT, NBCUNIVERSAL MEDIA LLC- TELEMUNDO LLC,**
**COMCAST Inc., VIACOMCBS Inc., NATIONAL AMUSEMENTS Inc., ANA SALAS**
**SIEGEL, KIMBERELY HARRIS, TANIA HOFF, CHRISTA D'ALIMONTE, LAURA**
**FRANCO, MICHAEL VARGAS, ALFREDO BARRIOS Jr, and DOES 1-25**

321.     The estimated Revenue associated with the First Ever Successful Production of a Modern-Day Zorro Project and; the introduction of the First ever Latino and Latina Superheroes is exponential and projected at $350 Million (USD) Domestically before International and Syndication Sales Similar Female Superhero Filmed Entertainment Projects have grossed in excess of $500 Million USD (Exhibit #11).

322.     As the sole "CREATOR", "Owner" and Executive Producer of the "Zorro/ Vixen" Stories and Television (Products) Series, the entire Revenue, Net incomes, Syndication Rights and Revenue, Distribution and revenues from the "Zorro/Vixen" Series properties would belong solely to the Plaintiff.

        **A.**     **"Why is this Important?**

        **A1.**     **Based on the Plaintiff's position as the Sole "Creator" and "Legal**
**Owner" of the "Zorro" and "Vixen" Properties, Stories and Projects. The Plaintiff**

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

would be considered an "Independent" production company, separate of the Network and;

>    **A2.**    If the Network and the Plaintiff could not agree on Terms, Costs or a Season Order Price, then "The Plaintiff" would be free to take "her" Properties to a Competitor Network.

>    **A3.**    Resulting in the Network: NBCUNI and TELEMUNDO having "No Control" over the Plaintiff or her Properties.

323.    Although the Plaintiff would be the "Owner" of the ZORRO/VIXEN Properties, The Estimated Revenue of both "Zorro" Series could exceed Billions of Dollars (USD) (Exhibit # LOO1).

>    a.    The derivative and associated products would include but not be limited to Spin-Off Series', Merchandise, Alternative products, secondary licensing, international syndication and; would provide an exceptionally Lucrative and compensatory revenue stream for whichever Network would ultimately become the Production, Distribution and Broadcast Partner.

324.    As a part of the Plaintiff's "Zorro/Vixen" strategic Marketing and promotion campaign, the Plaintiff, her Production Partners, Talent, and crew had worked diligently for a period of almost Two (2) years to ensure that the Storyline, Timeline, Sequence, and Proprietary materials were kept *secret*!

>    a.    A Feat that was accomplished by requiring **any and all** parties, including the Defendant(s) LATIN WORLD ENTERTAINMENT to sign and adhere to the terms of the Non-Disclosure/Non-Competition and Letter of Intent Agreement.

>    b.    The Plaintiff had purposely withheld all announcements of the Production aspects of both of the "Zorro" Projects as a part of the ""ZORRO" The Original Series and "VIXEN"-The Original Series Marketing and promotion strategy to ensure that the "properties" maintained their Mystique and; also, to ensure no infringement, no plagiarism and; no Problems.

325.    Defendant(s) LWE Et al., and TELEMUNDO Et al., had at all times relevant to this matter had knowledge, were informed and aware of the Plaintiff's "Zorro/Vixen" Original Television Series' production's Status and; that the Plaintiff had also submitted her Original series' "Zorro" and the spin-off series "Vixen" Properties to Multiple Distributors, Film Studios

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES, UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and Networks for Distribution and Financing at the same time of the Plaintiff's Submissions to

the Defendants LWE and TELEMUNDO.

326. Defendant(s) LWE, PROPAGATE, NBCUNI and VIACOMCBS' intentionally subjugated the Plaintiff to a Loss of Opportunity through employing acts of Deceit, Larceny and Unfair Competition. Acts which included (1) Deceiving the Plaintiff into granting LWE access to the Property and;(2) then Defendants LWE would Breach the Contract and Confidences and intentionally sabotage the Plaintiff's Product, so that the Defendants could: (3) use the Plaintiff's own Product to manufacture a "Competitor Product" and; (4) then subverted the Plaintiff with the Distributor and sold the infringed product to Co-conspirators NBCUNI for Millions of Dollars.

