# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LATIFA YASMINE FOSTER**,<br><br>Plaintiff,<br><br>vs.<br><br>**LUIS BALAGUER, ET AL.**<br><br>Defendants. | Case No.: 21-6504-YGR<br><br>**ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60 FOR RELIEF FROM ORDER OF DISMISSAL**<br><br>Dkt. Nos. 13 and 18 |

By way of background, on January 20, 2022, the Court issued an Order Dismissing Case for Failure to Prosecute. (*See* Dkt. No. 12, "Order of Dismissal".) Approximately two and a half months later, on April 8, 2022, *pro se* plaintiff Latifa Foster filed a motion to set aside the judgment of dismissal and to revive plaintiff's request for leave to proceed *in forma pauperis* under California law. (*See* Dkt. No. 13.) While pending, on April 25, 2022, plaintiff filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60(b). Plaintiff explained that the latest motion was filed because the motion under California law was filed in error. (*See* Dkt. No. 18.) The Court now addresses the pending motion to vacate judgment which it treats as a motion for relief from the Order of Dismissal under Federal Rule of Civil Procedure 60(b).

Having reviewed the motion and briefing, the prior briefing, the Court's prior orders, and the operative complaint, the motion for relief is **DENIED**.

Federal Rule of Civil Procedure 60 permits the Court to relieve a party from a final judgment, order, or proceeding. Under Federal Rule of Civil Procedure 60(b):

> [T]he court may relieve a party or its legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, within reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

> judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff's motion indicates that it is being brought now because of excusable neglect and/or newly discovered evidence. (*See* Dkt. No. 18.)

For purposes of Rule 60(b), excusable neglect is understood to "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394 (1993). Congress intended to empower the courts to accept late filings where the cause is inadvertence, mistake, carelessness, or intervening circumstances beyond the party's control. *Pioneer*, 507 U.S. at 388. Applied to *pro se* litigants, Rule 60(b) does not generally excuse them from following court rules. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997). However, if the mistake or failure to respond is from a communication issue, and not from a failure to read and follow rules, a court is permitted to find their actions negligent, and therefore within the range of mistakes contemplated by Rule 60(b)(1). *Briones*, 116 F.3d at 382.

Here, plaintiff avers that the failure to respond to the Court's previous order directing plaintiff to file a declaration explaining her financial situation in support of her application to proceed *in forma pauperis* is due to plaintiff not having access to the Court's ECF system and not having received a copy of the Court's previous order. The Court's records indicate that the Court mailed plaintiff, via First Class Mail, the Court's order requiring plaintiff to file a declaration explaining her financial situation, as well as the Court's previous order to show cause and subsequent order of dismissal. (*See* Dkt. Nos. 6, 11-12.) No mail was returned to the Court as undeliverable. Thus, the issue of a lack of ECF access is not relevant.

Nor does the issue seem credible. Plaintiff's exhibits establish that plaintiff gained ECF access on September 11, 2021. (*See* Dkt. No. 18-1, Ex. 2.) The case was not dismissed until January 20, 2022, nearly two months after plaintiff already gained ECF access. During this time, the Court continued to mail plaintiff copies of the Court's orders, and the clerk's office remained open for in-person filings. Thus, plaintiff had different ways to file, and receive, court documents.

Moreover, this is not the first time that plaintiff failed to comply with the courts' orders. At the outset of this case, she failed to comply with an order by the magistrate judge and the action was almost dismissed for lack of prosecution. (*See* Dkt No. 8.) While the Court could have accepted the magistrate judge's recommendation to dismiss for failure to prosecute back in September 2021, the Court denied the recommendation and gave plaintiff another chance to respond. (*See* Dkt. No. 11). Unfortunately, plaintiff did not timely comply with the Court's order. Despite the multiple opportunities provided, the law requires a measure of finality. That finality occurred back in January.

Given the foregoing, plaintiff's motion to vacate is **DENIED.** Plaintiff's related motion to set aside the judgment at Dkt. No. 13 is also **DENIED.** Plaintiff is advised that the Court will not entertain any further requests in this case.

This order terminates Docket Nos. 13 and 18.

**IT IS SO ORDERED**.

Dated: August 22, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**