327. The Defendant's willful Public statements disseminating the "Lie" that the Plaintiff's properties were LWE, PROPAGATE and NBCUNI products and; the Defendant(s) announcement that NBCUNI Et al., were manufacturing a "Competitor Zorro" Television Series which was in fact wholly derived from the Plaintiff's infringed Properties is in violation of the Non-Competition Agreement that was Executed between the Plaintiff and Defendant LWE Et al., were, in and of themselves specifically calculated and intended to seriously Geld both of the Plaintiff's Television productions-(project) simultaneously. Immediately Neutralizing the Plaintiff as a Competitor and obliterating the Plaintiff's opportunity to Sell, Distribute, to be Compensated and Credited for her Creation: The "Zorro/Vixen" Properties, Stories and Projects with any Competition Network or Studio.

a. The Defendants Compounded the Plaintiff's injuries Loss of Opportunity by forcing the Plaintiff to initiate Legal Action (Lawsuit) against NBCUNI and VIACOMCBS as a part of the Defendant's ultimate goal to prevent the Plaintiff from interfering with the Defendant'(s) Et al., plans for the Financial and Commercial Exploitation and Financial gains from producing, Distributing and Broadcasting the Defendant's "Bootlegged" "Zorro/Vixen" Original series Products.

b. VIACOMCBS' Job" was to Deflect the Plaintiff, the Public and the Media and disseminate the "Lie" that VIACOMCBS and PROPAGATE were "Independent" Studios behind the "Female Zorro" project, with NBCUNI and LWE hiding in the Shadows and counting their eggs.

328. Defendant(s) NBCUNI and VIACOMCBS Et al., had at all times planned on

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL, COMCAST ET AL, VIACOMCBS ET AL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT (17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE (INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING (CIVIL) (18 U.S. CODE § 1341) UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

and; prepared for the Plaintiff to sue Defendants NBCUNI and TELEMUNDO for **Loss of Opportunity** Et al., and; Defendants expected and ostensibly intended that any litigation would immediately "Trap" the Plaintiff in a *Legal Battle*.

        a.     A Legal Battle that the Defendant(s) had in fact purposely, intentionally and willfully (1) manufactured; (2) coordinated; (3)financially supported and; which was wholly intended to compound the Plaintiff's Losses and **Loss of Opportunity** and; which Defendant(s) in fact purposely created with malice and forethought and; with the intended goal of keeping the Plaintiff trapped in lengthy and costly litigation for many years during which time, the Defendant(s) would be able to *"Commercially and Financially benefit"* from their acts of Infringement and; reap in the profits from their *willfully* illegal and illicit activities. (Jenni Rivera Enterprises, LLC v. Latin World Entertainment Holdings, Inc. [2016])

        b.     The Defendant(s) Et al., have levied Astronomical Damages and **Loss of Opportunity** against the Plaintiff and her properties that as of the Date of this complaint have yet to be fully calibrated and understood.

        c.     Additionally, in order for the Plaintiff to attempt to produce her already existing Production of the "Zorro/Vixen" Content. The current Storylines and Timelines of both Projects will have to be (1) reworked and (2) rewritten requiring that the Plaintiff, would need to engage in countless hours of research to reintegrate the storyline concepts so, that the "properties" would continue to be (1) Novel; (2) Original and;(3) Entertaining to the Audience.

        d.     The time that would be required to (1) restructure and;(2) rewrite the compromised storyline for an Entire Season(s) worth of scripts (13 Episodes) for both properties alone could cost Hundreds of thousands of dollars in man-hours and; would (1) require the Plaintiff to provide Monetary guarantees and compensation to Talent and Crew; (2) compensation for 3rd Party vendors who have already consulted on the original Script; (3) Re-establish Alternative and Novel Marketing campaigns; (4) Commissioning New Storyboard art and Wardrobe and; (5) re-development the entire Property (Props) brochure.

        e.     The end-result would an exceptional and undue financial burden on the Plaintiff which is the "cause in fact" and; is proximately attributable to the egregious Acts of all of the Defendant(s) named herein this Complaint.

    329.    Acts including but not limited to (1) the Loss of Opportunity; (2) the intentional manufacturing of this Lawsuit; (3) the Defendant(s) deliberate and willful acts of Copyright

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Infringement and;(4) all other Claims for Relief listed herein this complaint. Acts for which all of the Defendants named herein should be found culpable and liable and; should be held accountable in this Court of Law.

## XX
## CASE SUMMARY

A.      The foregoing acts of **Conspiracy to Commit Copyright Infringement, Copyright Infringement, Willful Infringement, Breach of Contract, Breach of Confidence, Fraud, Theft by Conversion, Theft by Deception, Racketeering (CIVIL), Deceptive Business Practices, Unfair Competition and Loss of Opportunity** constitute a collective web of overlapping facts which does establish that Defendant(s): **SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT Et al., BEN SILVERMAN, HOWARD OWENS, PROPAGATE CONTENT Et al., TELEMUNDO, NBCUNIVERSAL COMCAST** and **VIACOMCBS Et Al.,** and Does 1-25, have at all times relevant to this matter conspired and constructed their plan to Infringe on the Plaintiff's properties and; as such *all of* the Defendant(s) named herein have demonstrated that independently and ***collectively*** they all share a total indifference to the rights of Plaintiff and; a complete and total disregard for the Laws of the United States of America.

B.      As of the Date of this complaint the Defendant(s) have made no efforts to address the Plaintiff's claims or; reconcile and correct their acts. As, a result all of the Defendant(s) named herein should be deemed liable by the Court for intentionally creating of this Legal action, which is as a direct and proximate result of the Defendant(s) willful and intentional acts.

C.      The Plaintiff can establish for the court that Defendant(s) TELEMUNDO and NBCUNI's Officers, Executives, General Counsels, Legal representatives, and third parties performing work for the Defendant(s) TELEMUNDO/NBCUniversal, in any capacity that directly or indirectly affects this matter, were at all times *completely* cognizant that the Plaintiff's "Zorro/Vixen" properties were and; are Legally "Owned" and "Copyright" solely by the Plaintiff prior to and at the Time of the Infringement and as such, the court should find that the Defendant Defendant's acts of Willfulness qualifies for (**17 U.S. Code § 506**) and; the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

Plaintiff is therefore entitled to combined damages, actual or statutory damages for Copyright Infringement; Statutory Damages for the "Conspirator act" to willfully infringe and; for the complete disregard of the clearly posted Copyright Management Information.

C1.    All the Defendant(s) named herein this complaint are Legal and Entertainment Industry Professionals, who are deceitful, calculating and cunning and; who would now attempt to convince this Court that they were somehow unaware that their "joint" acts of Infringement would cause injury *and* irreparable damage to the Plaintiff and her "Zorro/Vixen" Properties. Properties that all of the Defendant(s) named herein had at all times relevant to this matter, been completely aware, had prior knowledge and were cognizant were solely "Created by" and "Owned" by the Plaintiff and; that as *"Creator"* of the "Zorro/Vixen" Original Stories and Properties, the Plaintiff had "exclusive rights"; as granted upon creation and quantified by a *valid* U.S. Copyright Office registration certificate issued by the United States Copyright office (Exhibit #1)

D.    This Legal Action is the Direct and Proximate result of Defendant(s) LWE Et al., PROPAGATE Et al., COMCAST, NBCUNI, TELEMUNDO, VIACOMCBS' Executives, Officers, Managers, Staff and Doe Defendant(s) in the Legal Affairs, Submissions Departments and Development Departments willful acts of infringement and Misconduct. Acts which Defendant(s) LWE, PROPAGATE, COMCAST, NBCUNI, TELEMUNDO and VIACOMCBS, willfully and willingly committed of their own volition. The Defendants(collectively) functioned as willing participants in LWE, PROPAGATE, NBCUNI and VIACOMCBS' campaign of disparity and NBCUNI's "Snake Pit" of deceit and infringement.

D1.    All of the Defendant(s) named here in have at all times relevant to this matter worked "In Concert" with each other, their complicit partners, and co-conspirators to Sabotage and misappropriate the Plaintiff's "Zorro" Production and Properties, as a means to financially benefit from Defrauding the Plaintiff of her personally created and; legally Owned Properties.

D2.    All of the Defendant's named herein fully intended on profiting **equally** and **jointly** "financially and commercially" from their illicit behavior and acts of infringement, without remorse and; or compunction and; with a complete and total disregard for the Rights of the Plaintiff and; the Laws of the United States of America.

E.    At no time during this matter did any of the Defendant(s) offer or attempt to Rectify, Compensate or Credit the Plaintiff in any way, shape or form for the Defendant's use,

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

appropriation, and the financial exploitation of the Plaintiff's properties, and as such all of the Defendant(s) named herein should be found liable for their willful actions pursuant to the Laws of the United States of America.

F.    The Plaintiff believes that the Defendant(s) Et al., will continue their flagrant and egregious acts of infringement of the Plaintiff's Properties unabated by Conscience, Morals of Ethics. Defendant(s) will continue to act on their collective plans to infringe, misappropriate, arrogate and; financially exploit the Plaintiff's proprietary Content without an injunction from the Court.

G.    Had it not been for the Defendant(s) own acts of bragging and bolstering to the U.S. Media about their acts of the **Theft, Infringement, Misappropriation and the Financial Exploitation** of the Plaintiff's valuable and Protected "Zorro" properties, the damage to the Plaintiffs "Zorro/Vixen "Properties" and Television project would have ultimately been wholly detrimental and irreparable.

H.    Each of the Defendant's infringing Acts are in direct violation of the Plaintiff's exclusive rights under copyright law. Therefore, the Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and; for Legal fees and costs pursuant to 17 U.S.C. §505.

I.    The Plaintiff is taking a great risk with pursuing this Civil Action in an effort to expose the Malefactors and Tortfeasors, their acts, to seek remedy and; to be financially compensated and credited as the "True Creator" of the "Zorro/Vixen" Properties. The Negative Press associated with a Legal Action in relation to the "Zorro" Project(s) could be unfavorable, resulting in 5 years of the Plaintiff's hard work essentially going down the drain.

J.    The Plaintiff's demand for $350,000,000.00 is approximately *half* of the advertising revenue that the Defendant(s) NBCUNI, TELEMUNDO, COMCAST and VIACOMCBS expected to generate off of **Both** of the Plaintiff's Properties for Season One Distribution (Domestic) prior to International syndication (Sales), Merchandise, Spin-offs and; additional Sales revenue.

J1.    The Plaintiff's demand for $350,000,000.00 USD (Damages) represents (1) less than 3.5% of COMCAST Net Income for 2019 of 11.9 Billion USD, not including COMCAST Et al., Insurance coverage and; (2) less than 6% of VIACOMCBS Net income for 2019 not including VIACOMCBS Insurance.

K.    Through the production of Exhibits, phone records, texts, emails, and additional

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.,COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

materials that would be provided to the Court at trial through granting the Plaintiff the power of Subpoena. The Plaintiff will be able to demonstrate and establish for the Court, that the Plaintiff's Rights have been and continue to be wholly infringed upon with intent, malice and constructive actions by *all of the* Defendant(s) named herein. Therefore, the Plaintiff is entitled to recover damages suffered as a result of the infringement, regardless of whether the Defendant(s) acted knowingly or intentionally (17 USC §504).

L.     Based on the Defendant(s) Et Al. intricately constructed and collective agenda to "Commercially and financially benefit" by profiting from their acts of **"willful infringement"**. It is now inherently and transparently *apparent*, that none of these actions would have been possible, without the Direct knowledge, Financial support, Active participation and; willful coordination of the Executives, Officers and; Legal representatives of Defendant(s) NBCUNI Et al., VIACOMCBS Et al., LWE Et al., and; PROPAGATE Et al., and therefore all Defendant(s) named herein should be considered culpable in this Action and should be held accountable in this Court of Law.

## XXI
## PRAYER FOR RELIEF

***WHEREFORE,*** the Plaintiff Latifa Y. Foster prays for Judgment as follows:

A.     An Immediate Injunction against the Defendant(s) Et al., in regard to the development or production of any Filmed entertainment product(s) related to or derived (wholly or partially) from the Plaintiff's infringed content and; an Immediate Cease and Desist on any and all Development and; or Productions based on the Plaintiff's Copyright materials, content, concepts, storyline, story premise, Characters and/or ideas. Additionally, the Plaintiff prays that the court includes "No Production or Development" of any Similar Content in perpetuity.

B.     The nullification or voiding of the TELEMUNDO Networks Submission Agreements executed between the Plaintiff and Defendant(s) TELEMUNDO regarding any restrictions on the Plaintiff rights and ability to seek remedy with this or any other civil action and or litigation stemming from the Willfulness of the Conspirators acts and; the Defendant(s) TELEMUNDO conspiracy to willfully Deceive, Defraud, Infringe and; proliferate the Plaintiff's properties, proprietary content and Materials and; The conspirators efforts and acts of **obstructing** the truth in regard to the "Origins"(CREATOR) "Ownership (CREATOR) of the

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL. COMCAST ET AL., VIACOMCBS ETAL.,
CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT
(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),
FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,
RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

"Zorro/Vixen"-The Original Series" Properties, concepts and materials

C.      A Public apology and public acknowledgement in all Domestic and International Trade Publications and Entertainment Industry Outlets regarding the Defendant(s) acts of infringement and misappropriation of the Plaintiff's Copyright "Zorro/Vixen" properties, Content and Materials

D.      An Entry of judgment holding SOFIA VERGARA, LUIS BALAGUER, LATIN WORLD ENTERTAINMENT, BEN SILVERMAN, HOWARD OWENS, PROPAGATE CONTENT, TELEMUNDO, NBCUNIVERSAL Et al., COMCAST, and VIACOMCBS Et al., liable for the Claims of relief listed herein this Complaint and; an Order Awarding the Plaintiff: Latifa Y. Foster, DAMAGES in the amount of $350,500,000.00 USD for:

**Conspiracy to Commit Copyright Infringement, Copyright Infringement, Willful Infringement, Breach of Contract, Breach of Confidence, Fraud, Theft by Deception, Theft by Conversion, Racketeering, Deceptive Business practices, Unfair Competition, Loss of Opportunity, Punitive Damages and Sanctions;**

D1.     According to proof provided to the Court through the Submission of Corroborating Evidence by the Plaintiff and; against Defendant(s) **LWE Et al., PROPAGATE Et al., COMCAST, NBCUNIVERSAL, TELEMUNDO** and **VIACOMCBS Et al.,** for the claims of relief listed above regarding the Plaintiff's Intellectual Property that is at controversy in this litigation and;

E.      An order permanently enjoining *LWE Et al., PROPAGATE, COMCAST, NBCUNIVERSAL, TELEMUNDO and VIACOMCBS Et al.,* Officers, Executives, Agents, Servants, Employees, Attorneys, Affiliated companies Successors in interest and; those persons in active concert or participation with all of the Defendant(s) named herein, from continued acts of infringement of the Plaintiff's Intellectual Property at controversy in this Action.

F.      An order that all Parties provide the Plaintiff with an itemized breakdown of the Persons, Networks, Individuals, Departments, and processes involved with the Defendant(s) Infringement of the Plaintiff's Copyright Materials and; a total accounting of any and all copies made or used in violation of Latifa Foster's Copyrights and; all means by which such copies may have been reproduced, be impounded and; destroyed or otherwise reasonably disposed of.

G.      A Trebling of damages under (35 U.S.C. § 284) in light of the *willful* and

FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL., CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT (17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT), FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION, RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY

*deliberate* nature of LWE Et al., PROPAGATE, COMCAST, NBCUNI, TELEMUNDO and VIACOMCBS Et al., acts to willfully, deliberately, intentionally and with malice, forethought, and coordination infringe upon the Plaintiff's Intellectual Property at controversy in this litigation and;

      H.     Any and all other legal and equitable relief as may be available under the law and that the Court deems Just and Proper.

## **DEMAND FOR JURY TRIAL:**

     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a Jury Trial.

*Respectfully submitted*

DATE: AUGUST 17, 2021

                             **PLAINTIFF**: LATIFA FOSTER

                                  8/20/21

                                  **LATIFA Y. FOSTER**

                                  **ATTORNEY IN PRO SE**

NO. DIST. OF CA.
CLERK, US DISTRICT COURT
SUSAN Y SOONG

2021 AUG 20 P 3 13

RECEIVED

1

2

## XXII
## __EXHIBITS LIST__

3

4

5

6

7

8

9

10

11

# (Exhibit #1):

12

The Plaintiff's "ZORRO/VIXEN" *The Original Series'* United States Copyright Office

13

Certificate issued under Registration# **Pau003962481** Dated (12/31/2018)

14

15

SEE ATTACHED

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# (Exhibit #2)

Email Between LATIN WORLD ENTERTAINMENT

and The Plaintiff regarding the Acceptance of the **Non-Disclosure** Agreement

**SEE ATTACHED**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# (Exhibit #2a)

The signed and executed a 2018 **Non-Disclosure Agreement** between Defendant(s) Latin World Entertainment "L.W.E" Et al., and the Plaintiff for access to the Plaintiff's "Zorro" Television Series content and materials

**FOSTER V. LATIN WORLD ENTERTAINMENT, PROPAGATE CONTENT ET AL.COMCAST ET AL., VIACOMCBS ETAL.,**
**CONSPIRACY TO COMMIT COPYRIGHT INFRINGEMENT,COPYRIGHT INFRINGEMENT(17 U.S. CODE § 501), WILLFUL INFRINGEMENT**
**(17 U.S. CODE § 506) BREACH OF CONTRACT, BREACH OF CONFIDENCE(INTENTIONAL TORT),**
**FRAUD (INTENTIONAL TORT) (18 U.S. CODE § 1341) THEFT BY DECEPTION, THEFT BY CONVERSION,**
**RACKETEERING(CIVIL) (18 U.S. CODE §1961) DECEPTIVE BUSINESS PRACTICES,  UNFAIR COMPETITION AND LOSS OF OPPORTUNITY**

1

2

3

## PHONE RECORDS

Pending Subpoena.

## TEXT RECORDS

Pending Subpoena

## EMAIL and IT RECORDS

Pending Subpoena

## FINANCIAL RECORDS

Pending Subpoena

## ZORRO/VIXEN AD REVENUE PROJECTIONS

Pending Subpoena.

## ZORRO/VIXEN PRODUCTION COST PROJECTIONS

Pending Subpoena.

## DOE DEFENDANT(S) IDENTIFICATION

Pending Subpoena

## ADDITIONAL DOCUMENTS and RECORDS

Pending

## XXIII

## TERMINOLOGY

**TREATMENT:**          Series or Story synopsis

**OFFER:**                 Financial or Equity offer to the Talent or Producer to attach or to

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kary H. Tenle*

United States Register of Copyrights and Director



**Registration Number**

## PAu 3-962-481

**Effective Date of Registration:**
December 23, 2018

## Title _____

        **Title of Work:**   Zorro/Vixen-The Original Series

## Completion/Publication _____

        **Year of Completion:**   2018

## Author _____

        **Author:**   Latifa Yasmine Foster
        **Author Created:**   text
        **Citizen of:**   United States
        **Domiciled in:**   United States
        **Year Born:**   1974

## Copyright Claimant _____

        **Copyright Claimant:**   Latifa Foster
        PO Box 7494, Burbank, CA, 91505, United States

## Limitation of copyright claim _____

   **Material excluded from this claim:**   text

   **New material included in claim:**   text

## Rights and Permissions _____

        **Name:**   Latifa Y Foster
        **Email:**   latifalive@yahoo.com
        **Telephone:**   (213)479-5020
        **Address:**   PO Box 7494
        Los Angeles, CA 91505 United States

## Certification _____

NO. DIST. OF CA
CLERK, US DISTRICT COURT
SUSAN Y SOONG

2021 AUG 20 P 3 14

RECEIVED



☰  M Gmail                🔍  sja@jmbm.com

Compose

Inbox
Starred                                   **Sent:** Thursday, August 9, 2018, 12:12:17 PM PDT
Snoozed
                                          **Subject:** Zorro Original Series - Signed NDA
Sent
                                          Hi Latifa,
**Drafts**            15
                                          Attached please find the signed NDA. Please let me know if there's anyt
More
                                          Best,
Meet                                      Matias

New meeting
                                          --
Join a meeting                            Matias Faillace
                                          LATIN WORLD ENTERTAINMENT
                                          3470 NW 82nd Ave, Suite 860 | Doral, FL 33122
Hangouts                                  O: 305.572.1515 | F: 305.572.1510 | matias@latinwe.com | www.latin

L  Latifa            +                    NOTE: This message contains information which may be confidential and/or privileged. It is intended
                                          any information contained in the message. If you have received this transmission in error, please notify

No recent chats
Start a new one
                                          

                                          📄 **CDLF:MGF signed ...**

RECEIVED

2021 AUG 20 P 3 14

SUSAN Y SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.

PLAINTIFF EXHIBIT #2A

CHADEAUX PRODUCTIONS INC.

CONFIDENTIALITY

AND

NON-DISCLOSURE AGREEMENT

Chadeaux Productions Inc. considers the details of its Intellectual property, Treatments, Pitches, Scripts and Scripted Materials proprietary and are considered trade secrets. Furthermore, knowledge of Cast, Budgets, Rates, fees and/or marketing materials plans constitute confidential information. Any viewing, sharing and/or distribution of non-publically or not previously released materials, works or footage is subject to this non-disclosure agreement.

WHEREAS, Chadeaux Productions Inc. agrees to furnish certain confidential information relating to its Intellectual property, Treatments, Pitches, Scripts and Scripted Materials for the purposes of determining an interest in participating as a Cast Member, Producer, Director, Consultant, Contributor.

WHEREAS,  Matias Faillace/Cristian de la Fuentes agrees to review, examine, inspect or obtain such confidential information only for the purposes described above, and to otherwise hold such information confidential pursuant to the terms of this Agreement.

1.   Matias Faillace/Cristian de la Fuentes agrees to hold confidential or proprietary information or trade secrets ("confidential information") in trust and confidence and agrees that it shall be used only for the contemplated purposes, shall not be used for any other purpose, or disclosed to any third party.

2. No copies will be made or retained of any written information or prototypes supplied without the permission of Chadeaux Productions Inc

3. At the conclusion of any discussions, negotiations and/or upon demand by Chadeaux Productions/EventFilm, all confidential information, including Scripted Materials, written notes, photographs, sketches, models, memoranda or notes taken shall be returned forthwith to Chadeaux Productions Inc. within (7) days of the demand for return of said Documents.

4. Confidential information shall not be disclosed to any employee, consultant or third party unless they agree to execute and be bound by the terms of this Agreement, and have been approved by Chadeaux Productions Inc.

5. This Agreement and its validity, construction and effect shall be governed by the laws of the United States of America.

AGREED AND ACCEPTED BY:

Date: 8/9/18

TALENT:

REPRESENTATIVE:

RECEIVED

2021 AUG 20 P 3: 14

SUSAN Y SOONG
CLERK, US DISTRICT COURT
NO. DIST. OF CA.